UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>                    Defendants. | Case No. 3:12-cv-2164-GPC-JMA<br><br>**ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION OF ORDER APPROVING RECEIVER'S SEVENTH INTERIM REPORT**<br><br>**(ECF NO. 560)** |

On February 25, 2014, this Court issued its Order Approving the Receiver's Seventh Interim Report ("Approval Order"). (ECF No. 549.) Among other things, the Court ordered that:

1. Western's land parcels, as identified in Exhibit D to the Receiver's Seventh Interim Report, shall be listed for sale with a licensed broker. If and when reasonable offers are made on the parcels, the Receiver shall seek approval of such sales via a noticed motion.

2. Schooler is reminded that he is prohibited from interfering, directly or indirectly, with the Receiver's performance of his duties. The Court notes that the letter Schooler apparently sent to investors, attached as Exhibit C to the Receiver's Seventh Interim Report, demonstrates, in the Court's view, an effort by Schooler to guide and influence the actions and perceptions of investors in these proceedings. These apparent efforts weigh against a finding of investor independence and in favor of a finding that investors have relied, and continue to rely, on Schooler to make decisions

regarding their investments.

(Id. at 1-2.)

On March 24, 2014, Schooler filed a motion for reconsideration of the Approval Order, (ECF No. 560), which has been fully briefed, (ECF No. 577, 578, 585). In his Motion for Reconsideration, Schooler contends the Approval Order: (1) permanently deprives Western of its property interests without due process, and (2) violates Schooler's First Amendment rights to free speech and association by prohibiting communications "with his fellow investors." (ECF No. 560.)

District courts have the discretion to reconsider interlocutory rulings until a final judgment is entered. Fed. R. Civ. P. 54(b); United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000). While the Federal Rules of Civil Procedure do not set forth a standard for reconsidering interlocutory rulings, the "law of the case" doctrine and public policy dictate that the efficient operation of the judicial system requires the avoidance of re-arguing questions that have already been decided. See Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989).

As such, most courts adhere to a fairly narrow standard by which to reconsider their interlocutory rulings. This standard requires that the party show: (1) an intervening change in the law; (2) additional evidence that was not previously available; or (3) that the prior decision was based on clear error or would work manifest injustice. Id.; Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009); Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "'A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome.'" FTC v. Neovi, Inc., 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009)

(quoting Devinsky v. Kingsford, 2008 WL 2704338, at *2 (S.D.N.Y. July 10, 2008)).

In addition to these substantive standards, Civil Local Rule 7.1.i.1 requires a party moving for reconsideration to submit an affidavit or certified statement of an attorney

> setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

Rule 7.1.i.2 provides that "any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

Here, Schooler has not provided the affidavit or certified statement required by Civil Local Rule 7.1.i.1. This is a sufficient basis on which to deny Schooler's Motion for Reconsideration. See Neovi, Inc., 2009 WL 56130, at *2.

Still, considering the merits of Schooler's arguments, the Court finds no basis for granting the "extraordinary remedy" of reconsideration. Schooler does not assert that new facts exist or that a change in controlling law occurred. Rather, Schooler asserts the Approval Order was clearly erroneous and would work a manifest injustice. The Court disagrees.

Schooler argues Western's due process rights are being infringed because the Approval Order requires Western's assets to be sold without notice and a hearing. (ECF No. 560-1 at 8.) The Approval Order, however, makes clear that, "[i]f and when reasonable offers are made on [Western's] parcels, the Receiver shall seek approval of such sales via a noticed motion." [ECF No. 549 at 1 (emphasis added).]

Schooler further argues the Approval Order infringes his own First Amendment rights, in that the Approval Order operates as a prior restraint on Schooler's rights of free speech and association. (ECF No. 560-1 at 11.) The Court rejects this argument, as the Approval Order merely reminded Schooler of his obligations under the Court's

March 13, 2013 Preliminary Injunction Order and Order Appointing Thomas C. Hebrank Permanent Receiver. (See ECF No. 174 at 8.) And to the extent that Schooler is seeking reconsideration of the March 13, 2013 Order on First Amendment grounds, such a challenge is untimely, as Schooler was certainly aware of the March 13, 2013 Order's anti-interference provision since that order was issued more than a year before Schooler filed the instant Motion for Reconsideration. See CivLR 7.1.i.2.

Schooler cites his concern of being haled into Court upon allegations by the Receiver that Schooler is violating the anti-interference provision of the March 13, 2013 Order. Though, if Schooler were ever to be held in contempt for violating the anti-interference provision, it would only be upon a showing of clear and convincing evidence that he had indeed violated said provision. See United States v. Ayres, 166 F.3d 991, 994-95 (9th Cir. 1999).

In short, the arguments Schooler raises in his Motion for Reconsideration are based on speculation. The Approval Order caused no deprivation of Western's property interests without due process, nor did it cause any prior restraint on Schooler's rights of free speech and association.

For the foregoing reasons, Schooler's Motion for Reconsideration, (ECF No. 560), is **DENIED**. The hearing on the Motion, currently set for June 13, 2014, is **VACATED**.

DATED: June 4, 2014

HON. GONZALO P. CURIEL
United States District Judge