1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 | SECURITIES AND EXCHANGE | ) | Case No. 3:12-cv-2164-GPC-JMA
   | COMMISSION, | ) |
12 | | ) | **ORDER:**
13 | | ) | **(1) GRANTING RECEIVER'S**
   | | ) | **FIFTH FEE APPLICATION, (ECF**
14 | Plaintiff, | ) | **NO. 525);**
15 | | ) | **(2) GRANTING ALLEN**
   | | ) | **MATKINS' FIFTH FEE**
16 | | ) | **APPLICATION, (ECF NO. 526);**
17 | v. | ) | **(3) GRANTING RECEIVER'S**
   | | ) | **SIXTH FEE APPLICATION, (ECF**
18 | | ) | **NO. 566);**
19 | LOUIS V. SCHOOLER and FIRST | ) | **(4) GRANTING ALLEN**
   | FINANCIAL PLANNING | ) | **MATKINS' SIXTH FEE**
20 | CORPORATION, dba Western | ) | **APPLICATION, (ECF NO. 567);**
   | Financial Planning Corporation, | ) |
21 | | ) | **(5) GRANTING DUFFY'S**
   | | ) | **SECOND FEE APPLICATION,**
22 | Defendants. | ) | **(ECF NO. 568)**
23 | | ) |

24                    **INTRODUCTION**

25      Presently before the Court in this SEC enforcement action are the following

26 interim fee applications filed by the court-appointed receiver in this matter and his

27 professionals:

28      1.    Fifth Interim Application for Approval and Payment of Fees and Costs to

Thomas C. Hebrank, as Receiver ("Receiver's Fifth Fee Application"). (ECF No. 525.)   Defendants have opposed the Receiver's Fifth Fee Application, (ECF No. 537), and the Receiver has filed a reply, (ECF No. 546).

2.   Fifth Interim Fee Application of Allen Matkins Leck Gamble Mallory & Natsis LLP, Counsel to Receiver ("Allen Matkins' Fifth Fee Application"). (ECF No. 526.) Defendants have opposed Allen Matkins' Fifth Fee Application, (ECF No. 537), and the Receiver has filed a reply, (ECF No. 546).

3.   Sixth Interim Application for Approval and Payment of Fees and Costs to Thomas C. Hebrank, as Receiver ("Receiver's Sixth Fee Application"). (ECF No. 566.)   Defendants have opposed the Receiver's Sixth Fee Application, (ECF No. 609), and the Receiver has filed a reply, (ECF No. 625).

4.   Sixth Interim Fee Application of Allen Matkins Leck Gamble Mallory & Natsis LLP, Counsel to Receiver ("Allen Matkins' Sixth Fee Application). (ECF No. 567.)   Defendants have opposed the Receiver's Sixth Fee Application, (ECF No. 609), and the Receiver has filed a reply, (ECF No. 625).

5.   Second Interim Application for Approval and Payment of Fees and Costs to Duffy, Kruspodin & Company, LLP, as Tax Accountants for Receiver ("Duffy's Second Fee Application").  (ECF No. 568.)

The SEC has indicated to the Receiver that it does not oppose any of the foregoing applications.  The Court has considered the foregoing applications and all related briefing.  The Court finds the foregoing applications suitable for disposition without oral argument.  See CivLR 7.1.d.1.

## **BACKGROUND**

In his Fifth and Sixth Fee Applications, the Receiver asserts he has incurred a

total of $172,037.80 in fees for work done in the following categories:

| Category | 5th App. | 6th App. | Total |
|---|---|---|---|
| General Receivership | $20,049.75 | $10,629.75 | $30,679.50 |
| Asset Investigation & Recovery | $53,208.70 | $17,066.25 | $70,274.95 |
| Reporting | $2,079.00 | $4,892.85 | $6,971.85 |
| Operations & Asset Sales | $26,991.00 | $31,675.50 | $58,666.50 |
| Claims & Distributions | $0.00 | $0.00 | $0.00 |
| Legal Matters & Pending Litigation | $3,687.75 | $1,757.25 | $5,445.00 |
| **Total** | $106,016.20 | $66,021.60 | $172,037.80 |

While the Receiver incurred $172,037.80 in fees, he now seeks only 80% of those fees, i.e., $137,630.24. The Receiver's Fifth Fee Application covers the period July 1, 2013, through September 30, 2013. The Receiver's Sixth Fee Application covers the period October 1, 2013, through December 31, 2013. The Receiver reserves the right to seek any un-awarded fees in his final fee application. The Receiver also seeks costs in the total amount of $1,348.84 ($1,014.91 in Fifth Fee Application plus $333.93 in Sixth Fee Application), which covers expenses for website additions, copies, and postage/mailing.

Allen Matkins asserts it incurred $132,878.70 in fees for work done in the following categories:

| Category | 5th App. | 6th App. | Total |
|---|---|---|---|
| General Receivership | $27,630.90 | $8,947.35 | $36,578.25 |
| Asset Investigation | $178.20 | $356.40 | $534.60 |
| Reporting | $14,063.85 | $8,498.70 | $22,562.55 |
| Operations & Asset Sales | $9,177.30 | $15,547.50 | $24,724.80 |
| Claims & Distributions | $1,603.80 | $757.35 | $2,361.15 |
| Third Party Recoveries | $11,297.25 | $18,737.55 | $30,034.80 |
| Pending Litigation | $3,073.95 | $490.05 | $3,564.00 |
| Employment/Fees | $6,682.50 | $5,836.05 | $12,518.55 |
| **Total** | $73,707.75 | $59,170.95 | $132,878.70 |

3:12-cv-2164-GPC-JMA

While Allen Matkins incurred $132,878.70, it now seeks only 80% of those fees, i.e., $106,302.96.  Allen Matkins' Fifth and Sixth Fee Applications cover the same periods noted above.  Allen Matkins' reserves the right to seek any un-awarded fees in its final fee application.  Allen Matkins also seeks costs in the total amount of $1,789.58 ($1,511.50 in Fifth Fee Application plus $278.08 in Sixth Fee Application), which covers expenses for document editing and copying, filing fees, service fees, audio-conferencing fees, PACER fees, shipping, and postage.

Duffy, the tax accounting firm retained by the Receiver for work on behalf of Western and related entities, seeks $23,844.04 in fees for General Engagement Services ($2,790.00), Preparation of 2012 Income Tax Returns ($16,583.29), and Representation for 2010 IRS Audit ($4,470.75).  Duffy's Second Fee Application covers the application period January 1, 2013, through December 21, 2013.

## DISCUSSION

### I.    Legal Standard

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to fair compensation for his efforts."  SEC v. Elliott, 953 F.2d 1560, 1577 (11th Cir.1992).  "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys."  Drilling & Exploration Corp. v. Webster, 69 F.2d 416, 418 (9th Cir. 1934).  A receiver's fees must be reasonable.  See In re San Vicente Med. Partners Ltd., 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, the Court will assess the reasonableness of the requested fees using the factors enumerated in  SEC v. Fifth Avenue Coach Lines, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973), and In re Alpha Telcom, Inc., 2006 WL 3085616, at *2-3 (D. Or. Oct. 27, 2006). Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4)

the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence.

**II.   Analysis**

In opposition to the Receiver's and Allen Matkins' Fifth and Sixth Fee Applications, Defendants argue the Receiver should be required to certify to the Court that payments on loans secured by the GP properties are current before the Court approves any portion of the Receiver's and Allen Matkins' instant fee requests.  The Court has previously considered and rejected this argument.  In any event, since December 2013, all loan payments are current.

Defendants also argue the Receiver's and Allen Matkins' instant fee requests are unreasonable because: (1) "[t]here is not great complexity of problems faced, and the benefit to the receivership estate is nonexistent"; (2) "the Receiver's continued existence is highly detrimental"; and (3) "the Receiver's work 'merits an incomplete grade.'"

Defendants do not oppose Duffy's Second Fee Application, and the SEC does not oppose any of the instant fee applications.

**A.   Complexity of Tasks**

The Court finds the tasks the Receiver performed during the Fifth and Sixth Fee Application periods were somewhat complex.  The Receiver undertook the following tasks:

- reviewing entity financial statements and accountings;
- analyzing assets and liabilities, including entity receivables and payables, investments, and related party transactions;
- securing receivership assets, including recovery of the LinMar entities' receivables and other assets;
- finalizing a forensic accounting review to determine the sources and use of funds for the Receivership Entities (including review of approximately 10,000 deposits totaling $249 million, almost 16,000 disbursements from

576 bank statements totaling over $253 million, and 300 transfers between Western bank accounts totaling $124 million);

- preparing interim reports to the Court;
- managing and overseeing the GPs' operations and real estate properties;
- managing and overseeing Western's business;
- performing accounting functions of the Receivership Entities, including paying expenses, clearing checks, and ACH entries;
- managing and overseeing tax reporting for all Receivership Entities;
- managing and overseeing pending litigation involving the Receivership Entities;
- participating in meetings and conferences with the SEC and legal counsel;
- handling general administrative matters, including reviewing mail, emails, and other correspondence;
- administering bank accounts;
- maintaining and updating the Receiver's website with case information and documents; and
- relocating Western's operations and establishing a new work place for the remaining Western employee.

The Court finds the tasks that Allen Matkins performed during the Fifth and Sixth Fee Application periods to be moderately complex. Allen Matkins undertook the following tasks:

- assisting the Receiver in preparing sur-reply to Defendants' May 29, 2013 Motion to Modify the Preliminary Injunction Order;
- preparing and attending the July 26, 2013 hearing on Defendants' May 29, 2013 Motion to Modify the Preliminary Injunction Order;
- assisting the Receiver in preparing the information packed ordered by the Court on August 16, 2013;
- assisting the Receiver in responding to Defendants' August 28, 2013

6

Motion for Partial Reconsideration;

- assisting the Receiver in analyzing issues related to Defendants' September 26, 2013 Motion for Stay;

- communicating with the Receiver regarding a storage unit maintained by Western;

- assisting the Receiver in preparing his June 20, 2013 Valuation Report and in preparing a response to Defendants' opposition to the Valuation Report;

- assisting the Receiver in preparing interim reports to the Court;

- assisting the Receiver in preparing Part Two of his Forensic Accounting Report;

- assisting the Receiver by preparing and filing his July 23, 2013 Ex Parte Motion for Authority to (A) Sell Office Furniture and Equipment and (B) Establish a New Work Place;

- communicating with Defendants' counsel regarding the status of GP mortgage payments, the anticipated release of the GPs from the receivership, the relocation of the partnership administrators, access to electronic data relating to GP operations, and the auction of office furniture and equipment;

- preparing a document retention policy for Western;

- communicating with investors and their counsel, both directly and via the receivership website, regarding the receivership, claims, distributions, and related issues;

- pursuing claims against the LinMar Borrowers on Western's behalf, including preparing and filing complaints against three entities, engaging in settlement discussions, and advising the Receiver on potential professional liability claims against Western's pre-receivership counsel;

- assisting the Receiver in preparing status reports in the several pending

lawsuits and FINRA arbitrations of which some Receivership Entities are parties; and

- responding to Defendants' objections to previous fee applications.

As to the complexity of the tasks performed by the Receiver's accountant, Duffy, the Court finds its tasks were moderately complex. Duffy undertook the following activities:

- communicating and meeting with Receiver about establishing the engagement for services, timing, status, and special circumstances;
- processing the initial receipt of books and records;
- formatting and organizing files with current year data;
- verifying cash receipts and disbursements and scanning detail for reporting accuracy and consistency;
- checking balance sheet account balances for assets, loan receivables, and loan payables for variances compared to prior year;
- verifying and reconciling 'investment in' accounts;
- preparing the 263A calculation with reconciling spreadsheets;
- reviewing input sheets of information entered into Lacerte;
- manager level reviews;
- partner level reviews;
- finalizing, printing, and electronically filing tax returns and accompanying letters and schedules; and
- representing receivership entity Real Asset Locators, Inc.'s in IRS audit of 2010 tax return.

The Court has reviewed the time sheets filed in support of the instant fee applications and finds that, at this time, the tasks were necessary and not over-billed.

**B.     Fair Value of Time, Labor, & Skill**

The Receiver billed his time at $247.50 per hour and the time of those working for him at $157.50 - $211.50 per hour. Allen Matkins billed its time at $297 - $616.50

per hour, with most of the work being billed at $445.50 per hour. The Receiver's accounting firm, Duffy, billed its time at $36.00 - $337.50 per hour, with most of the work being billed at $337.50 per hour.  These rates reflect a ten percent discount from the Receiver's, Allen Matkins', and Duffy's ordinary rates.

The Court continues to find, as it has in previous fee orders, that the rates charged by the Receiver, Allen Matkins, and Duffy are comparable to rates charged in this geographic area and therefore represent a fair value of the time, labor, & skill provided.

### C.    Quality of Work Performed

The Court finds the quality of work performed by the Receiver and his counsel to be above average.  The Receiver and his professionals continue to keep the Receivership Entities afloat, which—for Western—is a challenging task given that its main source of income (i.e., selling GP interests) has ceased since implementation of the action.  Without assistance from Defendants, the Receiver and his professionals have ultimately been able to meet Western's many obligations, including payments on the loans secured by GP properties.  This benefits the entire receivership estate.  Moreover, the Receiver and his counsel have complied with the Court's orders and have made every effort to protect investors' interests in the GP properties during the pendency of this litigation.

The Court finds the quality of work performed by Duffy to be satisfactory.  The Court has received no complaint that Duffy's tax preparation activities were deficient in anyway.

### D.    Receivership Estate's Ability to Bear Burden of Fees

Given the Receiver's assurance that approved fees and costs will be paid from Western's assets above and beyond cash necessary to make payments on loans secured by GP properties, the Receiver's acknowledgment that approved fees and costs may have to be paid in installments as funds become available, and the Receiver's efforts to collect on Western's receivables, the Court finds the receivership estate has

sufficient ability to bear the instant fee requests.

**E.   Commission's Opposition or Acquiescence**

The Court accepts the Receiver's representations that the SEC does not oppose any of the instant fee applications.

Considering the above five factors together, and considering that "[i]nterim fees are generally allowed at less than the full amount," <u>Alpha Telcom</u>, 2006 WL 3085616, at *2-3, the Court awards fees and costs as set forth in the following table:

| Applicant | Fees Allowed | % of Fees Incurred[1] | Costs Allowed | % of Costs Incurred |
|---|---|---|---|---|
| Receiver | $137,630.24 | 80% | $1,348.84 | 100 % |
| Allen Matkins | $106,302.96 | 80 % | $1,789.58 | 100 % |
| Duffy | $23,844.04 | 100% | n/a | n/a |

## <u>CONCLUSION AND ORDER</u>

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.   The Receiver's Fifth Fee Application, (ECF No. 525), is **GRANTED**;

2.   Allen Matkins' Fifth Fee Application, (ECF No. 526), is **GRANTED**;

3.   The Receiver's Sixth Fee Application, (ECF No. 566), is **GRANTED**;

4.   Allen Matkins' Sixth Fee Application, (ECF No. 567), is **GRANTED**;

5.   Duffy's Second Fee Application, (ECF No. 568), is **GRANTED**; and

6.   The awarded fees shall be paid from Western's assets above and beyond cash necessary to make payments on loans secured by GP properties.

DATED: August 4, 2014

HON. GONZALO P. CURIEL
United States District Judge

---

[1] The Court includes the percentage of fees <u>incurred</u> rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees.