# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 3:12-cv-2164-GPC-JMA<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR MODIFICATION OF PRELIMINARY INJUNCTION**<br><br>**[ECF No. 661]** |

## I. INTRODUCTION

Before the Court is Defendants Louis V. Schooler and First Financial Planning Corporation ("Defendants") Motion for Modification of Preliminary Injunction. (ECF No. 661.) Thomas C. Hebrank (the "Receiver") opposes the motion. (ECF No. 768.) Defendants replied to the Receiver's opposition. (ECF No. 781.)

The parties have fully briefed the motion. (ECF Nos. 661, 768, 781.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court **DENIES** Defendants' Motion for Modification of Preliminary Injunction.

//

## II. BACKGROUND

On September 6, 2012, the Court appointed the Receiver as temporary receiver over approximately 86 General Partnerships ("GPs"). (ECF No. 10.) On March 13, 2013, the Court appointed the Receiver as permanent receiver over the GPs. (ECF No. 174.) On August 16, 2013, the Court issued an Order Granting in Part and Denying in Part Defendants' Motion to Modify Preliminary Injunction Order (the "Modification Order:) (ECF No. 470.) The Modification Order provided, among other things, that the GPs would be released from the receivership upon the satisfaction of certain conditions. (Id. at 25–27.) Defendants and the SEC each appealed the Modification Order. (ECF Nos. 499, 514.) Thereafter, on July 22, 2014, the Court reconsidered the Modification Order, directed that the GPs remain in the receivership pending an investors' hearing, and provided the GPs the right to file briefs stating their respective positions (the "Reconsideration Order"). (ECF No. 629.)

After the Reconsideration Order, the Receiver added the following language to his website:

> JULY 18, 2014 COURT HEARING:  What did the Court decide at the July 18, 2014 hearing?
>
> The Court's Order is posted below (see Order on Reconsideration of Releasing the GPs from the Receivership) and should be read carefully. To briefly summarize, the Court determined the General Partnerships should remain in the receivership, but they should have an opportunity to state their views before the Court's August 16, 2013 order is officially changed. Accordingly, the Court set a hearing for October 10, 2014 at 1:30 p.m. and has allowed each General Partnership to file a single statement, not to exceed 15 pages, no later than September 12, 2014. The statement (or brief) should indicate whether the Partnership wants to be heard in open court at the October 10, 2014 hearing. If an investor disagrees with the statement of his or her GP, the points of disagreement must be included in a separate section of the statement, in which case the statement may not exceed 20 pages. All statements must include an attachment that lists the names of the individual investors that have signed on to the statement. Each General Partnership that wishes to be heard at the October 10, 2014 hearing will be given 15 minutes to address the Court.
>
> I recently received a ballot circulated by the Partnership Administrators. Was this ordered by the Court?
>
> No, the ballots were not approved or authorized by the Court, nor were the issues the ballots ask investors to vote on approved or authorized by

1  the Court.

2  After the July 18th hearing, a small group of investors held an informal meeting and created a committee that appears to be responsible for generating this ballot, according to correspondence provided by some investors. The Partnership Administrators then circulated these ballots to investors by e-mail without the Receiver's prior knowledge or input. It has been represented to the Receiver that an investor from each of the 84 active General Partnerships requested the ballot be circulated. We additionally understand that these ballots only went out to investors that had email addresses available. The ballot also asks investors to approve assessing each of the approximately 9,000 investor interests for the 84 General Partnerships (there are 3,400 investors, but many hold interests in more than one partnership) $30 each for retaining legal services. The assessment of legal fees has not been authorized by the Court, and the Receiver is not requesting that the investors pay these amounts.

Thomas C. Hebrank, *SEC v. Louis V. School and First Financial Planning Corp d/b/a Western Financial Planning Corp*, http://www.ethreeadvisors.com/cases/sec-v-louis-v-schooler-and-first-financial-planning-corp-dba-western-financial-planning-corp/.

On September 2, 2014, Defendants filed this motion for modification of the preliminary injunction. (ECF No. 661.) On September 19, 2014, the Receiver filed an opposition. (ECF No. 768.) On September 26, 2014, Defendants filed a reply to the Receiver's opposition. (ECF No. 781.) The initial hearing date on this motion was set for December 19, 2014. (See ECF No. 661) The Court reset the hearing date to October 3, 2014. (ECF No. 662.)

### III. DISCUSSION

The Court has broad discretion "to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership." Sec. and Exch. Comm'n v. Hardy, 803 F.2d 1034, 1037 (9th Cir. 1986.)

**A. GP Brief Voting**

Defendants' motion asks the Court to order the Receiver to change information that appears on the Receiver's website, http://www.ethreeadvisors.com, that relates to the briefs that the Court allowed the GPs to file in response to the Reconsideration

1  Order. (ECF No. 661-1, at 14.)[1] While Defendants' motion states that the proposed
2  replacement language "must be immediately posted" and that the Court should
3  "immediately" order the Receiver to change the language on the website, Defendants
4  did not object to the original hearing date and did not make any indication to the Court
5  that their motion contained any urgency. (See ECF No. 661-1, at 14–15.)

6  The deadline for the GPs to submit their briefs was September 12, 2014. (ECF
7  No. 629, at 8.) Defendants' motion was filed on September 2, 2014 and the Receiver's
8  opposition was filed on September 19, 2014. (ECF Nos. 661, 768.) As the language
9  that Defendants wish to change on the Receiver's website relates to the briefs, and the
10 deadline to file briefs has already passed, Defendants' motion is moot as to the
11 language regarding the GPs' briefs.

**B. Future Voting**

13 Defendants further argue that Receiver should "be enjoined from further
14 manipulating, interfering with, deterring, misleading, or suppressing or refusing to
15 honor the investors' exercise of their powers under the GP partnership agreements to
16 initiate and conduct voting on matters affecting the GPs." (ECF No. 661-1, at 14.)
17 Defendants contend that the Receiver has already done this in two ways: (1) the
18 Receiver's language misleads the investors with regards to whether they can use a
19 balloting process to act, and (2) the Receiver's language points to a single
20 communication among many. (ECF No. 661-1, at 10, 13.) The Receiver argues that
21 Defendants' arguments are asserted on behalf of the GPs, which the Court has
22 previously found to be inappropriate (see ECF No. 511, at 8). (ECF No. 768, at 5.)
23 However, Defendants do have ownership interests in the GPs, (see ECF No. 781, at
24 2) and thus are making arguments on behalf of their own property interests and not on
25 behalf of the GPs as a whole.

26 In reviewing the Receiver's actions, the Court does not find that the Receiver has

---

28 [1] As ECF No. 661-1 does not contain page numbers, references to it refer to the page numbers contained in its CM/ECF document header.

done anything inappropriate that requires modifying the preliminary injunction. The Receiver has taken on the duties previously performed by Defendants, which the Court previously noted includes coordinating voting communication and collaboration among investors. (See ECF No.629, at 6.) While the Reconsideration Order allowed the GPs to brief the issue of remaining in the receivership, nothing in it prohibits the Receiver from responding to questions by GP investors who are confused by the communications they receive from other GP investors. (See ECF No. 629, at 7–9.) The Court also does not find that the Receiver's language is misleading. The Receiver first explains the Reconsideration Order and then clarifies that the actions taken by certain GP investors was done on their own accord and not specifically directed by the Court. The Receiver's language does not imply that the GPs cannot use a ballot to determine their majority position and does not interfere with the voting done by GP investors.

## IV. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' Motion for Modification of the Preliminary Injunction, (ECF No. 661), is **DENIED**.

DATED: October 27, 2014

HON. GONZALO P. CURIEL
United States District Judge