1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

SECURITIES AND EXCHANGE
COMMISSION,

11

Plaintiff,

12

v.

13

LOUIS V. SCHOOLER and FIRST
FINANCIAL PLANNING
CORPORATION, dba Western
Financial Planning Corporation,

14
15
16

Defendants.

CASE NO. 3:12-cv-2164-GPC-JMA

**ORDER DENYING DEFENDANTS'
MOTION FOR CERTIFICATION
FOR APPEAL BY PERMISSION**

**[ECF No. 643]**

17
18

**I. INTRODUCTION**

19        Before the Court is Defendants Louis V. Schooler ("Schooler") and First

20   Financial Planning Corporation d/b/a Western Financial Planning Corporation's

21   ("Western") (collectively, "Defendants") Motion for Certification for Appeal by

22   Permission. (ECF No. 643.) Plaintiff Securities and Exchange Commission (the "SEC")

23   opposed. (ECF No. 787.) Defendants replied to the SEC's opposition. (ECF No. 807.)

24        The parties have fully briefed the motion. (ECF Nos. 643, 787, 807.) The Court

25   finds the motion suitable for disposition without oral argument pursuant to Civil Local

26   Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable

27   law, the Court **DENIES** Defendants' motion for certification for appeal by permission.

28

## II. BACKGROUND

On January 24, 2014, Defendants filed a motion for partial summary judgment. (ECF No. 542.) On March 28, 2014, the SEC filed a motion for partial summary judgment. (ECF No. 563.) On April 25, 2014, the Court issued an order denying Defendants' motion and granting in part and denying in part the SEC's motion (the "Summary Judgment Order"). (ECF No. 583.) On May 23, 2014, Defendants filed a motion for partial reconsideration of the Summary Judgment Order. (ECF No. 592.) On July 30, 2014, the Court issued an order denying Defendants' motion (the "Reconsideration Order"). (ECF No. 634.)

On August 13, 2014, Defendants filed a motion for certification for appeal by permission. (ECF No. 643.) Defendants seek permission to appeal both the Summary Judgment Order and the Reconsideration Order. (ECF No. 643, at 1.) Specifically, Defendants seek to appeal the Court's application of the first *Williamson* factor. (*Id.* at 3); *see also Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981). On October 3, 2014, the SEC filed an opposition to Defendants' motion. (ECF No. 787.) On October 17, 2014, Defendants filed a reply to the SEC's opposition. (ECF No. 807.)

## III. LEGAL STANDARD

District courts may certify an issue for interlocutory appeal upon satisfaction of certain criteria. 28 U.S.C. § 1292(b). Those criteria are: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). The court should apply § 1292(b)'s requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Id.* "Even then, a court has substantial discretion in deciding whether to grant a party's motion for certification." *Zulewski v.*

*Hershey Co.*, No. 11-cv-5117-KAW, 2013 WL 1334159, at *1 (N.D. Cal. Mar. 29, 2013).

## IV. DISCUSSION

### A. Controlling Question of Law

A "controlling question of law" is one whose "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d at 1026. Defendants argue, and the SEC does not dispute, that the first *Williamson* factor is a controlling question of law. (*See* ECF No. 643, at 4.) The Court agrees. If the GPs were found not to be securities under the second and third *Williamson* factors, the resolution of the first *Williamson* factor would determine whether the GPs are, as a matter of law, securities. Accordingly, application of the first *Williamson* factor is a controlling question of law.

### B. Substantial Ground for Difference of Opinion

To determine whether there exists a "substantial ground for difference of opinion," the Court looks "to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The Court considers factors such as: (1) whether there is a circuit split and the Ninth Circuit has not addressed the issue; (2) whether there is a complicated question under foreign law; and (3) whether there is a difficult question of first impression. *Id.* (citation omitted). However, just because an issue is one of first impression does not necessarily mean that there is "substantial ground for difference of opinion." *Id.*

Defendants argue that there is "substantial ground for difference of opinion" as to whether, in assessing the first *Williamson* factor, the Court should consider: (1) the governing document's effective date; (2) an investment's application or subscription stage; (3) California partnership law; and (4) whether the investment vehicle was fully formed. (ECF No. 643, at 6–7.) Defendants further argue that the Summary Judgment Order is inconsistent with this Court's prior rulings. (*Id.* at 7.)

First, contrary to Defendants' assertion, the Summary Judgment Order is not

1   inconsistent with this Court's prior rulings. In deciding both the Preliminary Injunction
2   Order and the Order Denying Defendants' Motion to Dismiss, the Court was presented
3   with blank sample copies of the GP agreements that had not been filled out or executed.
4   (*See* ECF No. 44, at 9; ECF No. 212, at 6; *see also* ECF Nos. 14-1, 43-2, 43-3.) In
5   contrast, in deciding the Summary Judgment Motion, the Court was presented with
6   completed and executed copies of the GP agreements as well as evidence regarding the
7   circumstances surrounding the formation of the GPs. (*See* ECF No. 583, at 6; *see also*
8   ECF No. 563-3.) As a result of this additional evidence, it became clear that investors
9   did not have the right to exercise control of the GPs at the time that they invested with
10  the Defendants. Ultimately, the Court's prior rulings are not inconsistent because they
11  are based upon different facts or evidence.

12      Second, the Court finds that there is no "substantial ground for difference of
13  opinion" as to the application of the first *Williamson* factor. *See Couch*, 611 F.3d at
14  633. The first *Williamson* factor considers the "legal powers" that a partnership
15  agreement gives to investors. *See Holden v. Hagopian*, 978 F.2d 1115, 1119–20 (9th
16  Cir. 1992). Implicit in such analysis is the effective date and validity of the partnership
17  agreement as those issues govern whether investors have the practical ability to
18  exercise their legal powers. *See Koch v. Hankins*, 928 F.2d 1471, 1478 (9th Cir. 1991)
19  (citing *Hocking v. Dubois*, 885 F.2d 1449, 1460 (9th Cir. 1989)) ("[T]he question of
20  an investor's control over his investment is decided in terms of practical as well as
21  legal ability to control.") If a partnership agreement were invalid or not yet effective,
22  it would not afford an investor any legal powers until the effective date or until it
23  became valid. A partnership agreement that purports to give legal powers to investors,
24  but is not yet effective or is invalid, does not give any legal powers at the time of
25  investment. *See Holden, id.* at 1119 n.6 (noting that the focus of the first *Williamson*
26  factor is on the investor's expectations at the time of the original investment and not
27  on what occurs after the original investment).

28      Moreover, the issue of whether an investment contract is a security and whether

an investor is capable of exercising control is not limited to a rigid application of the *Williamson* factors. *See Hocking*, 885 F.2d at 1460 ("Of course, under different facts or legal arrangements other factors might give rise to such a dependence on the promoter or manager that exercise of control would be effectively precluded."); *Williamson*, 645 F.2d at 424 n.15 ("But this is not to say that other factors could not also give rise to such a dependence on the promoter or manager that the exercise of partnership powers would be effectively precluded."); *see also Sec. and Exch. Comm'n v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946) ("[15 U.S.C. § 77b(a)(1)'s inclusion of the term 'investment contract'] embodies a flexible rather than a static principle, one that is capable of adaptation to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits.")

Even if Defendants were correct that application of the first *Williamson* factor does not consider the events surrounding the formation of a general partnership, there is no "substantial ground for difference of opinion" as to whether, under *Howey*, the Court can consider evidence that does not fall within the *Williamson* factors. Ninth Circuit precedent, and even *Williamson* itself, make clear that determining whether an investment contract is a security depends on the facts of the present case and is not limited to a rigid application of the three *Williamson* factors. *See Koch*, 928 F.2d at 1475–76; *Hocking*, 885 F.2d at 1460; *Williamson*, 645 F.2d at 424 n.15; *see also Howey*, 328 U.S. at 299. Considering all the evidence that was before the Court in the Summary Judgment Order—including that investors invested money months if not years prior to their general partnership agreements becoming effective—there is no doubt that the investors were denied control at the time of the investment and the GPs constituted securities under *Howey*. Accordingly, the Court finds that there is no substantial ground for difference of opinion.

## C. Materially Advance the Litigation

Even if there were substantial ground for difference of opinion, § 1292(b) requires that an interlocutory appeal "may advance the ultimate termination of hte

litigation." *In re Cement Antitrust Litigation*, 673 F.2d at 1026. An interlocutory appeal would "advance the ultimate termination of the litigation" if it would avoid further litigation in this case. *See Davis v. Calvin*, No. 07-cv-1383-FCD-EFB, 2009 WL 981920, at *1 (E.D. Cal. Apr. 10, 2009). § 1292(b) is to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966). In contrast, an interlocutory appeal that "delay[s] resolution of th[e] litigation" would not materially advance the ultimate resolution of the litigation. *Shurance v. Planning Control Intern., Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988).

Defendants argue that a ruling on this issue by the Ninth Circuit would materially advance the litigation because it would avoid the possibility of a retrial. (ECF No. 643, at 9–10.) However, if Defendants' appeal were successful, the case would not be terminated. The parties would proceed to trial to decide whether the GPs are securities under *Williamson* and *Howey*. All that an interlocutory appeal does is delay the eventual trial of this case and creates the prospect of two separate appeals, one at this time and a second one after the eventual trial. Accordingly, the Court finds that interlocutory appeal would not materially advance the litigation.

As Defendants have not met the second and third criteria required by § 1292(b), the Court finds that there are no exceptional circumstances warranting interlocutory review.

## V. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion for Certification of Appeal by Permission, (ECF No. 643), is **DENIED**.

DATED:  November 5, 2014

HON. GONZALO P. CURIEL
United States District Judge