# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>　　　　　　　　　　Defendants. | CASE NO. 3:12-cv-2164-GPC-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART RECEIVER'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS FOR VIOLATION OF PRELIMINARY INJUNCTION ORDER;**<br><br>**(2) VACATING HEARING DATE**<br><br>**[ECF No. 833]** |

## I. INTRODUCTION

Before the Court is Receiver Thomas C. Hebrank's (the "Receiver") Motion for Civil Contempt and Sanctions for Violation of Preliminary Injunction Order. (ECF No. 833.) Defendants Louis V. Schooler ("Schooler") and First Financial Planning Corporation d/b/a Western Financial Planning Corporation ("Western") (collectively, "Defendants") oppose. (ECF No. 846.) The Receiver replied to Defendants' opposition. (ECF No. 847.)

The parties have fully briefed the motions. (ECF Nos. 833, 846, 847.) The Court finds the motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable

law, the Court GRANTS IN PART AND DENIES IN PART the Receiver's Motion for Civil Contempt and Sanctions for Violation of Preliminary Injunction Order

## II. BACKGROUND

On September 6, 2012, the Court appointed the Receiver as temporary receiver over Western and entities it controls. (ECF No. 10.) On March 13, 2013, the Court entered a preliminary injunction and appointed the Receiver as permanent receiver over Western and entities it controls (the "PI Order"). (ECF No. 174.) The PI Order states that the Receiver is:

> to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Western, its subsidiaries, or the entities listed on Schedule 1.

and that Defendants "shall forthwith give access to and control of such property to the permanent receiver." (*Id.*) The PI Order further states that:

> defendants Schooler and Western, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and the entities listed on Schedule 1 and Schedule 2, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner.

(*Id.*)

In September 2013, the Receiver agreed, on a temporary but ongoing basis, to move the server at Western's San Diego office to Defendants' Vista office. (ECF No. 833-1 ¶ 3.) On September 4, 2014, the Receiver sent Defendants a letter demanding immediate access to the server. (ECF No. 833-2, Ex. A.) Between September and October 2014, due to scheduling difficulties as well as non-Western data being on the

1 server, Defendants were unable to provide the Receiver with access to the server. (*Id.*
2 ¶¶ 3–16.)
3       On October 31, 2014, the Receiver filed a motion for civil contempt and
4 sanctions. (ECF No. 833.) On November 12, 2014, Defendants filed an opposition to
5 the Receiver's motion. (ECF No. 846.)

## III. LEGAL STANDARD

### A. Civil Contempt

      Federal Rule of Civil Procedure 70(e) allows the Court to find a party in contempt for failure to comply with a court order. F<small>ED</small>. R. C<small>IV</small>. P. 70. In the Ninth Circuit, the moving party has the initial burden to show "by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (citation and quotation marks omitted). Once the moving party has satisfied its burden, the "burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.* (citation and quotation marks omitted). Generally, a violation is found where a party fails "to take all reasonable steps within the party's power to comply" with a court order. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (citation and quotation marks omitted). However, good faith actions based on reasonable interpretations of a court order are a defense to civil contempt. *Id.* (citation and quotation marks omitted).

### B. Sanctions

      If a party has been found in civil contempt, the Court has discretion to impose sanctions. *United States v. United Mine Works of Am.*, 330 U.S. 258, 701 (1947). Sanctions may be compensatory, coercive, or both. *Id.* A compensatory sanction compensates the moving party for the contemptuous behavior. *Id.* A coercive sanction is imposed to coerce further obedience with court order. *Id.*

27 / /
28 / /

### III. DISCUSSION

**A. Civil Contempt**

The PI Order specifically gives the Receiver "full power over all . . . assets . . . and other property belonging to, being managed by or in possession of or control of Western, its subsidiaries, or the entities listed ." (ECF No. 174, at 3.) The PI Order further states that "defendant Western, its subsidiaries, and the entities listed on Schedule 1, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership shall forthwith give access to and control of such property to" the Receiver. (*Id.* at 6.) The Court finds that the terms of the PI Order are definite and specific. *See In re Bennett*, 298 F.3d at 1069.

The Receiver asserts that the server is Western's property that he allowed to be located at Defendants' current office. (*See* ECF No. 833-1 ¶ 3.) Though they refer to it merely as the "server," Defendants do not dispute that the server is Western's property and do acknowledge that it was previously located at Western's old offices. (*See* ECF No. 846, at 1.) Even if the server were not Western's property due to it containing non-Western files, the fact that it was located at Western's old office means that the server was at least in Western's control or possession. (*See* ECF No. 174, at 3.) Accordingly, the Court finds that the server was at least in Western's control or possession and thus the PI Order grants the Receiver full power over it. (*See id.*)

Defendants argue that some of the files on the server do not fall within the purview of the receivership because they belong to Schooler personally or to non-receivership entities. (ECF No. 846, at 1–2.) Defendants further argue that they have undertaken "immediate and timely steps" and recite a litany of matters that have kept them busy since the Receiver filed this motion. (*Id.* at 4–6.) Defendants' arguments fail to address the fact that they have been on notice for over two years that the Receiver has control of Western's property, including the server. (*See* ECF No. 174.) In all that

1  time prior to September of 2014, Defendants took no significant steps towards
2  extricating non-receivership files from the Western server. Merely because the
3  Receiver acceded to Defendants' request that the server be located at Defendants' Vista
4  office does not excuse Defendants' intransigence. Nor do more recent developments
5  and efforts by Defendants ameliorate the two years prior to the Receiver's motion in
6  which Defendants could have prepared the server that they knew was under the
7  Receiver's control and yet failed to do so. Accordingly, the Court GRANTS the
8  Receiver's motion for civil contempt and finds Defendants in contempt of the PI Order
9  due to their failure to give the Receiver access to the server.

10 **B. Sanctions**

11     The Receiver argues that he has been harmed in two ways: (1) any delay in the
12 Receiver gaining access increases the risk that the files on the server become corrupted,
13 and (2) having to bring this motion. (ECF No. 833, at 10–11.) Defendants argue that
14 the Receiver has not been harmed because he has the ability to access the server
15 remotely. (ECF No. 846, at 2–4.) The Court finds that sanctions are not appropriate at
16 this juncture. While Defendants have failed to comply with the Court's order, the
17 Receiver himself only requested the server in September 2014. While the Receiver
18 claims that there is a risk that the files on the server to become corrupted, it is unclear
19 to the Court why this risk necessitated waiting until September 2014 rather than
20 performing the backup and software change months if not years earlier. The Receiver
21 could have asked for the server at any time after the PI Order, when presumably the
22 risk that the files getting corrupted was the same as it is now, and yet he chose not to.
23 As the Receiver himself has contributed to the risk that the files become corrupted by
24 waiting months if not years to ask Defendants for the server, the Court finds that
25 sanctions are not warranted. Accordingly, the Court DENIES the Receiver's motion for
26 sanctions.

27                    **IV. CONCLUSION AND ORDER**
28     For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The Receiver's Motion for Civil Contempt and Sanctions for Violation of the Preliminary Injunction Order, (ECF No. 833), is **GRANTED** as to civil contempt and **DENIED** as to sanctions;
2. Defendants are ordered to remove non-Western files from the server, provide a log of the removed files, and make the server available to the Receiver on or before **December 5, 2014**; and
3. The hearing set for November 21, 2014, is **VACATED**.

DATED: November 20, 2014

HON. GONZALO P. CURIEL
United States District Judge