1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10   SECURITIES AND EXCHANGE          CASE NO. 3:12-cv-2164-GPC-JMA
     COMMISSION,
11                                     **ORDER:**
                          Plaintiff,
12                                     **(1) GRANTING RECEIVER'S
13                                     EIGHTH INTERIM FEE
                                       APPLICATION;**
14        v.
                                       **[ECF No. 818]**
15
                                       **(2) GRANTING ALLEN MATKINS'
16                                     EIGHTH INTERIM FEE
                                       APPLICATION;**
17
                                       **[ECF No. 819]**
18   LOUIS V. SCHOOLER and FIRST
     FINANCIAL PLANNING             **(3) GRANTING DUFFY'S THIRD
19   CORPORATION, dba Western       INTERIM FEE APPLICATION**
     Financial Planning Corporation,
20                                     **[ECF No. 820]**
                          Defendants.
21

22

23                         **I. INTRODUCTION**

24        Before the Court are three fee applications by the court-appointed receiver

25   Thomas C. Hebrank (the "Receiver"):

26        1.    Eighth Interim Application for Approval and Payment of Fees and Costs

27              to Thomas C. Hebrank, as Receiver ("Receiver's Eighth Interim Fee

28              Application"), (ECF No. 818);

2.     Eighth Interim Fee Application of Allen Matkins Leck Gamble Mallory & Natsis LLP, Counsel to Receiver ("Allen Matkins's Eighth Interim Fee Application"), (ECF No. 819); and

3.     Third Interim Application for Approval and Payment of Fees and Costs to Duffy Kruspodin & Company, LLP, as Tax Accountants for Receiver ("Duffy's Third Interim Fee Application"), (ECF No. 820).

Neither the Plaintiff Securities and Exchange Commission (the "SEC") nor Defendants have filed any response to the three fee applications with the Court.

## II. BACKGROUND

### A. Receiver

In his Eighth Fee Application, the Receiver asserts he has incurred a total of $57,719.25 in fees for work done in the following categories:

| Category | 8th App. |
|---|---|
| General Receivership | $12,028.50 |
| Asset Investigation & Recovery | $0.00 |
| Reporting | $3,204.00 |
| Operations & Asset Sales | $41,199.75 |
| Claims & Distributions | $0.00 |
| Legal Matters & Pending Litigation | $1,287 |
| **Total** | $57,719.25 |

(ECF No. 818, at 1–3.)

While the Receiver incurred $57,719.25 in fees, he now seeks only 80% of those fees, i.e., $46,175.40. (*Id.* at 1.) The Receiver's Eighth Fee Application covers the period April 1, 2014, through June 30, 2014. (*Id.*) The Receiver reserves the right to seek any un-awarded fees in his final fee application. The Receiver also seeks costs in the total amount of $887.12. (*Id.* at 3–4.) which covers expenses for website additions, copies, postage/mailing, and tax schedules.

### B. Allen Matkins

Allen Matkins asserts it incurred $47,171.70 in fees for work done in the

following categories:

| Category | 8th App. |
|---|---|
| General Receivership | $8,968.05 |
| Asset Investigation | $89.10 |
| Reporting | $3,430.35 |
| Operations & Asset Sales | $2,806.65 |
| Claims & Distributions | $1,692.90 |
| Third Party Recoveries | $29,026.35 |
| Pending Litigation | $445.50 |
| Employment/Fees | $712.80 |
| **Total** | $47,171.70 |

(ECF No. 819, at 1.)

While Allen Matkins incurred $47,171.70, it now seeks only 80% of those fees, i.e., $37,737.26. Allen Matkins' Eighth Fee Application covers the same period noted above. (*Id.*) Allen Matkins' reserves the right to seek any un-awarded fees in its final fee application. (*Id.* at 1 n.1) Allen Matkins also seeks costs in the total amount of $489.45, which covers expenses for document editing and copying, service fees, reprographics, PACER fees, shipping, and postage. (*Id.* at 6.)

**C. Duffy**

Duffy asserts it incurred $47,171.70 in fees for work done in the following categories:

| Category | 3rd App. |
|---|---|
| General Engagement Services | $3,324.38 |
| IT Consulting | $2,747.63 |
| Preparation of 2013 Form 1096 and 1099 Informational Returns and Preparation of 2013 Income Tax Returns | $86,782.88 |
| **Total** | $92,854.89 |

(ECF No. 820, at 2–7.)

Duffy seeks the entirety of the $92,854.89 in fees that it incurred. (*Id.* at 1.) Duffy's Third Fee Application covers the period December 1, 2013 through April 30, 2014. (*Id.*). (*Id.* at 1 n.1) Allen Matkins also seeks costs in the total amount of $72.83 per GP, i.e., $6,994.99, which covers e-file fees and specialized tax software. (*Id.* at 6.)

### III. LEGAL STANDARD

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to fair compensation for his efforts." *Sec. and Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). A receiver's fees must be reasonable. *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, (*see, e.g.*, ECF No. 640), the Court will assess the reasonableness of the requested fees using the factors enumerated in *Sec. and Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973), and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006). Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence. *See* 364 F. Supp. at 1222; 2006 WL 3085616, at *2–3.

### IV. DISCUSSION

**A. Complexity of Tasks**

The Court finds that the tasks performed by the Receiver were moderately complex. The Receiver undertook the following tasks:

- participating in meetings and conferences with the SEC's counsel and his

1        own counsel;

2       • handling administrative issues, including reviewing mail, email, and other
3         correspondence to Receivership Entities;

4       • administering the bank accounts of Receivership Entities;

5       • reviewing and approving expenditures;

6       • maintaining and updating the Receiver's website with case information
7         and documents;

8       • managing and overseeing the GPs' operations and real property;

9       • managing and overseeing Western's operations;

10      • performing accounting functions of Receivership Entities, including
11        paying expenses, clearing checks, and ACH entries;

12      • managing and overseeing tax reporting for Receivership Entities;

13      • managing and overseeing GP operational bills, loan payments, and cash
14        management, including preparing operational bills, analyzing GP loan
15        balances, projecting GP cash needs, initiating property tax appeals on GP
16        properties, and conducting investor votes for GPs with expired terms; and

17      • meeting with his counsel and preparing legal filings related to operation
18        of the receivership.

19 (ECF No. 818, at 2–3.)

20    The Court finds that the tasks performed by Allen Matkins during its respective
21 application period to be somewhat complex. Allen Matkins undertook the following
22 tasks:

23      • advising the Receiver on Defendants' appeal and the SEC's cross-appeal
24        of this Court's August 16, 2013 Order;

25      • advising the Receiver on discovery requests, responses, and deposition
26        notices issued by the SEC and Defendants;

27      • advising the Receiver on Defendants' motion for partial summary
28        judgment and the SEC's motion for partial summary judgment;

- advising the Receiver on the SEC's motion to defer consideration of the summary judgment orders;

- advising the Receiver on Defendants' motion for reconsideration of this Court's order approving the Receiver's Seventh Interim Report;

- advising the Receiver on this Court's April 25, 2014 Order granting the SEC partial summary judgment, including this Court's *sua sponte* reconsideration of its August 16, 2013 Order;

- advising the Receiver on briefs filed by the SEC and Defendants in response to the April 25, 2014 Order;

- advising the Receiver on Defendants' motion to remove Western from the receivership;

- advising the Receiver on the SEC's motion to the Ninth Circuit to hold appeals in abeyance due to this Court's *sua sponte* reconsideration of the August 16, 2013 Order;

- advising the Receiver on Defendants' motion for reconsideration of the April 25, 2014 Order;

- preparing a brief addressing issues raised in the April 25, 2014 Order and opposing Defendants' motion to remove Western from receivership;

- investigation of tenants living on the Stead property;

- preparing the Receiver's Eighth Interim Report;

- issuing letters and operational bills issued to investors;

- advising the Receiver on expiration of certain GP terms and voting/balloting for the same;

- advising the Receiver on the Partnership Administrators' performance of their duties;

- advising the Receiver on the leases with tenants on the Stead property;

- advising the Receiver on the proposed broker listing obtained by investor Nancy Kemper;

- • assisting the Receiver in communicating with investors, creditors, and their counsel;
- • assisting the Receiver with the three cases against the LinMar Borrowers;
- • advising the Receiver on litigation pending against Western; and
- • assisting in the preparation of the Seventh and Sixth Interim Fee Applications.

(ECF No. 819, at 2–6.)

The Court finds that the tasks performed by Duffy to be moderately complex. Duffy undertook the following tasks:

- • communicating with the Receiver and Western to establish engagement and agree upon procedures, deadlines, and other circumstances;
- • discussing the tax reporting treatment of the sale of partnership units and related calculations;
- • installing the 2013 ProSystem fx software on Duffy's server;
- • troubleshooting issues with the 2012.0400 software update release to facilitate data proforma from 2012;
- • working with ProSystem fx support regarding download of release necessary to commence tax return preparation and necessary data transfer;
- • setting up secure access to site for backup of all clients in tax software, including upload to an FTP site;
- • providing Western's IT with software and perm key needed to install software on the Western server and run their data input for the 2013 tax returns;
- • calculating total Form 1099 costs to be reported based on Western's report, including the persons that needed to be issued a 1099 and corresponding amounts;
- • verifying accounting fees in comparison the Western's records for 1099 reporting;

- • inputting the 2013 Form 1099 amounts and verifying all other informational data included on the form,, such as names, addresses, and ID numbers for Receivership Entities;
- • drafting letters to receivership entities with instructions for filing the forms;
- • assembling the 1099 packet, including copies for the IRS (Form 1096), a copy for the Receivership Entities' records, and copies for each of the recipients;
- • processing the initial receipt of the receivership entities' books and records and electronic file backup for ProSystem fx;
- • formatting and organizing the receivership entities files with the current year data;
- • verifying cash receipts and disbursements for the year and scanning detail for reporting accuracy and consistency;
- • reviewing the bank reconciliation to the bank statement;
- • checking balance sheet account balances for assets, loan receivables, and loan payables for variances compared to prior year and verifying correct application of accounting rules in case of any differences;
- • verifying and reconciling "investment in" accounts to the related LLC books for receivership entities with structures that included single member LLCs;
- • reviewing the 2013 capital contributions recorded on each K-1 on the tax return to the Western spreadsheet generated based on capital received and ensuring ownership units were accurately reflected on the K-1s;
- • verifying accuracy of partner names, addresses, ID numbers, and entity types in ProSystem fx compared to the Western database that tracks all partner changes submitted throughout the year;
- • reviewing transfers of interest and ensuring transfers were correctly

calculated and reported on the 2013 tax return and K-1s, if applicable;

- verifying the calculation of basis and net gain on the sale of partnership units for 2013;

- reviewing input sheets of information entered into ProSystem fx;

- manager level review of the above areas, as well as, overall review of tax return forms and input;

- manager level verification of reporting accuracy, formatting, and adherence to current federal and state partnership tax laws;

- manager level quality control check of partner names, addresses, ID numbers, and entity types in ProSystem fx compared to Western database that tracks all partner changes submitted throughout the year;

- manager level review of accuracy and tax recognition of the sale of partnership units for 2013;

- staff and manager communication as needed to answer return discrepancies or additional information needed to complete the tax return;

- partner level review of the above areas, as well as, overall review of tax return forms and input;

- partner level verification of reporting accuracy, formatting, and adherence to current federal and state partnership tax laws;

- partner level quality control check of partner names, addresses, ID numbers, and entity types in ProSystem fx compared to Western database;

- partner level quality control check of sale of partnership units calculation and related tax return reporting;

- finalizing of tax return and accompanying letters and schedules;

- printing tax return copies for each of the receivership entities, for government filing, and the final K-1 packages;

- backup of receivership entities files to data stick to submit for client records;

- assembly of a total of 8,197 K-1 packages to be mailed to partners;

- electronic filing of the 2013 partnership returns;

- printing acceptance letters for the tax files to verify successful submittal and receipt by government agencies; and

- communication with Western staff to answer partner requests for single K-1s or other questions regarding the 2013 tax returns and receivership.

(ECF No. 820, at 2–6.)

The Court has reviewed the time sheets filed in support of the instant fee applications and finds that, at this time, the tasks were necessary and not over-billed.

**B. Fair Value of Time, Labor, and Skill**

The Receiver billed his time at $247.50 per hour and the time of those working for him at $157.50–$180.00 per hour. (ECF No. 818, at 1–2.) Allen Matkins billed its time at $279– $445.50 per hour, with much of the work being billed at $351.00 per hour. (ECF No. 819, Ex. A, at 28.) The Receiver's accounting firm, Duffy, billed its time at $70.00–$375.00 per hour, with much of the work being billed at $160.00 per hour. (ECF No. 820, Ex. B, at 210.) These rates reflect a ten percent discount from the Receiver's and Allen Matkins' ordinary rates, and a twenty-five percent discount from Duffy's ordinary rates. (ECF No. 818, at 1; ECF No. 819, at 1; ECF No. 820, at 1.)

The Court continues to find, as it has in previous fee orders, that the rates charged by the Receiver, Allen Matkins, and Duffy are comparable to rates charged in this geographic area and therefore represent a fair value of the time, labor, and skill provided.

**C. Quality of Work Performed**

The Court finds the quality of work performed by the Receiver and his counsel to be above average. The Receiver and his professionals continue to keep the Receivership Entities afloat, which—for Western—is a challenging task given that its main source of income (i.e., selling GP interests) has ceased since implementation of the action. Without assistance from Defendants, the Receiver and his professionals

have ultimately been able to meet Western's many obligations, including payments on the loans secured by GP properties. This benefits the entire receivership estate. Moreover, the Receiver and his counsel have complied with the Court's orders and have made every effort to protect investors' interests in the GP properties during the pendency of this litigation.

The Court finds the quality of work performed by Duffy to be satisfactory. The Court has received no complaint that Duffy's tax preparation activities have been deficient.

**D. Receivership Estate's Ability to Bear Burden of Fees**

Given the Receiver's assurance that approved fees and costs will be paid from Western's assets above and beyond cash necessary to make payments on loans secured by GP properties, the Receiver's acknowledgment that approved fees and costs may have to be paid in installments as funds become available, and the Receiver's efforts to collect on Western's receivables, (*see* ECF No. 818, at 5) the Court finds the receivership estate has sufficient ability to bear the instant fee requests.

**E. Commission's Opposition or Acquiescence**

The Receiver indicates that the SEC does not oppose any of the fee applications. (ECF No. 818, at 5; ECF No. 819, at 8; ECF No. 820, at 9.)

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

Considering the above five factors together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006 WL 3085616, at *2–3, the Court awards fees and costs as set forth in the following table:

| Applicant | Fees Allowed | % of Fees Incurred[1] | Costs Allowed | % of Costs Incurred |
|-----------|--------------|-----------------------|---------------|---------------------|
| Receiver | $46,175.40 | 80% | $887.12 | 100% |
| Allen Matkins | $37,737.26 | 80% | $489.45 | 100% |
| Duffy | $92,854.89 | 100% | $6,994.99 | 100% |

## V. CONCLUSION AND ORDER

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Receiver's Eighth Interim Fee Application, (ECF No. 818), is **GRANTED**;

2. Allen Matkins' Eighth Interim Fee Application, (ECF No. 819), is **GRANTED**;

3. Duffy's Third Interim Fee Application, (ECF No. 820), is **GRANTED**; and

4. The awarded fees shall be paid from Western's assets above and beyond cash necessary to make payments on loans secured by GP properties.

DATED: January 15, 2015

HON. GONZALO P. CURIEL
United States District Judge

---

[1] The Court includes the percentage of fees *incurred* rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees.