**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>    Defendants. | CASE NO. 3:12-cv-2164-GPC-JMA<br><br>**ORDER:**<br><br>**(1) ADOPTING RECEIVER'S RECOMMENDATION REGARDING JAMUL VALLEY PROPERTY;**<br><br>**(2) SEALING RECEIVER'S RECOMMENDATION REGARDING JAMUL VALLEY PROPERTY**<br><br>**[ECF No. 1020]**<br><br>**[REDACTED]** |

Before the Court is Receiver Thomas C. Hebrank's (the "Receiver") Update as to Status of Balloting Regarding Letter of Intent for Jamul Valley Property and Recommendation for Further Action. (ECF No. 1020.) Previously, the Receiver had received a letter of intent regarding the Jamul Valley property, owned by the Jamul Meadows, Lyons Valley, and Hidden Hills GPs, and the Court ordered the Receiver to ballot the investors in those GPs. (ECF No. 992.) All three GPs obtained a quorum of eligible voters (i.e. investors who have not defaulted on their notes owed to the GP or their operational bills) for either selling or retaining the property. (ECF No. 1020, at

1.) A majority of eligible voting interests in Lyons Valley voted to retain the property. (ECF No. 1020, Ex. A.) Neither Jamul Meadows nor Hidden Hills had a majority either to sell the property or to retain it. (*Id.*) However, Hidden Hills had more voting interests in favor of selling and Jamul Meadows had more voting interests in favor of retaining. (*Id.*)



1 ██████████████████████████
2 ████
3 ████████████████████████████████████████████████████
4 ████████████████████████████████████████████████████
5 ████████████████████████████████████████████████████
6 ████████████████████████████████████████████████████
7 ██████████████████████████████████████

8  The Court further notes that this information regarding the status of the Jamul Valley property GPs warrants sealing. Generally, "compelling reasons" must exist to seal documents filed in support of a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Where a court filing contains "business information that might harm a litigant's competitive standing," the court may properly deny public access. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). This information could hinder the Receiver's ability to negotiate and sell the property for the GPs and thus the Court concludes that compelling reasons exist to seal this order as well as the Receiver's recommendation, (ECF No. 1020). Accordingly, the Clerk of Court is **directed to seal** the document currently filed at ECF No. 1020.

**IT IS SO ORDERED.**

DATED: June 17, 2015

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge