# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br><br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>　　　　　　　　　　Defendants. | CASE NO. 3:12-cv-2164-GPC-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING RECEIVER'S TENTH, ELEVENTH, AND TWELFTH INTERIM FEE APPLICATIONS;**<br><br>[ECF Nos. 1091, 1096, 1126]<br><br>**(2) GRANTING ALLEN MATKINS' TENTH, ELEVENTH, AND TWELFTH INTERIM FEE APPLICATIONS;**<br><br>[ECF Nos. 1092, 1097, 1127]<br><br>**(3) GRANTING DUFFY'S FOURTH AND FIFTH INTERIM FEE APPLICATIONS;**<br><br>[ECF Nos. 1098, 1128]<br><br>**(4) VACATING HEARING DATES** |

## I. INTRODUCTION

Before the Court are eight fee applications by the court-appointed receiver Thomas C. Hebrank (the "Receiver"):

　　1.　　Tenth Interim Application for Approval and Payment of Fees and Costs

to Thomas C. Hebrank, as Receiver ("Receiver's Tenth Interim Fee Application"), (ECF No. 1091);

2. Eleventh Interim Application for Approval and Payment of Fees and Costs to Thomas C. Hebrank, as Receiver ("Receiver's Eleventh Interim Fee Application"), (ECF No. 1096);

3. Twelfth Interim Application for Approval and Payment of Fees and Costs to Thomas C. Hebrank, as Receiver ("Receiver's Twelfth Interim Fee Application"), (ECF No. 1126);

4. Tenth Interim Fee Application of Allen Matkins Leck Gamble Mallory & Natsis LLP, Counsel to Receiver ("Allen Matkins's Tenth Interim Fee Application"), (ECF No. 1092);

5. Eleventh Interim Fee Application of Allen Matkins Leck Gamble Mallory & Natsis LLP, Counsel to Receiver ("Allen Matkins's Eleventh Interim Fee Application"), (ECF No. 1097);

6. Twelfth Interim Fee Application of Allen Matkins Leck Gamble Mallory & Natsis LLP, Counsel to Receiver ("Allen Matkins's Twelfth Interim Fee Application"), (ECF No. 1127);

7. Fourth Interim Application for Approval and Payment of Fees and Costs to Duffy Kruspodin & Company, LLP, as Tax Accountants for Receiver ("Duffy's Fourth Interim Fee Application"), (ECF No. 1098); and

8. Fifth Interim Application for Approval and Payment of Fees and Costs to Duffy Kruspodin & Company, LLP, as Tax Accountants for Receiver ("Duffy's Fifth Interim Fee Application"), (ECF No. 1128).

Neither the Plaintiff Securities and Exchange Commission (the "SEC") nor Defendants have filed any response to the eight fee applications with the Court. The Court finds these motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## II. BACKGROUND

**A. Receiver**

In his Tenth, Eleventh, and Twelfth Interim Fee Applications, the Receiver asserts he has incurred a total of $302,559.75 in fees for work done in the following categories:

| Category | 10th App. | 11th App. | 12th App. | Total |
|---|---|---|---|---|
| General Receivership | $6,682.50 | $13,785.75 | $7,796.25 | $28,264.50 |
| Asset Investigation & Recovery | $0.00 | $0.00 | $0.00 | $0.00 |
| Reporting | $26,894.25 | $13,443.75 | $10,095.75 | $50,433.75 |
| Operations & Asset Sales | $29,909.25 | $92,823.75 | $86,341.50 | $209,074.50 |
| Claims & Distributions | $0.00 | $0.00 | $0.00 | $0.00 |
| Legal Matters & Pending Litigation | $10,935.00 | $3,852.00 | $0.00 | $14,787.00 |
| **Total** | $74,421.00 | $123,905.25 | $104,233.50 | $302,559.75 |

(ECF No. 1091, at 1–4; ECF No. 1096, at 1–4; ECF No. 1126, at 2–4.)

While the Receiver incurred $302,559.75 in fees, he now seeks only 80% of those fees, i.e., $242,047.80. (ECF No. 1091 at 1; ECF No. 1096 at 1; ECF No. 1126 at 1.) The Receiver's Tenth Interim Fee Application covers the period October 1, 2014, through December 31, 2014. (ECF No. 1091, at 1.) The Receiver's Eleventh Interim Fee Application covers the period January 1, 2015, through March 31, 2015. (ECF No. 1096, at 1.) The Receiver's Twelfth Interim Fee Application covers the period April 1, 2015, through June 30, 2015. (ECF No. 1126, at 1.) The Receiver also seeks costs in the total amount of $3,663.67 ($1,453.21 in Tenth Fee Application, ECF No. 1091, at 1; $1,265.64 in Eleventh Fee Application, ECF No. 1096 at 1; and $944.82 in Twelfth Fee Application, ECF No. 1126, at 1), which covers expenses for website additions, copies, mailings, and postage (ECF No. 1091, Ex. C; ECF No. 1096, Ex. C;

ECF No. 1126, Ex. C).

**B. Allen Matkins**

In its Tenth, Eleventh, and Twelfth Interim Fee Applications, Allen Matkins asserts it incurred $261,619.20 in fees for work done in the following categories:

| Category | 10th App. | 11th App. | 12th App. | Total |
|---|---|---|---|---|
| General Receivership | $31,977.90 | $24,833.25 | $2,150.10 | $58,961.25 |
| Reporting | $36,235.35 | $22,385.70 | $10,428.75 | $69,049.80 |
| Operations & Asset Sales | $25,128.45 | $27,802.80 | $15,097.05 | $68,028.30 |
| Claims & Distributions | $370.80 | $5,788.35 | $1,881.45 | $8,040.60 |
| Third Party Recoveries | $13,733.10 | $17,436.15 | $24,330.60 | $55,499.85 |
| Employment/Fees | $695.25 | $509.85 | $834.30 | $2,039.40 |
| **Total** | $108,140.85 | $98,756.10 | $54,722.25 | $261,619.20 |

(ECF No. 1092, at 1; ECF No. 1097, at 1; ECF No. 1127, at 1.)

While Allen Matkins incurred $261,619.20, it now seeks only 80% of those fees, i.e., $209,295.36. (ECF No. 1092, at 1; ECF No. 1097 at 1; ECF No. 1127 at 1.) Allen Matkins' Tenth, Eleventh, and Twelfth Interim Fee Applications cover the same period noted above. (ECF No. 1092, at 1; ECF No. 1097 at 1; ECF No. 1127 at 1.) Allen Matkins also seeks costs in the total amount of $6,891.73 ($4,459.49 in Tenth Fee Application, ECF No. 1092, at 1; $2,069.14 in Eleventh Fee Application, ECF No. 1097 at 1; and $363.10 in Twelfth Fee Application, ECF No. 1127, at 1), which covers expenses for document editing and copying, service fees, reprographics, PACER fees, shipping, and postage (ECF No. 1092, Ex. A, at 21–22; ECF No. 1097, Ex. A, at 20–21; ECF No. 1127, Ex. A, at 14–15).

**C. Duffy**

In its Fourth and Fifth Interim Fee Applications, Duffy, the tax accounting firm retained by the Receiver for work on behalf of Western and related entities, asserts it

incurred $126,717.88 in fees for work done in the following categories:

| Category | 4th App. | 5th App. | Total |
|---|---|---|---|
| General Engagement Services | $6,497.55 | $11,503.80 | $18,001.35 |
| Preparation of 2013 Income Tax Returns | $16,345.93 | $0.00 | $16,345.93 |
| IT Consulting | $0.00 | $4,886.20 | $4,886.20 |
| Preparation of 2014 Form 1096 and 1099 Informational Returns and 2014 Income Tax Returns | $0.00 | $87,484.40 | $87,484.40 |
| Total | $22,843.48 | $98,756.10 | $126,717.88 |

(ECF No. 1098, at 1; ECF No. 1128, at 1.)

Duffy seeks the entirety of the $126,717.88 in fees that it incurred (ECF No. 1098, at 1; ECF No. 1128 at 1.) Duffy also seeks costs in the total amount of $14,895.24 (ECF No. 1128, at 1), which covers service fees, software costs, and postage (ECF No. 1127, Ex. D.)

### III. LEGAL STANDARD

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to fair compensation for his efforts." *Sec. and Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). A receiver's fees must be reasonable. *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, (*see, e.g.*, ECF No. 640), the Court will assess the reasonableness of the requested fees using the factors enumerated in *Sec. and Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973), and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006). Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of

the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence. *See* 364 F. Supp. at 1222; 2006 WL 3085616, at *2–3.

## IV. DISCUSSION

**A. Complexity of Tasks**

The Court finds that the tasks performed by the Receiver were moderately complex. The Receiver undertook the following tasks:

- participating in meetings and conferences with the SEC's counsel and legal counsel;
- handling administrative issues, including reviewing mail, email, and other correspondence to Receivership Entities;
- administering the bank accounts of Receivership Entities;
- reviewing and approving expenditures;
- maintaining and updating the Receiver's website with case information and documents;
- responding to investor inquiries and misinformation put out by certain investors;
- preparing reports on the financial condition of each of the GPs and purchase offers received for various properties;
- managing and overseeing the GPs' operations and real property;
- managing and overseeing Western's operations;
- performing accounting functions of Receivership Entities, including paying expenses, clearing checks, and ACH entries;
- managing and overseeing tax reporting for Receivership Entities;
- managing and overseeing GP operational bills, loan payments, and cash management;

- conducting investor votes and analysis relating to purchase offers received;
- oppositions and filings related to the operation of the receivership; and
- preparing for and attending depositions related to Defendants' subpoenas of the Receiver.

(ECF No. 1091, at 1–4; ECF No. 1096, at 1–4; ECF No. 1126, at 2–4.)

The Court finds that the tasks performed by Allen Matkins during its respective application period to be somewhat complex. Allen Matkins undertook the following tasks:

- reviewing pleadings and investor correspondence relating to the GPs and the receivership;
- responding to Defendants' discovery requests;
- responding to Defendants' motion to remove the Receiver and disqualify Allen Matkins;
- reviewing and advising the Receiver regarding various motions, briefs, orders, and status reports filed in the case and in the Defendants' pending appeals;
- reviewing and advising the Receiver regarding various orders entered in this case;
- assisting the Receiver in drafting report on the financial condition of each GP;
- assisting the Receiver in preparing the Tenth and Eleventh Interim Reports (ECF Nos. 1000, 1065);
- gaining access to Western server from Defendants;
- assisting the Receiver with legal issues relating to the ongoing operations of Western and the GPs;
- assisting the Receiver in communications with investors, creditors, and their counsel;

1 • analyzing legal issues regarding three pending collection actions; and
2 • preparing the Receiver's Eighth, Ninth, and Tenth Interim Fee
3   Applications and Duffy's Third Interim Fee Application.
4 (ECF No. 1092, at 2–7; ECF No. 1097, at 2–7; ECF No. 1127, at 2–6.)
5   As to the complexity of the tasks performed by the Receiver's accountant, Duffy,
6 the Court finds its tasks were moderately complex. Duffy undertook the following
7 activities:
8 • communicating with the Receiver about establishing the engagement and
9   agreeing upon procedures and reporting timelines;
10 • processing initial receipt of the receivership entities' books and records;
11 • formatting and organizing files with the current year data;
12 • verifying cash receipts and disbursements for the year and scanning detail
13   for reporting accuracy and consistency;
14 • reviewing the bank reconciliation to the bank statement
15 • checking balance sheet account balances for assets, loan receivables, and
16   loan payables for variances compared to prior year; when differences were
17   noted, detail of change in current year was reviewed to verify correct
18   application of accounting rules;
19 • verifying and reconciling "investment in" accounts to the related LLC
20   books for Western, which included single member LLCs;
21 • preparation of the 263A calculation with reconciling spreadsheets;
22 • reviewing input sheets of information entered into Lacerte;
23 • responding to Defendants' discovery requests;
24 • manager level review of the 263A calculation and spreadsheets;
25 • partner level review of the 263A calculation and spreadsheets;
26 • partner level verification of reporting accuracy, formatting, and adherence
27   to current federal and state partnership tax laws;
28 • electronic filing of the 2013 corporate returns;

- installing the 2014 ProSystem fx software on the Duffy server;
- troubleshooting issues with the various software update releases to facilitate data proforma from 2013 and data stored from prior year that needed to be updated due to changes to the software;
- working with ProSystem fx support regarding download of release necessary to commence tax return preparation and necessary data transfer;
- providing client IT with software and perm key needed to install the software on the Western server and run their data input for the 2014 tax returns;
- calculating total Form 1099 costs to be reported based on the Western report provided;
- verifying accounting fees in comparison to the Western records for 1099 reporting;
- input of the 2014 Form 1099 amounts and verifying other informational data included on the form;
- reviewing 1099 recipients' names, addresses, and ID numbers;
- electronic filing of the 1099s for the receivership entities;
- assembly of the 1099 electronic document for the receiver and copies for each of the recipients;
- reviewing the 2014 capital contributions recorded in the excel sheets and ensuring ownership units were accurately reflected on the K-1s;
- verifying accuracy of partner names, addresses, ID numbers, and entity types in ProSystem fx compared to the Western excels;
- reviewing transfers of interest and ensuring transfers were correctly calculated and reported on the 2014 tax return and K-1s;
- manager level review of the above areas, as well as, overall review of tax return forms and input;
- manager level verification of reporting accuracy, formatting, and

adherence to current federal and state corporate tax laws;
- manager level quality control check of information in ProSystem fx compared to Western database that tracks all partner changes submitted throughout the year;
- staff and manager communication as needed to answer return discrepancies or additional information needed to complete the tax return;
- partner level review of the above areas, as well as, overall review of tax return forms and input;
- finalizing of tax return and accompanying letters and schedules;
- printing tax return copies for each of the receivership entities and for government filing, and the final K-1 packages;
- assembly and mailing of 8,197 K-1 packages to partners;
- electronic filing of the 2014 partnership returns;
- printing acceptance letters for the tax files to verify successful submittal and receipt by government agencies; and
- various communications with the Receiver's staff to answer partner requests for single K-1s or other questions regarding the 2014 tax returns and receivership.

(ECF No. 1098, at 2–3; ECF No. 1128, at 2–5.)

The Court has reviewed the time sheets filed in support of the instant fee applications and finds that, at this time, the tasks were necessary and not over-billed.

**B. Fair Value of Time, Labor, and Skill**

The Receiver billed his time at $247.50 per hour and the time of those working for him at $180.00 per hour. (ECF No. 1091, at 1–4; ECF No. 1096, at 1–4; ECF No. 1126, at 2–4.) Allen Matkins billed its time at $315.00–$648.00 per hour, with much of the work being billed at $463.50. (ECF No. 1092, Ex. A; ECF No. 1097, Ex. A; ECF No. 1127, Ex. A.) Duffy billed its time at $146.37–$199.92 per hour. (ECF No. 1098, at 2–3; ECF No. 1128, at 2–5.)

These rates reflect a ten percent discount from the Receiver's, Allen Matkins', and Duffy's ordinary rates. (ECF Nos. 1091, 1092, 1096, 1097, 1098, 1126, 1127, 1128, at 2.)

The Court continues to find, as it has in previous fee orders, that the rates charged by the Receiver, Allen Matkins, and Duffy are comparable to rates charged in this geographic area and therefore represent a fair value of the time, labor, and skill provided.

**C. Quality of Work Performed**

The Court finds the quality of work performed by the Receiver and his counsel to be above average. The Receiver and his professionals continue to keep the Receivership Entities afloat, which—for Western—is a challenging task given that its main source of income (i.e., selling GP interests) has ceased since implementation of the action. Without assistance from Defendants, the Receiver and his professionals have ultimately been able to meet Western's many obligations, including payments on the loans secured by GP properties. This benefits the entire receivership estate. Moreover, the Receiver and his counsel have complied with the Court's orders and have made every effort to protect investors' interests in the GP properties during the pendency of this litigation.

The Court finds the quality of work performed by Duffy to be satisfactory. The Court has received no complaint that Duffy's tax preparation activities are deficient in any way.

**D. Receivership Estate's Ability to Bear Burden of Fees**

Given the Receiver's assurance that approved fees and costs will be paid from Western's assets above and beyond cash necessary to make payments on loans secured by GP properties, the Receiver's acknowledgment that approved fees and costs may have to be paid in installments as funds become available, and the Receiver's efforts to collect on Western's receivables, the Court finds the receivership estate has sufficient ability to bear the instant fee requests.

**E. Commission's Opposition or Acquiescence**

The Receiver indicates that the SEC does not oppose any of the fee applications. (ECF No. 1091, at 5–6; ECF No. 1092, at 9; ECF No. 1096, at 5; ECF No. 1097, at 9; ECF No. 1098, at 5; ECF No. 1126, at 5; ECF No. 1127, at 8; ECF No. 1128, at 8.)

Considering the above five factors together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006 WL 3085616, at *2–3, the Court awards fees and costs as set forth in the following table:

| Applicant | Fees Allowed | % of Fees Incurred[1] | Costs Allowed | % of Costs Incurred |
|---|---|---|---|---|
| Receiver | $242,047.80 | 80% | $3,663.67 | 100% |
| Allen Matkins | $209,295.36 | 80% | $6,891.73 | 100% |
| Duffy | $126,717.88 | 100% | $14,895.24 | 100% |

## V. CONCLUSION AND ORDER

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Receiver's Tenth, Eleventh, and Twelfth Interim Fee Applications, (ECF Nos. 1091, 1096, 1126), are **GRANTED**;

2. Allen Matkins' Tenth, Eleventh, and Twelfth Interim Fee Applications, (ECF Nos. 1092, 1097, 1127), are **GRANTED**;

3. Duffy's Fourth and Fifth Interim Fee Applications, (ECF Nos. 1098, 1128), are **GRANTED**;

4. The awarded fees shall be paid from Western's assets above and beyond cash necessary to make payments on loans secured by GP properties; and

4. The hearings set for September 25, 2015; and October 30, 2015; are **VACATED**.

**IT IS SO ORDERED.**

---

[1] The Court includes the percentage of fees *incurred* rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees.

DATED: September 15, 2015

HON. GONZALO P. CURIEL
United States District Judge