1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10  | SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 3:12-cv-2164-GPC-JMA |

11

Plaintiff,                    **ORDER:**

12                                        **(1) GRANTING RECEIVER'S THIRTEENTH INTERIM FEE APPLICATION;**

13

v.

14                                        [ECF No. 1153]

15                                        **(2) GRANTING ALLEN MATKINS' THIRTEENTH INTERIM FEE APPLICATION;**

16

17  LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING            [ECF No. 1154]

18  CORPORATION, dba Western Financial Planning Corporation,  **(3)VACATING HEARING DATES**

19

Defendants.

20

21       Before the Court are two fee applications by the court-appointed receiver

22  Thomas C. Hebrank (the "Receiver"):

23       1.    Thirteenth Interim Application for Approval and Payment of Fees and

24             Costs to Thomas C. Hebrank, as Receiver ("Receiver's Thirteenth Interim

25             Fee Application"), ECF No. 1153;

26       2.    Thirteenth Interim Fee Application of Allen Matkins Leck Gamble

27             Mallory & Natsis LLP, Counsel to Receiver ("Allen Matkins's Thirteenth

28             Interim Fee Application"), ECF No. 1154.

Neither the Plaintiff Securities and Exchange Commission (the "SEC") nor Defendants have filed any response to the fee applications with the Court. The Court finds these motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## BACKGROUND

### A. Receiver

In his Thirteenth Interim Fee Application, the Receiver asserts he has incurred a total of $101,495.25 in fees for work done in the following categories:

| Category | Total |
|---|---|
| General Receivership | $6,459.75 |
| Asset Investigation & Recovery | $0.00 |
| Reporting | $22,520.25 |
| Operations & Asset Sales | $72,045.00 |
| Claims & Distributions | $0.00 |
| Legal Matters & Pending Litigation | $470.25 |
| **Total** | $101,495.25 |

ECF No. 1153 at 2–3.

While the Receiver incurred $101,495.25 in fees, he now seeks only 80% of those fees, i.e., $81,196.20. ECF No. 1153 at 1. The Receiver's Thirteenth Interim Fee Application covers the period July 1, 2015, through September 30, 2015. *Id.* The Receiver also seeks costs in the total amount of $1,353.20, which covers expenses for website updates, copies, and postage. ECF No. 1153, Ex. C.

### B. Allen Matkins

In its Thirteenth Interim Fee Application, Allen Matkins asserts it incurred $35,397.00 in fees for work done in the following categories:

| Category | Total |
|---|---|
| General Receivership | $541.35 |
| Reporting | $2,089.80 |

| Operations & Asset Sales | $20,742.75 |
|---|---|
| Claims & Distributions | $1,823.40 |
| Third Party Recoveries | $7,526.70 |
| Employment/Fees | $2,673.00 |
| **Total** | $35,397.00 |

ECF No. 1154 at 1.

While Allen Matkins incurred $35,397.00, it now seeks only 80% of those fees, i.e., $28,317.60. *Id.* Allen Matkins' Thirteenth Interim Fee Applications covers the same period noted above. *Id.* Allen Matkins also seeks costs in the total amount of $335.33, which covers expenses for document editing and copying, service fees, shipping, and postage. ECF No. 1154, Ex. A, at 10–11.

## LEGAL STANDARD

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to fair compensation for his efforts." *Sec. and Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). A receiver's fees must be reasonable. *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, *see, e.g.*, ECF No. 640, the Court will assess the reasonableness of the requested fees using the factors enumerated in *Sec. and Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973), and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006). Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence. *See* 364 F. Supp. at 1222; 2006

WL 3085616, at *2–3.

## DISCUSSION

### A. Complexity of Tasks

The Court finds that the tasks performed by the Receiver were moderately complex. The Receiver undertook the following tasks:

- participating in meetings and conferences with the SEC's counsel and legal counsel;
- handling administrative issues, including reviewing mail, email, and other correspondence to Receivership Entities;
- administering the bank accounts of Receivership Entities;
- reviewing and approving expenditures;
- maintaining and updating the Receiver's website with case information and documents;
- responding to investor inquiries and misinformation put out by certain investors;
- preparing reports on the financial condition of each of the GPs and purchase offers received for various properties;
- managing and overseeing the GPs' operations and real property;
- managing and overseeing Western's operations;
- performing accounting functions of Receivership Entities, including paying expenses, clearing checks, and ACH entries;
- managing and overseeing tax reporting for Receivership Entities;
- managing and overseeing GP operational bills, loan payments, and cash management;
- conducting investor votes and analysis relating to purchase offers received; and
- participating in meetings and communications relating to the settlement of the LinMar IV judgment.

3:12-cv-2164-GPC-JMA

1    ECF No. 1153 at 2–3.

2        The Court finds that the tasks performed by Allen Matkins during its respective

3    application period to be somewhat complex. Allen Matkins undertook the following

4    tasks:

5        •      analyzing corporate documents, loan agreements, and other contracts;

6        •      advising the Receiver regarding federal equity receivership,

7               debtor/creditor, real property, contract, employment, insurance, tax, civil

8               procedure, appellate procedure, and other applicable areas of law; and

9        •      assisting the Receiver in selling assets, collecting loans, protecting the

10              Receivership Entities' interests in pending litigation, and providing

11              detailed reports to the Court and interested parties.

12   ECF No. 1154 at 6.

13       The Court has reviewed the time sheets filed in support of the instant fee

14   applications and finds that, at this time, the tasks were necessary and not over-billed.

15   **B. Fair Value of Time, Labor, and Skill**

16       The Receiver billed his time at $247.50 per hour and the time of those working

17   for him at $180.00 per hour. ECF No. 1153 at 2–3. Allen Matkins billed its time at

18   $229.50– $670.50 per hour, with much of the work being billed at $486.00. ECF No.

19   1154, Ex. A. These rates reflect a ten percent discount from the Receiver's and Allen

20   Matkins' ordinary rates. ECF No. 1153 at 1, ECF No. 1154 at 1.

21       The Court continues to find, as it has in previous fee orders, that the rates

22   charged by the Receiver and Allen Matkins are comparable to rates charged in this

23   geographic area and therefore represent a fair value of the time, labor, and skill

24   provided.

25   **C. Quality of Work Performed**

26       The Court finds the quality of work performed by the Receiver and his counsel

27   to be above average. The Receiver and his professionals continue to keep the

28   Receivership Entities afloat, which—for Western—is a challenging task given that its

1    main source of income (i.e., selling GP interests) has ceased since implementation of

2    the action. Without assistance from Defendants, the Receiver and his professionals

3    have ultimately been able to meet Western's many obligations, including payments on

4    the loans secured by GP properties. This benefits the entire receivership estate.

5    Moreover, the Receiver and his counsel have complied with the Court's orders and

6    have made every effort to protect investors' interests in the GP properties during the

7    pendency of this litigation.

8    **D. Receivership Estate's Ability to Bear Burden of Fees**

9        Given the Receiver's assurance that approved fees and costs will be paid from

10   Western's assets above and beyond cash necessary to make payments on loans secured

11   by GP properties, the Receiver's acknowledgment that approved fees and costs may

12   have to be paid in installments as funds become available, and the Receiver's efforts

13   to collect on Western's receivables, the Court finds the receivership estate has

14   sufficient ability to bear the instant fee requests.

15   **E. Commission's Opposition or Acquiescence**

16       The Receiver indicates that the SEC does not oppose any of the fee applications.

17   ECF No. 1153 at 5, ECF No. 1154 at 7.

18       Considering the above five factors together, and considering that "[i]nterim fees

19   are generally allowed at less than the full amount," *Alpha Telcom*, 2006 WL 3085616,

20   at *2–3, the Court awards fees and costs as set forth in the following table:

21
22

| Applicant | Fees Allowed | % of Fees Incurred[1] | Costs Allowed | % of Costs Incurred |
|---|---|---|---|---|
| Receiver | $81,196.20 | 80% | $1,353.20 | 100% |
| Allen Matkins | $28,317.60 | 80% | $335.33 | 100% |

25   //

26

27

28       [1] The Court includes the percentage of fees *incurred* rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees.

**CONCLUSION AND ORDER**

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Receiver's Thirteenth Interim Fee Application, ECF No. 1153, is **GRANTED**;

2. Allen Matkins' Thirteenth Interim Fee Application, ECF No. 1154, is **GRANTED**;

3. The awarded fees shall be paid from Western's assets above and beyond cash necessary to make payments on loans secured by GP properties; and

4. The hearing set for **January 29, 2016**, is **VACATED**.

    **IT IS SO ORDERED.**

DATED:  January 14, 2016

HON. GONZALO P. CURIEL
United States District Judge