# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>　　　　　　　　　　Defendants. | CASE NO. 3:12-cv-2164-GPC-JMA<br><br>**ORDER:**<br><br>**APPROVING RECEIVER'S TWELFTH AND THIRTEENTH INTERIM REPORTS**<br><br>[ECF No. 1103, 1148]<br><br>**APPROVING RECEIVER'S RECOMMENDATIONS REGARDING:**<br><br>**(1) LETTER OF INTENT TO PURCHASE STEAD PROPERTY**<br><br>**(2) LETTERS OF INTENT TO PURCHASE DAYTON 1, DAYTON IV, FERNLEY I, LAS VEGAS 2, AND STEAD PROPERTIES**<br><br>**(3) ENGAGEMENT OF REAL ESTATE BROKERS FOR FIVE GP PROPERTIES**<br><br>[ECF No. 1136, 1159, 1166]<br><br>**APPROVING RECEIVER'S FURTHER RECOMMENDATIONS REGARDING:**<br><br>**(1) OFFERS RECEIVED FOR THE LAS VEGAS 1 PROPERTIES**<br><br>**(2) LETTERS OF INTENT TO PURCHASE THE FERNLEY I, WASHOE IV, AND WASHOE V PROPERTIES**<br><br>[ECF No. 1144, 1145]<br><br>**GRANTING MOTION TO FILE UNDER SEAL**<br><br>[ECF No. 1158] |

Before the Court is Receiver Thomas C. Hebrank's (the "Receiver") Ex Parte Application for Permission to File Under Seal. ECF No. 1158. Generally, "compelling reasons" must exist to seal documents filed in support of a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Where a court filing contains "business information that might harm a litigant's competitive standing," the court may properly deny public access. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). The Receiver seeks to file under seal his recommendation regarding letters of intent to purchase five properties. The Court finds that the information the Receiver seeks to file under seal could negatively affect the amount of other offers and therefore the ultimate price for the property that can be obtained. Accordingly, the Court **GRANTS** the Receiver's ex parte application for permission to file under seal.

Also before the Court are a number of recommendations made by the Receiver concerning the disposition of properties under receivership. On July 29, 2015, the Receiver filed the Twelfth Interim Report. ECF No. 1103. On September 16, 2015, the Receiver filed under seal a recommendation concerning a letter of intent to purchase the Stead property. ECF No. 1136. On October 23, 2015, the Receiver filed a further recommendation regarding offers received for the Las Vegas 1 properties. ECF No. 1144. On November 6, 2015, the Receiver filed a further recommendation regarding letters of intent to purchase the Fernley I, Washoe IV, and Washoe V properties. ECF No. 1145. On November 10, 2015, the Receiver filed the Thirteen Interim Report. ECF No. 1148. On December 11, 2015, the Receiver filed a recommendation regarding letters of intent to purchase the Dayton I, Dayton IV, Las Vegas 2, and Stead properties. ECF No. 1159. On January 8, 2016, the Receiver filed a recommendation regarding the engagement of real estate brokers for five GP properties. ECF No. 1166. Having reviewed the Receiver's recommendations, the Court **APPROVES** and **ADOPTS** all of the Receiver's recommendations, and **HEREBY ORDERS** that the Receiver shall

continue to preserve and protect the assets of the of the receivership estate as recommended.

**IT IS SO ORDERED.**

DATED: January 14, 2016

HON. GONZALO P. CURIEL
United States District Judge