# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 3:12-cv-2164-GPC-JMA<br><br>**ORDER:**<br><br>**RESETTING BRIEFING SCHEDULE**<br><br>**REQUESTING ADDITIONAL BRIEFING**<br><br>[ECF No. 1181]<br><br>**DENYING INVESTORS' MOTIONS WITHOUT PREJUDICE**<br><br>[ECF Nos. 1194, 1200, 1204, 1211, 1221, 1222, 1223] |

　　　On February 4, 2016, the Receiver Thomas C. Hebrank ("Receiver") moved for an order (a) authorizing the Receiver to conduct an orderly sale of General Partnership properties, (b) approving a plan of distributing receivership assets, and (c) approving procedures for the administration of investor claims. ECF No. 1181. The Court continues the hearing on this motion to **May 6, 2016, at 1:30 p.m.** in Courtroom 2D. Accordingly, **IT IS HEREBY ORDERED** that any opposition shall be filed on or before **April 15, 2016.**[1] Any reply shall be filed on or before **April 22, 2016.**

---

[1] To the extent that any investors intend to oppose the Receiver's motion, the investors are **DIRECTED** to do so pursuant to Fed. R. Civ. P. Rule 24.

The Court directs additional briefing in advance of the May 6, 2016 hearing. Specifically, the Court **DIRECTS** the Receiver to craft a proposal that would enable general partnerships ("GPs") that wish to do so to exit the receivership while maintaining control of their properties instead of having their properties sold. The proposal should include: (1) a procedure by which each GP could elect whether or not to sell; (2) conditions that must be met by each GP that wishes not to sell showing that the GP could maintain fiscal viability going forward; (3) conditions that must be met by each GP to insure fairness to those investors *within* GPs which wish not to sell but who individually wish to exit their investment; (4) conditions that must be met by each GP to demonstrate their ability for self-governance; (5) alternatives for the disposal of Western's interest in such GPs; and (6) an assessment by the Receiver of the advantages and disadvantages of the proposal. The Receiver shall file this proposal by close of business on **April 22, 2016**.

Also before the Court are seven motions filed by various investors who have invested in various GPs that are subject to the receivership. *See* ECF Nos. 1194, 1200, 1204, 1211, 1221, 1222, 1223. These motions are **DENIED WITHOUT PREJUDICE** on the basis of non-compliance with Fed. R. Civ. P. Rule 24. The Dillon and Aguirre investors are directed to follow Fed. R. Civ. P. Rule 24 and file motions to intervene to the extent that they wish to refile any of these motions. Accordingly, the hearings on motions ECF Nos. 1221, 1222, and 1223 currently set for April 29, 2016 are **VACATED**.

**IT IS SO ORDERED.**

DATED: April 5, 2016

HON. GONZALO P. CURIEL
United States District Judge