# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 3:12-cv-2164-GPC-JMA<br><br>**ORDER:**<br><br>**APPROVING RECEIVER'S RECOMMENDATIONS REGARDING:**<br><br>**(1) LETTERS OF INTENT TO PURCHASE DAYTON I, DAYTON IV, FERNLEY I, LAS VEGAS 2, AND STEAD PROPERTIES**<br><br>**(2) ENGAGEMENT OF REAL ESTATE BROKERS FOR LAS VEGAS 1, LAS VEGAS 2, AND TECATE PROPERTIES**<br><br>[ECF No. 1169, 1203, 1281]<br><br>**DENYING RECEIVER'S *EX PARTE* APPLICATION FOR ORDER CONFIRMING SALE OF JAMUL VALLEY PROPERTY**<br><br>[ECF Nos. 1191]<br><br>**GRANTING RECEIVER'S MOTION TO FILE UNDER SEAL**<br><br>[ECF No. 1280] |

　　Before the Court is Receiver Thomas C. Hebrank's (the "Receiver") Ex Parte Application for Permission to File Under Seal. ECF No. 1280. Generally,

"compelling reasons" must exist to seal documents filed in support of a dispositive motion. See Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Where a court filing contains "business information that might harm a litigant's competitive standing," the court may properly deny public access. Nixon v. Warner Commc'ns, 435 U.S. 589, 598 (1978). The Receiver seeks to file under seal his recommendation regarding a letter of intent to purchase one GP property. The Court finds that the information the Receiver seeks to file under seal could negatively affect the amount of other offers and therefore the ultimate price for the property that can be obtained. Accordingly, the Court **GRANTS** the Receiver's ex parte application for permission to file under seal. ECF No. 1280.

Also before the Court are a number of recommendations made by the Receiver concerning the disposition of properties under receivership. Having reviewed the Receiver's recommendations, **IT IS HEREBY ORDERED THAT**:

1. The Court **APPROVES** and **ADOPTS** the Receiver's Recommendations Regarding Letters of Intent to Purchase Dayton I, Dayton IV, Fernley I, Las Vegas 2, and Stead Properties. ECF No. 1169.
2. The Court **APPROVES** and **ADOPTS** the Receiver's Recommendation Regarding Engagement of Real Estate Brokers for Las Vegas 1, Las Vegas 2, and Tecate Properties. ECF No. 1203.
3. The Court **APPROVES** and **ADOPTS** the Receiver's Recommendation Regarding Letter of Intent to Purchase Dayton IV Property. ECF No. 1281.
4. The Court **DENIES** the Receiver's *Ex Parte* Application for Order Confirming Sale of Jamul Valley Property, and **DIRECTS** the Receiver to refile his application as a motion for order for approval of the sale, *see* ECF No. 1285, incorporating the 28 U.S.C. § 2001(a) public auction procedures proposed in the Receiver's supplemental brief, ECF No. 1225, and in accordance with the terms of the Court's May 25, 2016 Order Directing Orderly Sale Procedures, within **fourteen (14) days** of the issuance of this Order. Any response to the refiled

motion shall be filed on or before **June 17, 2016.** Any reply shall be filed on or before **July 1, 2016.** A hearing on the refiled motion is set for **July 15, 2016, at 1.30 p.m.** in Courtroom 2D.

**IT IS SO ORDERED.**

DATED:  May 25, 2016

                              HON. GONZALO P. CURIEL
                              United States District Judge