1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**

10   SECURITIES AND EXCHANGE           CASE NO. 3:12-cv-2164-GPC-JMA
     COMMISSION,
11                                     **ORDER:**
                          Plaintiff,
12                                     **APPROVING RECEIVER'S
                                       COURT-ORDERED  PROPOSAL
13                                     REGARDING MODIFIED
                                       ORDERLY SALE PROCESS**
14        v.
                                       **GRANTING RECEIVER'S
15                                     MOTION FOR AUTHORITY TO
                                       ENGAGE CBRE AS CONSULTANT**
16
                                       **DENYING AGUIRRE INVESTORS'
17                                     MOTION FOR STAY**
18   LOUIS V. SCHOOLER and FIRST
     FINANCIAL PLANNING              **DENYING INVESTORS JOE M.
19   CORPORATION, dba Western         ARDIZZONE, DAVID R.
     Financial Planning Corporation,  SCHWARZ, AND LOIS
20                                     SCHWARZ'S MOTION TO
                          Defendants.  INTERVENE**
21
                                       [ECF Nos. 1309, 1316, 1341, 1348]
22

23        Before the Court are various motions filed by Receiver Thomas C. Hebrank

24   ("Receiver"), and investors seeking to intervene in the case. ECF Nos. 1309, 1316,

25   1341, 1348.

26        First, before the Court is the Receiver's submission, pursuant to the Court's

27   directive in its May 25, 2015 Order Granting in Part and Denying in Part Receiver's

28   Motion for Order Authorizing the Receiver to Conduct an Orderly Sale of General

1 Partnership Properties ("Orderly Sale Order"), ECF No. 1304, of a Modified Orderly

2 Sale Process proposal incorporating a public sale process consistent with the

3 requirements of 28 U.S.C. § 2001. ECF No. 1309. Upon review of the Receiver's

4 proposal, the Court finds that it accords with the requirements of § 2001, and

5 **APPROVES** the proposal.

6 Second, before the Court is the Receiver's motion for authority to engage CBRE,

7 a real estate brokerage and consulting firm, as a consultant. ECF No. 1341. The

8 Receiver seeks permission to engage CBRE to assist in evaluating the Xpera Report

9 recommendations, pursuant to the Court's directive in the Orderly Sale Order for the

10 Receiver to submit a report to that effect within 180 days of the issuance of that Order.

11 Orderly Sale Order 31, ECF No. 1304. Upon review of the Receiver's motion, and

12 finding that the engagement of CBRE would assist the Receiver in effectuating the

13 Court's directive, the Court **GRANTS** Receiver's motion for authority to engage

14 CBRE as consultant.

15 Third, before the Court is Aguirre Investors' motion for a stay pending appeal.

16 ECF No. 1316. "A party seeking a stay must establish that he is likely to succeed on

17 the merits, that he is likely to suffer irreparable harm in the absence of relief, that the

18 balance of equities tip in his favor, and that a stay is in the public interest." *Humane*

19 *Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009). Aguirre Investors' motion

20 substantially reiterates the arguments made by Aguirre Investors in opposition to the

21 Receiver's Orderly Sale Motion. As such, the Court finds that Aguirre Investors are not

22 likely to succeed on the merits, for the reasons explained in the Orderly Sale Order. *See*

23 ECF No. 1304 at 8 (observing that "a district court's power to supervise an equity

24 receivership and to determine the appropriate action to be taken in the administration

25 of the receivership is extremely broad" (quoting *S.E.C. v. Capital Consultants*, LLC,

26 397 F.3d 733, 738 (9th Cir. 2005)) (internal quotation marks omitted)); *see generally*

27 *id.* Accordingly, the Court **DENIES** Aguirre Investors' motion.

28 Finally, before the Court is the motion to intervene of new investors represented

by Aguirre, Joe M. Ardizzone, David R. Schwarz, and Lois Schwarz ("Investors"). ECF No. 1348. The Court **DENIES** Investors' motion to intervene. First, the only novel issue raised by Investors' motion is the argument that the Securities and Exchange Commission ("SEC") and the Receiver failed to give investors notice of the Orderly Sale Process in accordance with Civil Local Rule 66.1, which states that "[t]he receiver must give all interest parties at least fourteen (14) days' notice of the time and place of all pertinent hearings." ECF No. 1348 at 4. Investors admit that the Receiver sent an email to investors notifying them of the hearing on May 6, 2016, fourteen days before the May 20, 2016 hearing, but argue that this notice was "defective" because "[m]any investor email address [sic] were unavailable or were returned undeliverable." *Id.* at 4–5. However, the Court previously authorized the Receiver to fulfill the requirements of Rule 66.1 by posting notices related to petitions for confirmation of sales of property, reports of the receiver, and fee applications on the Receiver's website (www.ethreeadvisors.com). *See* Order Granting in Part Unopposed Motion for Relief From Certain Requirements Under Local Rule 66.1 2–3, ECF No. 170. In that Order, the Court acknowledged the logistical burdens and unnecessary costs entailed by attempting to reach approximately 3,370 investors directly by mail. *Id.* Investors do not dispute that the Receiver posted notice of the Orderly Sale Motion on his website, as well as e-mailing investors. ECF No. 1348 at 5. The Court thus rejects Investors' argument that they lacked notice of the May 26, 2015 hearing.

Second, the other arguments raised by Investors in their motion, including Investors' argument that they have been deprived of notice and the opportunity to be heard with regards to the case as a whole, have already been thoroughly considered and rejected by the Court. *See* ECF Nos. 1296, 1303, 1304.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The Receiver's Court-Ordered Proposal Regarding Modified Orderly Sale Process, ECF No. 1403, Exhibit A, is **APPROVED**.

2.     The Receiver's Motion for Authority to Engage CBRE as Consultant, ECF No. 1341, is **GRANTED**. The Receiver is authorized to engage CBRE to perform the work described in the Receiver's motion, on the terms and conditions discussed therein and in the proposal attached to the Marschall Declaration, ECF No. 1341-4, as Exhibit B.

3.     Aguirre Investors' Motion for a Stay Pending Appeal, ECF No. 1316, is **DENIED**.

4.     Investors Joe M. Ardizzone, David R. Schwarz, and Lois Schwarz's Motion to Intervene, ECF No. 1348, is **DENIED**.

    **IT IS SO ORDERED.**

DATED:  August 30, 2016

HON. GONZALO P. CURIEL
United States District Judge