UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>Defendant. | Case No.: **3:12-cv-2164-GPC-JMA**<br><br>**ORDER:**<br><br>**APPROVING AND ADOPTING RECEIVER'S REPORT AND RECOMMENDATIONS REGARDING XPERA REPORT RECOMMENDATIONS**<br><br>**[ECF No. 1405]** |
|---|---|

Before the Court is Receiver Thomas C. Hebrank's (the "Receiver") Report and Recommendations Regarding Xpera Report Recommendations. ECF No. 1405.

I.  **BACKGROUND**

On May 25, 2016 this Court entered an order approving in part, and denying in part, the Receiver's motion for an order: (a) authorizing the receiver to conduct an orderly sale of general partnerships; (b) approving the plan of distributing receivership assets; and (c) approving procedures for the administration of investor claims. ECF No. 1181.  One of the salient disputes that the Court addressed in that order was the question of whether and when to sell the General Partnership properties. *See id.* at 9.  The

Receiver had argued that it was in the best interest of the receivership estate to conduct an orderly sale of all GP properties as is. *Id.* By contrast, a group of investors (referred to as the "Dillon Investors") sought to follow an orderly sale that comported with the recommendations of a consulting group, the Xpera Group ("Xpera"), which the investors had independently commissioned to weigh in on the dispute. *Id.* at 10.

Despite the substantial level of agreement between the Receiver's orderly sale proposal and the Xpera proposal, the Court noted that the Xpera report disagreed with the Receiver in a few instances and, more specifically, cautioned against selling a handful of the properties in the near-term. *Id.* at 16. In light of this disagreement, the Court accepted the Receiver's invitation to evaluate the pros and cons of the Xpera proposal before proceeding forward. *See id.* at 19. As such, the Court directed the Receiver to file "a report and recommendation evaluating the pros and cons of the Xpera Report recommendations, and identifying those recommendations that would feasibly maximize the value of the receivership estate." *Id.*

## II.   REPORT AND RECOMMENDATIONS

In order to evaluate the Xpera proposal, the Receiver requested, and was granted, authority to hire CBRE, a real estate brokerage and consulting firm, to assess the Xpera recommendations. ECF No. 1181 at 3. The Receiver limited the scope of CBRE's engagement to evaluating Xpera's recommendations that (1) eight properties undergo zoning changes or other entitlement work before being sold; (2) four properties be held for 5-10 years before being sold; and (3) two be held for 12 months before sale. *Id.* at 3.

The Receiver's report summarizes CBRE's recommendations as to each of the fourteen properties that CBRE analyzed, notes where — and how — CBRE's suggested course of conduct differs from Xpera's suggested approach, and includes his conclusive recommendation. *Id.*, Exhibit A. In all but one instance, the Receiver recommends adopting CBRE's suggestions because, in his estimation, "adopting CBRE's recommendations will maximize the net recovery from the applicable GP properties for the receivership estate." *Id.* at 7. The Receiver, however, does not support adopting

CBRE's recommendation that the receivership enter into a joint venture proposal in order to sell the Fernley I property. *Id.* Instead, the Receiver recommends "directly retaining an engineering firm to obtain a new subdivision map for the property" because such an action will better "preserve the value in the property for the receivership estate" as such action avoids having to "spend[ ] time and money on negotiation and then having to share such value with a joint venture partner." *Id.* Lastly, the Receiver also recommends, and requests, permission to list the Tecate property on the same terms as the other six Tecate properties and to do so with the same broker that the Court already approved to list such properties. *Id.* "The Receiver believes having all of the Tecate properties listed with the same broker is the best course of action in terms of attracting buyers who may be interested in purchasing more than one (or possibly all) of the properties." *Id.*

Having reviewed the Receiver's report evaluating the Xpera and CBRE recommendations, his analysis, and subsequent recommendations, the Court **ADOPTS** the Receiver's Report and Recommendations Regarding Xpera Report Recommendations. ECF No. 1405. The Receiver is, therefore, **DIRECTED** to take all the steps he outlined in the document.

**IT IS SO ORDERED.**

Dated: December 12, 2016

Hon. Gonzalo P. Curiel
United States District Judge