# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

         Plaintiff,

v.

LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,

         Defendants.

Case No.: 3:12-cv-2164-GPC-JMA

**GRANTING ALLEN MATKINS' SEVENTEENTH INTERIM FEE APPLICATION**

[ECF No. 1434]

On March 14, 2017, the Court denied the Seventeenth Interim Fee Application of Allen Matkins Leck Gamble Mallory & Natsis LLP, Counsel to Receiver ("Allen Matkins") and directed Counsel to Receiver to file Supplemental Briefing addressing the Court's concerns. ECF No. 1448. The Court received such briefing on March 20, 2017. ECF No. 1450. Accordingly, and having been satisfied that Counsel to Receiver has cured the defects present in the initial filing, the Court hereby **GRANTS** Allen Matkins' Seventeenth Interim Fee Application.

1

The Court previously denied Allen Matkins' request for fees because it found that Counsel to Receiver had failed to demonstrate that their hourly rates were fair and reasonable in light of prevailing market rates.[1] ECF No. at 1448. The Court attributed this failure to the fact that Allen Matkins had raised the hourly rates of its lawyers by 6.5% without notice and without explanation to the Court. *Id.* at 7. The Court expressed particular concern about the fact that the overwhelming majority of work on the Receivership had been previously billed at $486.00 per hour and was now being billed at an hourly rate of $517.00. *Id.*

The Supplemental Briefing submitted by Counsel to Receiver explains that the 6.5% rate increase is due to an annual adjustment in the law firm's annual rates which it made "in light of increases in operating expenses and the additional skill and experience of their attorneys." ECF No. 1450 at 3. Allen Matkins added that the firm makes such adjustments each year, effective July 1.[2] *Id.*

In light of this new information, the Court finds that Allen Matkins' rates are fair and reasonable. The Court begins by noting that the total fees requested by Allen Matkins include a 10 percent discount, which has been customary throughout the firm's tenure as Counsel to Receiver. *See* ECF No. 1450 at 3. Accordingly, although Allen Matkins accrued $99,325.35 in fees during the Seventeenth Application Period, it has only requested $89,392.82. *See* ECF No. 1434. The Court further observes that most of the work performed by Counsel to Receiver was billed at $517.00 and that, when taking into account the 10 percent discount, Allen Matkins average rate per hour was $475.75.[3] As such, the Court finds that Allen Matkins' rates are reasonable notwithstanding the fact

---

[1] Apart from the hourly rate, the Court otherwise concluded that the fees requested were reasonable in light of the complexity and quality of Allen Matkins' work, along with the non-opposition of the SEC, and the Receivership's ability to bear the fees. *See* ECF No. 1448 at 6-10.
[2] The firm further noted that it would freeze its rates for the remainder of the Receivership.
[3] Counsel to Receiver requests $89,392.82 in fees for 187.9 hours of work. *See* ECF No. 1434 at 2. Therefore, Counsel's average rate per hour is $475.75 ($89,392.82 / 187.9 = $475.75).

that Allen Matkins' range of hourly rates, $256.50 – $715.00[4], is higher than comparable professionals.

| Case | Court and Case No. | Receiver's Counsel | Hourly Rates | Docket Nos. |
|---|---|---|---|---|
| SEC v. Lambert Van Tuig, et al. | USDC-CD Case No. 06-cv-00172 | Sheppard Mullin Richter & Hampton LLP | $290-$520 | 765/774 |
| SEC v. Learn Waterhouse, Inc., et al. | USDC-SD Case No. 04-cv-02037 | Ervin Cohen & Jessup LLP | $235-$575 | 729-3/732 |
| SEC v. Christian Stanley, Inc., et al. | USDC-CD Case No. 11-cv-07147 | Dentons US LLP | $211-$531 | 204-2/211 |

ECF No. 1450 at 3. Of the 187.9 hours that Allen Matkins spent on the Receivership this application period, only 22.6 hours (roughly 12%) were billed above $517.50. Given that only a small percentage of Allen Matkins' fees were billed at the higher rates, the Court finds that the firm's 10 percent discount is more than sufficient to bring its compensation within an acceptable range, as evidenced by the fact that the average rate per hour, after incorporating the discount, was $475.75.

As such, the Court concludes that Allen Matkins' rates represent the fair value of the time, labor, and skill provided, as measured by conservative business standards and in light of comparable rates in this geographic area.

## **CONCLUSION**

Having been satisfied that Counsel to Receiver cured the defects in its Seventeenth Interim Fee Application, ECF No. 1434, identified by the Court in its order denying the Seventeenth Interim Fee Application, ECF No. 1448, the Court hereby **GRANTS** Allen

---

[4] The Court misstated the spectrum of Allen Matkins' hourly rates in its motion denying Allen Matkins seventeenth interim fee application as ranging from $256.50 – $702.00. The correct range is $256.50 – $715.50. *See* ECF No. 1434 at 28.

3

Matkins' Seventeenth Interim Fee Application, ECF No. 1434, and awards fees and costs as set forth in the following table:

| Applicant | Fees Allowed | % of Fees Incurred[5] | Costs Allowed | % of Costs Requested |
|---|---|---|---|---|
| Counsel | $99,325.35 | 80 | $503.96 | 100 |

**IT IS SO ORDERED**.

Dated: April 10, 2017

Hon. Gonzalo P. Curiel
United States District Judge

---

[5] The Court includes the percentage of fees *incurred* rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees.