# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION d/b/a WESTERN FINANCIAL PLANNING CORPORATION,<br><br>    Defendants. | Case No. 3:12-cv-02164-GPC-JMA<br><br>**ORDER DIRECTING SEC TO WEIGH IN ON RECEIVER'S MOTION TO CONFIRM E.B.S. LAND COMPANY IS INCLUDED IN THE RECEIVERSHIP** |

854071.01/SD

12cv02164

# BACKGROUND

### A. The SEC Enforcement Action

On January 21, 2016, the Court granted the SEC's motion for final judgment against Defendant Louis V. Schooler. ECF No. 1170. The SEC had initiated this civil action against Defendant Schooler and Western Financial Planning Corporation ("Western") four years earlier, on account of their practice of defrauding investors into purchasing unregistered securities. *Id.* (citing Second Summary Judgment Order, ECF No. 1081). To carry out the scheme, Defendant Western bought undeveloped real estate, with cash or through financing, and simultaneously formed one or more General Partnerships ("GPs") to own the land. First Summary Judgment Order, ECF No. 1074 at 10. Western then sold General Partnership units to investors and sold the undeveloped real estate to the General Partnerships. *Id.* at 10. In total, Western raised approximately $153 million from almost 3,400 investors through implementing this scheme. *Id.*

### B. The Receivership

Soon after the complaint was filed, *see* ECF No.1, the SEC moved for a Temporary Restraining Order ("TRO") requesting that the Court appoint a temporary receiver over Western and the entities that it controls, *see* ECF No. 3-1. The Court granted the SEC's TRO on September 6, 2012, and the TRO extended to EBS Land Co, among other entities. *See* ECF No. 10 at 6. On October 5, 2012, the Court converted the TRO into a preliminary injunction order. *See* ECF No. 44.

Not long thereafter, the SEC submitted a Proposed Preliminary Injunction Order and Order Appointing Thomas C. Hebrank Permanent Receiver. ECF No. 62. That proposed preliminary injunction did not include E.B.S. Land Co. as one of the entities to be subject to receivership. *See id.* at 11-19. On March 13, 2013, the Court granted the SEC's proposed preliminary injunction order, which similarly did not include E.B.S. Land Co. in the receivership. *See* ECF No. 174.

**C. E.B.S. Land Co.**

E.B.S. Land Co. was incorporated in 1963 by Schooler's father, Eugene B. Schooler. *See* Exhibit 5, ECF No. 563-3 (Promotional materials entitled, "About Western"). E.B. Schooler formed EBS Land Co. in order to "invest in undeveloped land throughout the rapidly growing southwest." *Id.* According to the Statements of Information filed with the California Secretary of State, Defendant Schooler is the Chief Executive Officer, Secretary, Chief Financial Officer, sole Director, and Agent for Service of Process of EBS. ECF No. 1472-1 at 3.

E.B.S. Land Co. was the "Partnership Administrator" of at least one of the Partnership Agreements that governed the GPs. *See* Partnership Agreement P-40 Warhawk Partners, ECF No. 195-3 at 11 ("Louis V. Schooler, Western Financial Planning Corporation, First Financial Planning Corporation, E.B.S. Land Co., and any and all persons or entities receiving compensation of any kind from Louis V. Schooler, Western Financial Corporation, First Financial Planning Corporation, or E.B.S. Land Co. shall be "Non-Voting Partners."); *id.* at 13 ("For the purpose of facilitating the efficient and orderly administration of the Partnership's various clerical, administrative, and organizational needs, the Partnership will enter into a Partnership Administration Agreement with E.B.S. Land Co., a California and Nevada corporation, Louis V. Schooler, President, to serve as "Partnership Administrator.").

E.B.S. Land Co. currently holds a Deed of Trust that is clouding title on the Reno Vista/Reno View properties, both of which are subject to the receivership. ECF No. 1472-1. The Receiver has informed the Court that until the Deed of Trust is removed, Receiver cannot carry out the Court's approved sale of the Reno Vista/Reno View properties. *Id.*; *see also* ECF No. 1468.

**DISCUSSION**

Receiver seeks an order confirming that E.B.S. Land Co. is included in the receivership so that Receiver can accept a reconveyance of the E.B.S. Deed of Trust.

1  ECF No. 1472-1.  A reconveyance executed by the Receiver is the only way to clear
2  the E.B.S. Deed of Trust from the Reno Vista/Reno View property in time for the
3  approved sale to close.  *Id.*  Accordingly, and in light of the fact that Defendant
4  Schooler is either dead or missing, the Receiver seeks the aforementioned order to
5  allow the sale to close.  *Id.*

6  The Court has broad discretion to appoint an equity receiver in Commission
7  enforcement actions and to impose a receivership over those entities affected by the
8  fraud.  *See SEC v. Wencke*, 622 F.2d 1363, 1369-70 (9th Cir. 1980).  The Court
9  exercised such discretion on March 13, 2013 when it granted the SEC's preliminary
10 injunction order.  The Court's March 13, 2013 Order, however, did not extend to
11 E.B.S. Land Co., as that corporate entity was not included in the SEC's proposed
12 preliminary injunction order.  The Court moreover notes that the preliminary
13 injunction order granted receivership powers only over "Western, its subsidiaries,
14 and the entities listed on Schedule 1," and that E.B.S. Land Co. does not meet any of
15 those criteria.  *See* ECF No. 174 at 4.

16 These facts notwithstanding, the Court also recognizes that E.B.S. Land Co. is
17 a corporation wholly owned and operated by Defendant Schooler.  The most recent
18 Statement of Information filed with the California Secretary of State lists Louis V.
19 Schooler as the agent for service of process and as the CEO, Secretary, CFO,
20 President, and sole corporate officer, of E.B.S. Land Co.  Moreover and more
21 importantly, the Court also recognizes that the E.B.S. Deed of Trust is clouding title
22 on the Reno Vista/Reno View properties, which are the proper subjects of the
23 Court's jurisdiction pursuant to the receivership.  *See* ECF No. 174.

24 In light of these competing concerns, the Court **DIRECTS** the SEC to weigh
25 in on whether E.B.S. Land Co. is rightly considered to be included within the
26 receivership estate or whether it is nonetheless proper for this court to exercise *in*
27 *personam* jurisdiction over E.B.S. Land Co. given that the Court has *in rem*
28 jurisdiction over the Reno Vista/Reno View properties.  The SEC shall file a

| | |
|---|---|
| 1 | response by the close of business on **<u>Wednesday, June 21, 2017.</u>**  Any opposition |
| 2 | to E.B.S. Land Co. being included in the Receivership estate shall also be filed by |
| 3 | the close of business on **<u>Wednesday, June 21, 2017</u>**.  The Court **DIRECTS** the |
| 4 | Clerk to send a copy of this Order to E.B.S. Land Co.'s Principal Executive Office, |
| 5 | as listed on the Statement of Information filed with the California Secretary of State; |
| 6 | to Schooler's address as listed on the Statement of Information; and to counsel |
| 7 | representing Schooler on appeal in the 9th Circuit. |

**IT IS SO ORDERED.**

Dated:  June 14, 2017

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge

CC:

EBS Land Co.
249 S Highway 101, STE. 508
Solana Beach, CA 92075

Louis V. Schooler
629 Circle Drive
Solana Beach, CA 92075

Bryan C. Vess, Esq.
402 West Broadway, 29th Floor
San Diego, CA 92101