**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION d/b/a WESTERN FINANCIAL PLANNING CORPORATION,<br><br>  Defendants. | Case No. 3:12-cv-02164-GPC-JMA<br><br>**ORDER AUTHORIZING RECEIVER TO PURSUE CLAIMS TO QUIET TITLE TO SANTA FE PROPERTY**<br><br>[ECF No. 1454-1] |

Before the Court is the motion of Thomas C. Hebrank ("Receiver") for Authority to Pursue Claims to Quiet Title to Santa Fe Property. ECF No. 1454-1. After reviewing the moving papers and the applicable law, and for the following reasons, the Court **GRANTS** Receiver's motion.

## BACKGROUND

**A. The SEC Enforcement Action**

On January 21, 2016, the Court granted the SEC's motion for final judgment against Defendant Louis V. Schooler. ECF No. 1170. The SEC had initiated this civil action against Defendant Schooler and Western Financial Planning Corporation

("Western") four years earlier, on account of their practice of defrauding investors into purchasing unregistered securities. *Id.* (citing Second Summary Judgment Order, ECF No. 1081). To carry out the scheme, Defendant Western bought undeveloped real estate, with cash or through financing, and simultaneously formed one or more General Partnerships ("GPs") to own the land. First Summary Judgment Order, ECF No. 1074 at 10. Western then sold General Partnership units to investors and sold the undeveloped real estate to the General Partnerships. *Id.* at 10. In total, Western raised approximately $153 million from almost 3,400 investors through implementing this scheme. *Id.*

**B. The Decline of the General Partnership Assets**

In 2013, the Court-appointed Receiver, Thomas Hebrank, engaged licensed appraisers to value the 23 properties owned by the General Partnerships. ECF No. 203 at 2. Those professionals determined that the land was worth $16,328,000 and that the net appraised value (appraised value less outstanding balances on all mortgages) of the properties was $12,860,661. *Id.* The net appraised value represented just 8.41% of the total funds that the general partners had invested in the land. *Id.* The Receiver further estimated that, based on the then-current appraised values of the land, the average GP investor would suffer an 88.40% loss if the GP properties were sold in 2013. *Id.*

Contributing to the decline of the GP assets was the Santa Fe property, located in Cerrillos, New Mexico, was known as the Santa Fe property. ECF No. 1454-1. Beginning in 2013, the Santa Fe property, which contained three separate parcels, was no longer able to make its mortgage payments. *Id.* In response to this shortage, the Receiver requested, and was granted, permission to make partial payments on the mortgage with whatever cash was available in the GPs holding the Santa Fe property.

////

////

**C. The Receiver's Motion for Orderly Sale**

Three years later, soon after final judgment was entered, the Receiver moved for authority to conduct an Orderly Sale of the General Partnership Properties ("Orderly Sale"). Motion for Orderly Sale, ECF No. 1181-1. As part of the Orderly Sale process, which the Court subsequently approved, *see* ECF Nos. 1304, 1359, the Receiver pooled the receivership assets of all of the GPs in order to ease the administration of those GPs that were in arrears with regards to their operating expenses. ECF No. 1304 at 29-30. The pooling of the receivership assets placed the Receiver in a position to pay off the mortgages on the Santa Fe property, which are owed to Tower 98. ECF No. 1454-1.

**D. Santa Fe Property**

The Court granted the Receiver preliminary approval to conduct the Orderly Sale process on May 25, 2016 and final approval on August 30, 2017. ECF No. 1304, 1359. While final approval was pending, the Receiver reached out to Tower 98 on "multiple occasions" to request a payoff demand and calculation of the loan balance for the Santa Fe mortgages. ECF No. 1454-1 at 2. Thereafter, Counsel to Receiver contacted counsel for Tower 98 with the same request. *Id.* Tower 98 finally tendered a payoff demand to the Receiver in October 2016. *Id.* According to Receiver, however, that demand was substantially "overstated." *Id.* Tower 98, sometime thereafter, acknowledged that a mistake was made with the payoff demand and provided the Receiver with a revised calculation in December 2016. *Id.* Yet again, however, the Receiver states that the amount due was "overstated." *Id.* Receiver adds that he has provided Tower 98 with his own calculation of the loan on two occasions, but Tower 98 continued to dispute the total amount owed. *Id.* at 3.

On February 24, 2017,[1] the Receiver mailed a check to Tower 98 "with documents to release/reconvey the mortgages on the Santa Fe Property such that

---

[1] The Court assumes that Receiver meant to refer to February 2017 and not 2016, as the Modified Orderly Sale had not yet been approved in February 2016.

they would be removed from title to the property." *Id.* Since taking this action, Tower 98 has not cashed the check and has "refused to execute and return the releases." *Id.*

## **DISCUSSION**

The Receiver seeks authority to pursue claims to quiet title to the Santa Fe property. The Receiver recognizes that some expense will be incurred by pursuing the action, but that such an expense is warranted given that "further time attempting to resolve the dispute with Tower 98 will [not] be productive." ECF No. 1454-1 at 7. The Motion further assures that the Receiver and Counsel to Receiver will minimize the administrative expenses associated with taking legal action. *Id.*

Given the Receivership's interest in selling the GP assets, *see* ECF No. 1359, and selling the Santa Fe properties now as is, *see* ECF No. 1405, the Court finds that bringing a motion to quiet title is appropriate. The Receiver has attempted to settle the Santa Fe mortgage accounts for almost a year, and yet no progress has been made. The property is still subject to Tower 98's lien and is accumulating interest in the meantime. Accordingly, and in the interest of preparing the Santa Fe property for eventual sale, the Court **GRANTS** Receiver's motion for authority to pursue a quiet title action.

**IT IS SO ORDERED.**

Dated: June 14, 2017

Hon. Gonzalo P. Curiel
United States District Judge