UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>Defendant. | Case No.: 3:12-cv-2164-GPC-JMA<br><br>**ORDER:**<br><br>**SUPPLEMENTAL BRIEFING REGARDING (1) SUGGESTION OF SCHOOLER'S DEATH AND (2) SUBSTITUTION OF PARTY** |

## **BACKGROUND**

**A. SEC Enforcement Action**

On January 21, 2016, the Court granted the SEC's motion for final judgment against Defendant Louis V. Schooler. ECF No. 1170. The SEC had initiated this civil action against Defendant Schooler and Western Financial Planning Corporation ("Western") four years earlier, on account of their practice of defrauding investors into purchasing unregistered securities. *Id.* (citing Second Summary Judgment Order, ECF No. 1081). Thereafter, on February 23, 2016, the Court entered Final Judgment against

Defendant Schooler pursuant to Fed. R. Civ. P. 58, *nunc pro tunc* to January 21, 2016. ECF No. 1190.

**B. Appeal**

Defendant Schooler appealed the Court's Final Judgment on February 2, 2016. Dkt. No. 1179. The case is currently before the Ninth Circuit Court of Appeals as Case No. 16-55167. *Id.*

On October 14, 2016, appellate counsel for Schooler, Philip H. Dyson[1], submitted a "Suggestion of Death of Defendant Louis V. Schooler; Notice of Motion and Motion to be Relieved as Counsel; Request that an OSC Be Set RE: Dismissal" pursuant to Fed. R. Civ. P. 25(a)(1). Dkt. No. 49-1, Case No. 16-55167. In it, Dyson purported to give "notice of the death of his client, Defendant Louis V. Schooler" and requested to be "relieved as Mr. Schooler's counsel due to Mr. Schooler's death." *Id.* The filing also requested "that an OSC be set for 120 days from the granting of the withdrawal of Mr. Dyson regarding why this appeal should not be dismissed." *Id.*

On January 27, 2017, the Ninth Circuit issued an order to show cause why the appeal should not be dismissed under Fed. R. Civ. P. 25(a)(1) in light of the fact that Dyson had filed a formal suggestion of appellant's death. On February 17, 2017, Appellant's brother, E. Andrew Schooler, filed a memorandum showing cause why the case should not be dismissed. Dkt. No. 57, Case No. 16-55167. E. Schooler's response stated that he was a successor to appellant under the laws of intestate succession and objected to Dyson's formal suggestion of appellant's death, which, he noted, had been improperly served under Fed. R. Civ. P. 4. *Id.* E. Schooler's response to the OSC was submitted by Bryan C. Vess, who indicated that has was counsel for Defendant-Appellant. *Id.*

---

[1] Dyson, as stated below, was also Schooler's counsel in the proceedings before this Court.

On April 19, 2017, the Ninth Circuit remanded Case No. 16-55167 to the district court "to determine whether appellant [Louis Schooler] should be considered deceased for purposes of this litigation and, if so, whether there exists a personal representative of appellant, or other appropriate person, who may be substituted for appellant." Dkt. No. 1471.

**C. Post-Judgment Proceedings in District Court**

Months before the Ninth Circuit remanded the case for these limited purposes, this Court had denied Dyson's motion to suggest the death of Louis Schooler. Dkt. No. 1409. The motion filed with this Court purported to "formally notice" the death of his client, Louis Schooler, and requested that Dyson, accordingly, be relieved as counsel. Dkt. No. 1384 at 2. While the submission cited to Rule 25 as legal authority for the suggestion of death, the motion did not seek to substitute any representative or administrator of Schooler's estate as a party to appear in the post-judgment proceedings before this Court.[2] The SEC, likewise, did not move to substitute any individual as a party in its opposition to the suggestion of Schooler's death.

The Court declined to notice Schooler's death due, in large part, to the lack of information before the Court. Dkt. No. 1384. Dyson had stated that Schooler had died in Tahiti aboard a 42-foot boat. *Id.* at 5-6. In support of that statement, Dyson had included what he purported to be Schooler's death certificate, as issued by Tahitian authorities. Dkt. No. 1384-2 at 12. The death certificate was written in French and was accompanied by a "Google Translation" of the certificate. *Id.* at 6-12. The SEC opposed Dyson's suggestion of death because the circumstances of Schooler's death were "still under investigation" and because the copy of the certificate "appeared to be provisional." Dkt. No. 1398 at 2. Accordingly, and given the uncertainty surrounding Schooler's alleged death, the Court denied Dyson's suggestion of Schooler's death. Dkt. No. 1409. The

---

[2] Rule 25, entitled "Substitution of Parties," allows for substitution of parties in the case of death, incompetency, transfer of interest, or changes in public office. Fed. R. Civ. P. 25.

Court also, at that time, denied Dyson's motion to be relieved as counsel because the sole reason offered was Schooler's death. *Id.*

Dyson renewed his motion to be relieved as counsel the same day that the Court issued the above order. In it, he argued that he had good cause to withdraw as counsel because had had not heard from Schooler in five months despite attempts to contact him. Dkt. No. 1401-1 at 3. The Court granted Dyson's motion on February 2, 2017. Dkt. No. 1440. The Court noted in its order that its decision was based on the Ninth Circuit's recent decision to relieve Dyson on Schooler's appeal. Dkt. No. 1440.

## **DISCUSSION**

The facts before this Court regarding the circumstances of Schooler's death have not changed since the Court issued its order, on November 29, 2016, denying the request to notice Schooler's death.

The Court observes that this lack of information is due, in whole or in part, to the fact that Schooler is no longer represented by counsel before this Court. The Court relieved Philip Dyson of his duties on February 2, 2017 and, since that time, there has been no other appearance by a lawyer or personal representative on Schooler's behalf. The Court observes, however, that Schooler appears to be represented by counsel on his appeal before the Ninth Circuit. A Notice of Appearance of Counsel issued by the Ninth Circuit's Clerk's Office on February 17, 2017, indicates that Bryan C. Vess is representing Schooler on appeal in Case No. 16-55167. Dkt. No. 55, No. 16-55167.

Accordingly and given the Ninth Circuit's directive to "determine whether appellant should be considered deceased for purposes of this litigation and, if so, whether there exists a personal representative of appellant, or other appropriate person, who may be substituted for appellant," the Court **requests** that Schooler's **Appellate Counsel** and **any other interested party** submit supplemental briefing addressing (1) the circumstances of Schooler's death and (2) whether there is any personal representative to be substituted as a party for Schooler in the actions before the district and appellate court. The Court requests that such supplemental briefing include any facts, evidence, or

argument that may assist the Court in responding to the Ninth Circuit's directives. The Court will expect a response on or before **July 14, 2017**.

The Court further **ORDERS** that the SEC submit supplemental briefing addressing these same issues: namely, (1) whether Schooler's death should be noticed for purposes of this litigation and (2) whether there is an appropriate individual to be substituted for Schooler. The SEC stated in its opposition to Dyson's suggestion of death that Schooler's death was "still under investigation" and that the death certificate was "provisional." Dkt. No. 1384. Given that the SEC made these statements over six months ago, the Court orders the SEC to supplement these proffers with any new information obtained and with details about what, if any, steps it has taken to confirm Schooler's death. The SEC's response shall be filed on or before **July 14, 2017**.

**IT IS SO ORDERED.**

Dated: June 29, 2017

Hon. Gonzalo P. Curiel
United States District Judge

Cc:
Bryan C. Vess, Esq.
402 West Broadway, 29th Floor
San Diego, CA 92101

Jane Schooler
P.O. Box 969
Del Mar, CA 92014

Katherine Schooler
148 Francesca Drive
Oceanside, CA 92057

Andrew Schooler
341 Via Almansa

Encinitas, CA 92024

John Schooler
5461 Caminito Vista Lujo
San Diego, CA 92130

Linda Schooler
1425 Tirol Drive
Incline Village, NV 89451

Louis V. Schooler
629 Circle Drive
Solana Beach, CA 92075