# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION d/b/a WESTERN FINANCIAL PLANNING CORPORATION,

    Defendants.

-----------------------------------------------

Case No. 3:12-cv-02164-GPC-JMA

**ORDER:**

**(1) DENYING RECEIVER'S MOTION FOR ORDER CONFIRMING E.B.S. LAND CO. IS INCLUDED WITHIN THE RECEIVERSHIP and**

**(2) GRANTING REQUEST TO APPOINT RECEIVER AS ELISOR TO RECONVEY TITLE FROM E.B.S. LAND CO. TO RECEIVERSHIP**

**[ECF No. 1472]**

# INTRODUCTION

Before the Court is the Court-appointed receiver's motion for an order confirming that E.B.S. Land Co. ("E.B.S.") is included within the Receivership. ECF No. 1472. On June 14, 2017, this Court issued an order directing the SEC to weigh in on the Receiver's motion. ECF No. 1484. In response, the SEC submitted a memorandum requesting that the Court issue an order confirming that E.B.S. is part of the Receivership or, in the alternative, appointing the Receiver as elisor for purposes of quieting title to property owned by the Receivership and encumbered by E.B.S. ECF No. 1488. For the following reasons, and upon review of the moving papers and applicable law, the Court **DENIES** the Receiver's motion for order confirming that E.B.S. is included within the Receivership, but **GRANTS** Receiver authority, as elisor, to re-convey the title held by E.B.S. to the Receivership estate.

# BACKGROUND

### A. The SEC Enforcement Action

On January 21, 2016, the Court granted the SEC's motion for final judgment against Defendant Louis V. Schooler. ECF No. 1170. The SEC had initiated this civil action against Defendant Schooler and Western Financial Planning Corporation ("Western") four years earlier, on account of their practice of defrauding investors into purchasing unregistered securities. *Id.* (citing Second Summary Judgment Order, ECF No. 1081). To carry out the scheme, Defendant Western bought undeveloped real estate, with cash or through financing, and simultaneously formed one or more General Partnerships ("GPs") to own the land. First Summary Judgment Order, ECF No. 1074 at 10. Western then sold General Partnership units to investors and sold the undeveloped real estate to the General Partnerships. *Id.* at 10. In total, Western raised approximately $153 million from almost 3,400 investors through implementing this scheme. *Id.*

### B. The Receivership

Soon after the SEC filed its complaint, *see* ECF No.1, it moved for a

Temporary Restraining Order ("TRO") requesting that the Court appoint a temporary receiver over Western and the entities that it controlled, *see* ECF No. 3-1. The Court granted the SEC's TRO on September 6, 2012. *See* ECF No. 10 at 6. On October 5, 2012, the Court converted the TRO into a preliminary injunction order. *See* ECF No. 44.

Not long thereafter, the SEC submitted a Proposed Preliminary Injunction Order and Order Appointing Thomas C. Hebrank Permanent Receiver. ECF No. 62. On March 13, 2013, the Court approved the order in its entirety. ECF No. 174. The order granted Hebrank the "full powers of an equity receiver" and charged him with "full power" over any "property belonging to, being managed by or in the possession of or control of Western, its subsidiaries, or the entities listed on Schedule 1 . . . ." *Id.* at 3. Over eighty entities are listed in Schedule 1 and, importantly for present purposes, they include the Reno Partners, the Reno View Partners, and the Reno Vista Partners. *See id.* at 12-14. EBS Land Co., however, is not included within Schedule 1 and is not otherwise listed as a receivership entity.

**C. E.B.S. Land Co.**

E.B.S. Land Co. was incorporated in 1963 by Schooler's father, Eugene B. Schooler. *See* Exhibit 5, ECF No. 563-3 (Promotional materials entitled, "About Western"). E.B. Schooler formed EBS Land Co. in order to "invest in undeveloped land throughout the rapidly growing southwest." *Id.* According to the Statements of Information filed with the California Secretary of State, Defendant Schooler is the Chief Executive Officer, Secretary, Chief Financial Officer, sole Director, and Agent for Service of Process of EBS. ECF No. 1472-1 at 3.

E.B.S. Land Co. was the "Partnership Administrator" of at least one of the Partnership Agreements that governed the GPs. *See* Partnership Agreement P-40 Warhawk Partners, ECF No. 195-3 at 11 ("Louis V. Schooler, Western Financial Planning Corporation, First Financial Planning Corporation, E.B.S. Land Co., and any and all persons or entities receiving compensation of any kind from Louis V.

Schooler, Western Financial Corporation, First Financial Planning Corporation, or E.B.S. Land Co. shall be "Non-Voting Partners."); *id.* at 13 ("For the purpose of facilitating the efficient and orderly administration of the Partnership's various clerical, administrative, and organizational needs, the Partnership will enter into a Partnership Administration Agreement with E.B.S. Land Co., a California and Nevada corporation, Louis V. Schooler, President, to serve as "Partnership Administrator.").

E.B.S. Land Co. currently holds a Deed of Trust that is clouding title on the Reno Vista/Reno View properties, both of which are included within the Receivership. ECF No. 1472-1. The Receiver has informed the Court that until the Deed of Trust is removed, he cannot carry out the Court's approved sale of the Reno Vista/Reno View properties. *Id.*; *see also* ECF No. 1468.

## **DISCUSSION**

The Court has broad discretion to appoint an equity receiver in SEC enforcement actions and to impose a receivership over those entities affected by the fraud. *See SEC v. Wencke*, 622 F.2d 1363, 1369-70 (9th Cir. 1980). In an exercise of such discretion, this Court granted the SEC's proposed preliminary injunction and order appointing a permanent receiver on March 13, 2013. Through that March 13 Order, the Court enjoined Defendants from continuing their fraudulent scheme and moreover granted Hebrank receivership powers over "Western, its subsidiaries, and the entities listed on Schedule 1," which include the Reno View Partners and the Reno Vista Partners.

The Reno View Partners and Reno Vista Partners own the Reno Vista/Reno View properties. On April 12, 2017, the Court approved the sale of the Reno Vista/Reno View properties for the benefit of those investors defrauded by Defendants Schooler and Western. ECF No. 1468. The Receiver, however, has been unable to close the sale of those properties because a Deed of Trust held by E.B.S. Land Co. is clouding their title. ECF No. 1472 at 2.

"The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). A district court, therefore, has broad authority to supervise receiverships and to carry out reasonable procedures for the purpose of conducting "an orderly and efficient administration of the receivership for the benefit of creditors." *See CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999).

The SEC has pointed out that California courts employ elisors to enforce judgments for sales of real property. ECF No. 1488 at 4. "[C]onsistent with its common legal meaning, and elisor is a person appointed by the court to perform functions like the execution of a deed or document." *Blueberry Prop., LLC v. Chow*, 230 Cal. App. 4th 1017, 1020 (2014). "A court typically appoints an elisor to sign documents on behalf of a recalcitrant party in order to effectuate its judgments or orders, where the party refuses to execute such documents." *Id.* (citing to *Rayan v. Dykeman*, 224 Cal. App. 3d 1629, 1635 n.2 (1990)). Federal courts charged with administering receiverships have appointed elisors for the purpose of enforcing their orders and conveying interests in real property. *See SEC v. BIC Real Estate Dev. Corp.*, 2017 WL 2619111, *9-10 (E.D. Cal. June 16, 2017) (appointing receiver as elisor for purposes of restoring real interest in property included within receivership and permitting sale of property).

This Court's March 13, 2013 Order appointing Hebrank as Receiver ordered that:

> defendant Western, its subsidiaries, and the entities listed on Schedule 1, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral books, record, papers or other property of or managed by the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

ECF No. 174 at 6.  Currently, however, E.B.S. Land Co., which is wholly managed by Defendant Schooler, maintains possession and control of the Reno Vista and Reno View properties through the Deed of Trust it holds over the land. Accordingly, and pursuant to the Court's equitable power to carry out reasonable procedures to justly and efficiently administer the receivership estate and to enforce its orders, the Court appoints the receiver as elisor for the purpose of re-conveying the E.B.S. Deed of Trust.  Restoring interest in these properties to the Receivership will allow the Receiver to gain the access and control that is required by the Court's preliminary injunction order and will, moreover, allow the Receiver to sell the Reno View and Reno Vista properties pursuant to this Court's approval of sale.

## **CONCLUSION**

The Court **DENIES** the Receiver's request to confirm that E.B.S. Land Co. is included within the Receivership, ECF No. 1472, but nonetheless **GRANTS** the Receiver authority, as elisor, to re-convey the Deed of Trust held by E.B.S. Land Co. for the purpose of selling the Reno View and Reno Vista properties for the benefit of all investors.

**IT IS SO ORDERED.**

Dated:  August 4, 2017

Hon. Gonzalo P. Curiel
United States District Judge