UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>          Defendants. | Case No.: 3:12-cv-2164-GPC-JMA<br><br>**ORDER IN RESPONSE TO NINTH CIRCUIT'S LIMITED REMAND** |

## I. Background

On January 21, 2016, this Court granted the Securities and Exchange Commission's (the "SEC") motion for final judgment against Defendant Louis V. Schooler ("Louis"). (ECF No. 1170.) The SEC had initiated this civil action against Louis and Defendant Western Financial Planning Corporation ("Western") four years earlier, on account of their practice of defrauding investors into purchasing unregistered securities. (*Id.*; *see* ECF No. 1081.) On February 23, 2016, the Court entered Final Judgment against Louis pursuant to Fed. R. Civ. P. 58, *nunc pro tunc* to January 21, 2016.

Louis appealed the Court's final judgment on February 2, 2016. *Secs. & Exch. Comm'n v. Schooler*, No. 16-55167 (9th Cir.). On October 14, 2016, while the appeal was pending, Louis's counsel, Philip H. Dyson, submitted a "Suggestion of Death of Defendant Louis V. Schooler; Notice of Motion and Motion to be Relieved as Counsel; Request that an OSC Be Set RE: Dismissal" pursuant to Federal Rule of Civil Procedure 25(a)(1). *Schooler*, No. 16-55167, ECF No. 49-1 (9th Cir.). Dyson purported to give "notice of the death of his client, Defendant Louis V. Schooler," and requested to be "relieved as Mr. Schooler's counsel due to Mr. Schooler's death." *Id.* at 1. The filing also requested "that an OSC be set for 120 days from the granting of the withdrawal of Mr. Dyson regarding why this appeal should not be dismissed." *Id.*

On January 27, 2017, the Ninth Circuit issued an order to show cause why the appeal should not be dismissed. *Schooler*, No. 16-55167, ECF No. 53 (9th Cir.). On February 17, 2017, Louis's brother, E. Andrew Schooler ("Andrew"), filed a memorandum asking that the court not dismiss the appeal. *Schooler*, No. 16-55167, ECF No. 57 (9th Cir.). In that memorandum, Andrew asserted that he "believes he is the beneficiary of a will that has not yet been located," and that "at a minimum," he is "a successor to [Louis] under the laws of intestate succession." *Id.* at 1. Andrew also objected to Dyson's suggestion of Louis's death because it was not properly served upon Andrew. *Id.* at 2. Attorney Bryan C. Vess filed the memorandum on behalf of Andrew and indicated that Vess was "Counsel for Defendant-Appellant." *Id.*

On April 19, 2017, the Ninth Circuit panel remanded the case to this Court "for the limited purpose of allowing the district court to determine whether appellant should be considered deceased for purposes of this litigation, and, if so, whether there exists a personal representative of appellant, or other appropriate person, who may be substituted for appellant." *Schooler*, No. 16-55167, ECF No. 58 (9th Cir.). The panel stayed all proceedings in the appeal until this Court acted on these inquiries. *Id.*

**II. Supplemental Briefing and Judicial Notice**

On June 29, 2017, this Court invited supplemental briefing from the SEC, Attorney

Vess, and any other interested party offering information relevant the Ninth Circuit's inquiries. (ECF No. 1495.) The Court sent copies of its order to Vess, Andrew, Louis, and other Schooler family members including Jane Schooler, Katherine Schooler, John Schooler, and Linda Schooler. (*Id.* at 5–6.) The Court set a response deadline of July 14, 2017. (*Id.* at 4–5.) The Court received two responses.

### A. SEC

On July 14, 2017, the SEC filed a supplemental brief. (ECF No. 1497.) In that brief, the SEC "concedes that [Louis] is in fact deceased." (*Id.* at 1.) The SEC explains that "[t]he official determination of whether a U.S. Citizen has perished abroad is a function of the United States' Department of State" through a Consular Report of Death ("CROD"). (*Id.*) According to the SEC, when it was first suggested in October 2016 that Louis had passed away, the State Department had not yet issued a CROD. (*Id.*) Moreover, the SEC had identified inconsistencies regarding the reporting of Louis's death, including radio records suggesting that Louis's boat was not near ground when he made a distress call, and the report from a rescue plane crew that they had located Louis's boat at sail after the distress call was made. (*Id.*) According to that report, when the plane flew over the boat, the boat changed course and a light inside the boat was turned off. (*Id.*) As a result, the SEC "was not yet prepared to concede [Louis's] death" in response to the initial suggestion of Louis's death (*Id.*)

Since then, the SEC took discovery from Louis's wife—who received communication from Louis prior to his death and from Louis's life insurance company—and unsuccessfully sought information from a New Zealand resident "who was involved in the search and rescue operation." (*Id.* at 1–2.) The SEC has also been in contact with the State Department. (*Id.* at 2.) On June 30, 2017, the SEC confirmed that the State Department had issued a CROD announcing Louis's death. (*Id.*) The SEC attached a copy of the CROD to its supplemental briefing. (ECF No. 1497-1, Ex. 1.) In sum, the SEC indicates that, for purposes of this litigation, Louis should be considered deceased.

As for who could be substituted in Louis's place in this case, the SEC indicated

that "the logical person to step into [Louis's] place and prosecute the appeal is his wife, Linda Schooler" because Louis left no will, and no estate has been opened. (*Id.* at 3.) The SEC "understands," however, that Linda Schooler has declined to be substituted in this action. (*Id.*) The SEC also noted while Andrew previously asserted to the Ninth Circuit that he was the beneficiary of Louis's will, Andrew has since admitted that no such will has been located. (*Id.*) Because no other sibling has sought to participate in this case, the SEC concluded that it was "aware of no proper party who may be substituted in this action." (*Id.*)

### B. Andrew Schooler

On July 14, 2017, Andrew—through Attorney Vess—also filed supplemental briefing. (ECF No. 1498.) As to whether Louis is deceased, Andrew offers a translation of a French Polynesian court's decision finding that Louis has died. (ECF No. 1498-1, Ex. A.) With respect to the proper party to be substituted in this action, Andrew indicates that he has filed a petition in San Diego Superior Court to be appointed administrator of Louis's estate. (ECF No. 1498 at 2.) He also asserts that he "believes he is the beneficiary of a will that has not yet been located," but "at a minimum, [he is] a successor to Appellant under the laws of intestate succession." (*Id.*) Andrew also "objects to any position to be taken by the [SEC] that Louis Schooler is not dead as being based on speculation, not fact." (*Id.*)

### C. Judicial Notice

Because it may take judicial notice of documents issued in the course of public court proceedings, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), the Court takes judicial notice of the ongoing proceedings in San Diego Superior Court relating to Andrew's petition for appointment as representative of Louis's estate. *See Estate of Louis C. Schooler*, No. 37-2017-00017613-PR-LA-CTL (Cal. Super. Ct.). A filing in that case dated September 12, 2017—a copy of which is attached to this order—indicates that the Superior Court has appointed Andrew as personal representative of Louis's estate with "limited authority." The "limited authority"

conferred upon Andrew explicitly does not include the ability, "without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property."

### III. Conclusion

In light of the information discussed above, the Court issues the following orders:

1. Because the SEC now concedes that Defendant Louis V. Schooler is deceased in light of the State Department's issuance of a CROD, and because the Court has not been presented with any evidence suggesting Louis V. Schooler is still alive, the Court concludes that Louis V. Schooler should be considered deceased for purposes of this litigation.

2. Because the San Diego Superior Court has appointed E. Andrew Schooler as the personal representative of the estate of Louis V. Schooler, the Court **SUBSTITUTES** E. Andrew Schooler, in his capacity as the representative of the estate of Louis V. Schooler, in the place of Defendant Louis V. Schooler for purposes of this litigation.

This order shall be considered a complete answer to the inquiries listed in the Ninth Circuit panel's April 19, 2017 order issuing a limited remand in this case. *See Schooler*, No. 16-55167, ECF No. 58 (9th Cir.). The Clerk of Court is respectfully requested to send a copy of this order to the Ninth Circuit as a "Notice of Docket Activity."

**IT IS SO ORDERED.**

Dated: November 1, 2017

Hon. Gonzalo P. Curiel
United States District Judge

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): Andy Schooler 341 Via Almansa Encinitas, CA 92024 | TELEPHONE AND FAX NOS.: 858-755-4317 | FOR COURT USE ONLY **FILED** Clerk of the Superior Court SEP 12 2017 Filed By: V. Nava |

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 1409 Fourth Avenue
MAILING ADDRESS: San Diego, CA 92101
CITY AND ZIP CODE:
BRANCH NAME: Madge Bradley

ESTATE OF (Name): Louis V. Schooler
DECEDENT

**LETTERS**
- [ ] TESTAMENTARY
- [x] OF ADMINISTRATION
- [ ] OF ADMINISTRATION WITH WILL ANNEXED
- [ ] SPECIAL ADMINISTRATION

CASE NUMBER: 37-2017-00017613-PR-LA-CTL

## LETTERS

1. [ ] The last will of the decedent named above having been proved, the court appoints (name):
   a. [ ] executor
   b. [ ] administrator with will annexed.
2. [x] The court appoints (name): Andy Schooler
   a. [x] administrator of the decedent's estate.
   b. [ ] special administrator of decedent's estate
      (1) [ ] with the special powers specified in the Order for Probate.
      (2) [ ] with the powers of a general administrator
      (3) [ ] letters will expire on (date):

3. [x] The personal representative is authorized to administer the estate under the Independent Administration of Estates Act [ ] with full authority
   [x] with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. [ ] The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL) Date: SEP 12 2017
Clerk, by V. Nava (DEPUTY)

## AFFIRMATION

1. [ ] PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. [x] INDIVIDUAL: I solemnly affirm that I will perform the duties of personal representative according to law

3. [ ] INSTITUTIONAL FIDUCIARY (name):

I solemnly affirm that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer (Name and title).

LETTERS EXPIRE: MAR 01 2019

4. Executed on (date): 8-30-17
   at (place): San Diego, California

(SIGNATURE)

## CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect

(SEAL) Date:
Clerk, by
(DEPUTY)

Form Approved by the Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
(Probate)

Probate Code, §§ 1001, 8405, 8544, 9945;
Code of Civil Procedure, § 2015.6