UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>　　　　　　　　　　　　Defendants. | **Case No.: 3:12-cv-2164-GPC-JMA**<br><br>**(1) GRANTING RECEIVER'S TWENTIETH INTERIM FEE APPLICATION;**<br><br>**[ECF No. 1521]**<br><br>**(2) GRANTING ALLEN MATKINS' TWENTIETH INTERIM FEE APPLICATION;**<br><br>**[ECF No. 1522]**<br><br>**(3) GRANTING DUFFY, KRUSPODIN & COMPANY'S SEVENTH INTERIM FEE APPLICATION;**<br><br>**[ECF No. 1523]** |

Before the Court are three fee applications by the court-appointed receiver Thomas C. Hebrank (the "Receiver") (ECF No. 1521); counsel to receiver Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins") (ECF No. 1522); and tax accountants for receiver Duffy, Kruspodin & Company, LLP ("Duffy Kruspodin") (ECF No. 1523).

1

Plaintiff Securities and Exchange Commission (the "SEC") filed a non-opposition to all three motions on October 13, 2017. ECF No. 1533. The Court finds these motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1).

# **BACKGROUND**

## A. Receiver

In the Twentieth Interim Fee Application, the Receiver asserts that he incurred $96,363.00 in fees and $1,288.85 in costs for the application period covering April 1, 2017, through June 30, 2017 ("Twentieth Application Period"). ECF No. 1521 at 1. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| General Receivership | $4,331.25 |
| Asset Investigation & Recovery | $0.00 |
| Reporting | $1,777.50 |
| Operations & Asset Sales | $67,878.00 |
| Claims & Distributions | $22,376.25 |
| Legal Matters & Pending Litigation | $0.00 |
| **Total** | **$96,363.00** |

*Id.* at 2–4. Receiver now seeks payment of 80% of fees incurred, amounting to $77,090.40, and 100% of the costs, which account for postage, website maintenance, and copies. *Id.* at 1 & Exhibit C.

## B. Allen Matkins

In the Twentieth Interim Fee Application, Allen Matkins, counsel for receiver, asserts that it incurred $82,392.30 in fees and $570.56 in costs for the application period covering April 1, 2017, through June 30, 2017. ECF No. 1522 at 1. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| General Receivership | $11,811.60 |
| Reporting | $1,759.50 |
| Operations & Asset Sales | $60,437.70 |
| Claims & Distributions | $6,572.25 |
| Third Party Recoveries | $258.75 |
| Employment/Fees | $1,552.50 |
| **Total** | $82,392.30 |

*Id.* at 1–8. Allen Matkins now seeks payment of 80% of the fees incurred, amounting to $65,913.84, and 100% of the costs, accounting for document searches, filing fees, and service of process. *Id.* at 1 & Exhibit A.

**C. Duffy Kruspodin**

In the Sixth Interim Fee Application, Duffy Kruspodin, tax accountants for Receiver, asserts that it incurred $180,528.75 in fees and $13,597.08 in costs for work in preparing the 2016 federal and state tax returns for the General Partnerships ("GPs"). ECF No. 1523 at 1. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| General Engagement Services | $41,364.00 |
| IT Consulting | $4,348.80 |
| Preparation of 2016 Informational Returns and 2016 Income Tax Returns for GPs | $126,394.20 |
| Preparation of 2015 Income Tax Returns for First Financial, Real Asset Locators, and related entities | $8,421.75 |

| Total | $180,528.75 |
|---|---|

*Id.* at 1–7. Duffy Kruspodin now seeks payment for all fees and costs incurred in carrying out these tasks. *Id.* at 2. The costs are itemized in Exhibit D of the application and account for tax software, electronic filing, envelopes, and postage. *Id.* at 8 & Ex. D.

## LEGAL STANDARD

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to fair compensation for his efforts." *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). A receiver's fees must be reasonable. *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, *see, e.g.*, ECF No. 1167, the Court will assess the reasonableness of the requested fees using the factors enumerated in *Sec. & Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006). Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence. *See* 364 F. Supp. at 1222; 2006 WL 3085616, at *2–3.

## DISCUSSION

### Interim Fee Applications

**A. Complexity of Tasks**

    **1. Receiver**

4

The Court finds that the tasks performed by the Receiver during the Twentieth Application Period was moderately complex. The Receiver undertook the following tasks during the relevant period:

- handling general administrative issues, including reviewing mail, email, and other correspondence directed at the Receivership Entities;
- administering the bank accounts of the Receivership Entities;
- reviewing and approving expenditures;
- maintaining and updating the Receiver's website with case information and documents;
- responding to investor inquiries and misinformation put out by certain investors;
- preparing Receiver's Nineteenth interim report;
- preparing the filings regarding the sale of the Reno Partners, Valley Vista, Bratton View, and Santa Fe properties;
- managing and overseeing the GPs' operations and real properties;
- managing and overseeing Western's operations;
- performing accounting functions of the Receivership Entities;
- managing and overseeing tax reporting for Receivership Entities;
- managing and overseeing GP operational bills, loan payments, and cash management;
- obtaining listing agreements and marketing properties for sale with brokers;
- analyzing, negotiating, and accepting purchase offers;
- conducting investor votes;
- closing property sales;
- sending monthly case update reports to investors, listing major legal filings, property sales activity, court rulings, tax, and other information; and
- preparing "cash in vs. cash out" analysis to determine each investor's proposed allowed claim amount, which included reviewing historical files and employment records.

ECF No. 1521 at 2–4.

**2. Allen Matkins**

The Court finds that the tasks performed by Allen Matkins, counsel for Receiver, during the Twentieth Application Period were somewhat complex. Counsel undertook the following tasks during this period:

- advising the Receiver regarding the formation of a Qualified Settlement Fund under the Internal Revenue Code;

5

3:12-cv-2164-GPC-JMA

- assisting and advising the Receiver in responding to a request by Louis Schooler's former counsel relating to a sale of real property;
- assisting and advising the Receiver in the remand of this case from the Ninth Circuit to determine whether Mr. Schooler is deceased and if a representative of his estate should be permitted to prosecute the appeal;
- assisting and advising the Receiver regarding a request for documents from an investor in WFP Securities;
- preparing the Receiver's Nineteenth Interim Report;
- assisting the Receiver with respect to operations of Western and the General Partnerships, including easement and condemnation issues, issues relating to property taxes and assessments, and the sales of the Reno Partners, Valley Vista, Bratton View, LV Kade, RenoVista/Reno View, and Santa Fe properties;
- assisting and advising the Receiver on issues relating to investor claims and procedures for the administration of such claims, which included reviewing and responding to communications from investors, creditors, and counsel;
- assisting the Receiver in preparing notices to investors and updates to the receivership website;
- collecting the outstanding judgment against LinMar III, which included reviewing the post-judgment receiver's reports and advising on issues relating to the post-judgment receivership; and
- assisting the Receiver in preparing his Eighteenth and Nineteenth Interim Fee Applications, and Duffy Kurspodin & Co. in preparing its Seventh Interim Fee Application.

ECF No. 1522 at 2–8.

### 3. Duffy Kruspodin

The Court finds that the tasks performed by Duffy Kruspodin, tax accountants for Receiver, during the Seventh Application Period were moderately complex. Tax Accountants to Receiver undertook the following tasks during this period:

- engaging in communication and meetings with the Receiver with respect to the receivership;
- updating the accounting documents necessary to prepare the tax returns;
- working with the Receiver to evaluate all balance sheet accounts and retaining those that remain to be paid out as of the close of the entities;
- preparing short year tax returns for the 2016 tax return;
- providing services related to information technology to assist with the tax preparation process; and

- preparing the 2016 informational returns for the GPs, 2016 income tax returns for the GPs, and 2015 income tax returns for Western and its subsidiaries, including First Financial and Real Asset Locators.

ECF No. 1523 at 2–7.

### B. Fair Value of Time, Labor, and Skill

The Receiver billed his time at $247.50 per hour and the time of those working for him at $180.00 per hour during both application periods. ECF No. 1521 at 2–4. Allen Matkins billed its time at $283.50 – $715.50 per hour, with the majority of work being billed at $517.50 per hour. ECF No. 1522, Exhibit A. Duffy Kruspodin billed its time from $70 – $400 per hour, with a blended billing rate of $169.65. ECF No. 1523 at 9–10. These rates reflect a ten percent discount from the Receiver's, Allen Matkins', and Duffy Kruspodin's ordinary rates. ECF No. 1521 at 1; ECF No. 1522 at 1; ECF No. 1523 at 1.

The Court continues to find, as it has in previous fee orders, that the rates charged by the Receiver, Allen Matkins, and Duffy Kruspodin are comparable to rates charged in this geographic area and therefore represent a fair value of the time, labor, and skill provided.

### C. Quality of Work Performed

The Court finds that the quality of work performed by the Receiver, Allen Matkins, and Duffy Kruspodin to be above average. The Receiver has, and continues to, competently operate the Receivership as evidenced by Receiver's Nineteenth Status Report (ECF No. 1478), while at the same time marshalling assets—through capital calls, post-judgment collection, and sales—to support its continued financial integrity. These actions benefit all investors. The Receiver and his counsel have, moreover, complied with the Court's orders and have made every effort to protect investors' interests in the GP properties during the pendency of this litigation. The Court likewise finds the quality of Duffy Kruspodin's work to be satisfactory. Duffy Kruspodin prepared all 98 of the GP tax returns for 2016 in a timely manner, fulfilling the Receivership's responsibility to the federal and state governments and to investors. ECF No. 1523 at 10.

7

### D. Receivership Estate's Ability to Bear Burden of Fees

On August 30, 2016, the Court approved the Receiver's Modified Orderly Sale Process, ECF No. 1359, and the use of the One Pot approach to distribute receivership assets, ECF No. 1304 at 31. These actions were taken for the dual purpose of increasing the value of the receivership estate by selling GP properties and lowering administrative costs. ECF No. 1304 at 30.

Since the Court approved the Receiver's last interim fee application, the Court has approved the sales of the LV Kade, Silver Springs North, Park Vegas, Washoe V, and Production Partners Properties. ECF Nos. 1511, 1520, 1536, 1537, 1538. A pending motion for approval of sale of the Silver State Properties is pending and awaiting confirmation that not qualified overbids have been submitted. ECF No. 1527.

The sales and future sale of these properties have maximized, and will continue to maximize, the value of the GP properties for the benefit of all investors. Such sales will also increase the Receivership's cash balance. Accordingly, the Court finds that the Receivership estate has sufficient ability to bear the instant fee requests.

### E. Commission's Opposition or Acquiescence

On October 13, 2017, the Securities and Exchange Commission filed a notice that it supported approval of these interim fee applications because they "appear reasonable in light of the work performed during this interim period." ECF No. 1533.

### Interim Reports

On August 9, 2017, the Receiver filed the Twentieth Interim Report. ECF No. 1505. The Report provides updates concerning: (1) the Receiver's activities; (2) Western's assets; (3) issues concerning the GP properties; (4) closed and pending sales of GP properties; and (5) pending offers and negotiations. The Court is satisfied with the level of detail contained in the Twentieth Interim Report and with the reasonableness of the actions taken by the Receiver during the relevant time periods.

# CONCLUSION

Considering the above five factors taken together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006 WL 3085616, at *2–3, the Court awards fees and costs as set forth in the following table:

| Applicant | Fees Allowed | % of Fees Incurred[1] | Costs Allowed | % of Costs Requested |
| --- | --- | --- | --- | --- |
| Receiver | $77,090.40 | 80 | $1,288.85 | 100 |
| Allen Matkins | $65,913.84 | 80 | $570.56 | 100 |
| Duffy Kruspodin | $180,528.75 | 100 | $13,597.08 | 100 |

# ORDER

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Receiver's Twentieth Interim Fee Application, ECF No. 1521, is **GRANTED**;
2. Allen Matkins' Twentieth Interim Fee Application, ECF No. 1522, is **GRANTED**;
3. Duffy Kruspodin's Seventh Interim Fee Application, ECF No. 1523, is **GRANTED**;
4. The Receiver's Twentieth Interim Report, ECF No. 1505, is **APPROVED**.

**IT IS SO ORDERED**.

Dated: November 7, 2017

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court includes the percentage of fees *incurred* rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees. In addition, Duffy Kruspodin's billing rate already incorporated a discount of 10%. ECF No. 1523 at 1.