UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION d/b/a WESTERN FINANCIAL PLANNING CORPORATION,<br><br>Defendants. | Case No.: 3:12-cv-02164-GPC-JMA<br><br>**ORDER GRANTING IN PART RECEIVER'S MOTION**<br><br>**[ECF No. 1545]** |

Before the Court is a motion by Thomas C. Hebrank ("Receiver"), the Court-appointed receiver for First Financial Planning Corporation, d/b/a Western Financial Planning Corporation ("Western"), its subsidiaries and the General Partnerships ("GPs") listed in Schedule 1 to the Preliminary Injunction Order entered by this Court on March 13, 2013. In his motion, Receiver seeks (1) resolution of the remaining disputed claims, (2) approval of his proposed allowed claim amounts, and (3) authorization to dissolve the GPs and related entities. (ECF No. 1545.) As will be discussed further during the hearing on December 15, 2017, the Court defers a decision regarding the resolution of disputed claims and approval of the proposed allowed claim amounts until it can afford

1

the involved investors an adequate opportunity to respond to Receiver's arguments. In the meantime, for the reasons stated below, the Court AUTHORIZES the Receiver to transfer the properties held by the GPs to Western, and dissolve the GPs and related entities.

On May 25, 2016, and through subsequent orders, the Court approved the Receiver's proposed plan to initiate orderly sales of GP properties, distribute receivership assets to investors, and administer investor claims. (ECF No. 1304.) The Receiver has since sold various GP properties and administered the investors' claims. The Receiver now asks for approval to transfer all GP assets into Western and dissolve and close the GPs and related entities. The Receiver argues that dissolution of the GPs is appropriate because their operation imposes "considerable expense" through fees for annual tax return and K-1 statement preparation, which amounts to more than $100,000 per year. (ECF No. 1545-1 at 2, 12.) The Receiver further explains that the GPs no longer "serve a purpose" because investors' claims are against the receivership estate as a whole. (*Id.* at 2.) Thus, dissolving the GPs and shifting all of the receivership's assets into one entity—Western—will have a net positive effect on distributions to investors pursuant to the "one pot" procedure already approved by the Court. The S.E.C. has filed a notice indicating that it does not oppose this request, and agrees that dissolution of the GPs will avoid unnecessary tax compliance costs and preserve funds to be distributed to investors as appropriate. (ECF No. 1553.)

The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Secs. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). The Court possesses broad "power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership." *Secs. & Exch. Comm'n v. Capital Consultants, LLC*, 397 F.3d 733, 750 (9th Cir. 2005). In light of the Court's broad powers in this context and the requirement that its actions be guided by efficient administration and protection of creditors, the Court concludes that dissolution of the GPs

is appropriate. Transferring all GP assets to Western, and dissolving and closing the GPs, is in the interest of efficient administration and the preservation of Receivership funds. As discussed above, the Receiver indicates in his declaration that $100,000 can be saved each year by avoiding the tax preparation work that would be necessary if the GPs remain open. (ECF No. 1545-2 at 9–10.) Because the GPs no longer serve any purpose, their continued existence and operation serve only as a drain on receivership funds. As a result, if the GPs are dissolved and all assets are pooled into one entity—here, Western—investors will benefit by retaining funds to be distributed according to the "one pot" procedure. Because dissolution of the GPs will have only a positive effect on the receivership's ability to pay out investor claims, the Court concludes that the Receiver's request should be granted.

The Court **AUTHORIZES** the Receiver to transfer the properties held by the GPs to Western, prepare and file final tax returns for the GPs and related entities, and formally dissolve and close the GPs and related entities, including executing any and all documents as may be necessary and appropriate to do so.

**IT IS SO ORDERED.**

Dated: December 11, 2017

Hon. Gonzalo P. Curiel
United States District Judge