UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>Defendants. | **Case No.: 3:12-cv-2164-GPC-JMA**<br><br>**(1) GRANTING RECEIVER'S TWENTY-FIRST INTERIM FEE APPLICATION;**<br><br>**[ECF No. 1558]**<br><br>**(2) GRANTING ALLEN MATKINS' TWENTY-FIRST INTERIM FEE APPLICATION;**<br><br>**[ECF No. 1559]**<br><br>**(3) GRANTING DUFFY, KRUSPODIN & COMPANY'S EIGHTH INTERIM FEE APPLICATION;**<br><br>**[ECF No. 1560]** |

Before the Court are three fee applications by the court-appointed receiver Thomas C. Hebrank (the "Receiver") (ECF No. 1558); counsel to receiver Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins") (ECF No. 1559); and tax accountants for receiver Duffy, Kruspodin & Company, LLP ("Duffy Kruspodin") (ECF No. 1560).

1

Plaintiff Securities and Exchange Commission (the "SEC") filed a non-opposition to all three motions on January 11, 2018. ECF No. 1578. The Court finds these motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1).

## **BACKGROUND**

### A. Receiver

In the Twenty-First Interim Fee Application, the Receiver asserts that he incurred $100,953.00 in fees and $2,279.17 in costs for the application period covering July 1, 2017, through September 30, 2017 ("Twenty-First Application Period"). ECF No. 1558 at 1. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| General Receivership | $5,073.75 |
| Asset Investigation & Recovery | $0.00 |
| Reporting | $1,257.75 |
| Operations & Asset Sales | $49,713.75 |
| Claims & Distributions | $44,907.75 |
| Legal Matters & Pending Litigation | $0.00 |
| **Total** | **$100,953.00** |

*Id.* at 2–5. Receiver now seeks payment of 80% of fees incurred, amounting to $80,762.40, and 100% of the costs, which account for postage, FedEx shipping, email updates, website maintenance, and copies. *Id.* at 1 & Exhibit C.

### B. Allen Matkins

In the Twenty-First Interim Fee Application, Allen Matkins, counsel for receiver, asserts that it incurred $65,349.90 in fees and $707.23 in costs for the application period covering July 1, 2017, through September 30, 2017. ECF No. 1559 at 1. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| General Receivership | $310.50 |
| Reporting | $1,604.25 |
| Operations & Asset Sales | $49,669.65 |
| Claims & Distributions | $11,902.50 |
| Third Party Recoveries | $258.75 |
| Employment/Fees | $1,604.25 |
| **Total** | $65,349.90 |

*Id.* at 1–6. Allen Matkins now seeks payment of 80% of the fees incurred, amounting to $52,279.92, and 100% of the costs, accounting for document searches, shipping, filing fees, and service of process. *Id.* at 1 & Exhibit A.

**C. Duffy Kruspodin**

In the Eighth Interim Fee Application, Duffy Kruspodin, tax accountants for Receiver, asserts that it incurred $36,622.07 in fees for work in preparing the 2016 federal and state tax returns for receivership entities. ECF No. 1560 at 1. This work included general engagement services, preparation of 2016 Form 1096 and 1099 Informational Returns, and preparation of 2016 Income Tax Returns for First Financial, Real Asset, WFP Receivership and related entities. *Id.* at 2–3. Duffy Kruspodin bills 148.7 hours worth of work at an average hourly rate at $246.28.

**LEGAL STANDARD**

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to fair compensation for his efforts." *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934).

A receiver's fees must be reasonable. *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, *see, e.g.*, ECF No. 1167, the Court will assess the reasonableness of the requested fees using the factors enumerated in *Sec. & Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006). Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence. *See Fifth Avenue Coach Lines*, 364 F. Supp. at 1222; *Alpha Telecom*, 2006 WL 3085616, at *2–3.

## DISCUSSION

### Interim Fee Applications

**A. Complexity of Tasks**

**1. Receiver**

The Court finds that the tasks performed by the Receiver during the Twenty-First Application Period was moderately complex. The Receiver undertook the following tasks during the relevant period:

- handling general administrative issues, including reviewing mail, email, and other correspondence directed at the Receivership Entities;
- administering the bank accounts of the Receivership Entities;
- reviewing and approving expenditures;
- maintaining and updating the Receiver's website with case information and documents;
- responding to investor inquiries;
- preparing Receiver's Twentieth interim report;
- preparing the filings regarding the sale of the LV Kade, Park Vegas, Washoe V, Production Partners, Silver Spring North, and Silver State properties;
- managing and overseeing the GPs' operations and real properties;
- managing and overseeing Western's operations;

4

- performing the accounting functions of the Receivership Entities;
- managing and overseeing tax reporting for Receivership Entities;
- managing and overseeing GP operational bills, loan payments, and cash management;
- obtaining listing agreements and marketing properties for sale with brokers;
- analyzing, negotiating, and accepting purchase offers;
- conducting investor votes;
- closing property sales;
- sending monthly case update reports to investors listing major legal filings, property sales activity, court rulings, tax, and other information;
- listing and responding to sales activity on the various properties;
- responding to calls from investors regarding the billing statements sent by IRA Resources, the administrator of most of the investors' self-directed IRA accounts; and
- preparing "cash in vs. cash out" analysis to determine each investor's proposed allowed claim amount, which required detailed database work.

ECF No. 1558 at 2–5.

### 2. Allen Matkins

The Court finds that the tasks performed by Allen Matkins, counsel for Receiver, during the Twenty-First Application Period were somewhat complex. Counsel undertook the following tasks during this period:

- monitoring and advising the Receiver regarding the status of Andrew Schooler's efforts to pursue the appeal filed by Louis Schooler;
- advising the Receiver regarding the formation of a Qualified Settlement Fund under the Internal Revenue Code;
- preparing the Receiver's Twentieth Interim Report;
- assisting the Receiver with respect to operations of Western and the General Partnerships, including easement and condemnation issues, issues relating to property taxes and assessments, and the sales of the Bratton View, LV Kade, Reno Vista/Reno View, Silver Springs North, Park Vegas, Production Partners, Washoe V, and Silver State properties;
- assisting and advising the Receiver on issues relating to removing liens on GP properties, preparing purchase and sale agreements, addressing water rights issues for the Minden property, closing the sale of the Jamul Valley property, reviewing and revising letters of intent, and preparing notices to investors regarding offers received for certain GP properties;

- assisting and advising the Receiver on issues relating to investor claims, including time reviewing and responding to communications from investors, creditors, and counsel;
- assisting the Receiver in preparing notices to investors and updates to the receivership website;
- collecting the outstanding judgment against LinMar III, which included reviewing the post-judgment receiver's reports and advising on issues relating to the post-judgment receivership; and
- assisting the Receiver in preparing his Twentieth Interim Fee, and Duffy Kurspodin & Co. in finalizing its Seventh Interim Fee Application.

ECF No. 1559 at 2–6.

### 3. Duffy Kruspodin

The Court finds that the tasks performed by Duffy Kruspodin, tax accountants for Receiver, during the Seventh Application Period were moderately complex. Tax Accountants to Receiver undertook the following tasks during this period:

- engaging in communication and meetings with the Receiver with respect to the receivership;
- verifying accounting fees in comparison to the Western records for 1099 reporting
- inputting the 2016 Form 1099 amounts and verifying all other informational data included on the form;
- reviewing 1099 recipient names, addresses, and ID numbers;
- electronically filing the 1099s for the receivership entities;
- processing the initial receipt of the Western and Real Asset books and records;
- formatting and organizing the files with the current year data;
- verifying cash receipts and disbursements for the year and scanning detail for reporting accuracy and consistency;
- checking balance sheet account balances variances compared to the prior year, and reviewing any differences;
- verifying and reconciling "investment in" accounts to the related LLC books for Western, which included single members LLC;
- reviewing and inputting sheets of information entered into Lacerte;
- managerially reviewing the activities above and output;
- communicating with staff and management to answer return discrepancies or additional information needed to complete returns;
- finalizing tax return and accompanying letters and schedules;

- printing tax return copies for each of the receivership entities and for government filing;
- electronically filing the 2016 corporate returns; and
- printing acceptance letters for the tax files and verifying successful submission and receipt.

ECF No. 1560 at 2–3.

### B. Fair Value of Time, Labor, and Skill

The Receiver billed his time at $247.50 per hour and the time of those working for him at $180.00 per hour during both application periods. ECF No. 1558 at 2–5. Allen Matkins billed its time at $225.00 – $702.00 per hour, with the majority of work being billed at $517.50 per hour. ECF No. 1559, Exhibit A. Duffy Kruspodin billed its time at an hourly rate of $70 to $400, resulting in a blended rate of $246.28. ECF No. 1560 at 3. These rates reflect a ten percent discount from the Receiver's, Allen Matkins', and Duffy Kruspodin's ordinary rates. ECF No. 1558 at 1; ECF No. 1559 at 1; ECF No. 1560 at 1.

The Court continues to find, as it has in previous fee orders, that the rates charged by the Receiver, Allen Matkins, and Duffy Kruspodin are comparable to rates charged in this geographic area and therefore represent a fair value of the time, labor, and skill provided.

### C. Quality of Work Performed

The Court finds that the quality of work performed by the Receiver, Allen Matkins, and Duffy Kruspodin to be above average. The Receiver has, and continues to, competently operate the Receivership as evidenced by Receiver's Twenty-Second Status Report (ECF No. 1582), while at the same time marshalling assets—through capital calls, post-judgment collection, and sales—to support its continued financial integrity. These actions benefit all investors. The Receiver and his counsel have, moreover, complied with the Court's orders and have made every effort to protect investors' interests in the GP properties during the pendency of this litigation. The Court likewise finds the quality

of Duffy Kruspodin's work to be satisfactory. Duffy Kruspodin ensured that all 2016 returns were filed timely. ECF No. 1560 at 10.

### D. Receivership Estate's Ability to Bear Burden of Fees

On August 30, 2016, the Court approved the Receiver's Modified Orderly Sale Process, ECF No. 1359, and the use of the One Pot approach to distribute receivership assets, ECF No. 1304 at 31. These actions were taken for the dual purpose of increasing the value of the receivership estate by selling GP properties and lowering administrative costs. ECF No. 1304 at 30.

Since the Court approved the Receiver's last interim fee application, the Court has approved the sale of the Dayton IV property. ECF No. 1566. Property sales have maximized, and will continue to maximize, the value of the GP properties for the benefit of all investors. Such sales will also increase the Receivership's cash balance. The Receiver indicates that the receivership currently holds approximately $7 million in cash. ECF No. 1558 at 7. The Court finds that the Receivership estate has sufficient ability to bear the instant fee requests.

### E. Commission's Opposition or Acquiescence

On January 11, 2018, the Securities and Exchange Commission filed a notice that it supported approval of these interim fee applications because they "appear reasonable in light of the work performed during this period." ECF No. 1578.

## CONCLUSION

Considering the above five factors taken together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006 WL 3085616, at *2–3, the Court awards fees and costs as set forth in the following table:

| Applicant | Fees Allowed | % of Fees Incurred[1] | Costs Allowed | % of Costs Requested |
|---|---|---|---|---|
| Receiver | $80,762.40 | 80 | $2,279.17 | 100 |
| Allen Matkins | $52,279.92 | 80 | $707.23 | 100 |
| Duffy Kruspodin | $36,622.07 | 100 | $0 | N/A |

**ORDER**

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Receiver's Twenty-First Interim Fee Application, ECF No. 1558, is **GRANTED**;
2. Allen Matkins' Twenty-First Interim Fee Application, ECF No. 1559, is **GRANTED**;
3. Duffy Kruspodin's Eighth Interim Fee Application, ECF No. 1560, is **GRANTED**;

**IT IS SO ORDERED**.

Dated: January 29, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court includes the percentage of fees *incurred* rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees. In addition, Duffy Kruspodin's billing rate already incorporated a discount of 10%. ECF No. 1523 at 1.