UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:12-cv-2164-GPC-JMA<br><br>**ORDER**<br><br>**(1) GRANTING RECEIVER'S TWENTY-THIRD INTERIM FEE APPLICATION;**<br><br>**[ECF No. 1619]**<br><br>**(2) GRANTING ALLEN MATKINS' TWENTY-THIRD INTERIM FEE APPLICATION;**<br><br>**[ECF No. 1620]** |

Before the Court are two fee applications by the court-appointed receiver Thomas C. Hebrank (the "Receiver") (ECF No. 1619) and counsel to the Receiver Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins") (ECF No. 1620).

Plaintiff Securities and Exchange Commission (the "SEC") filed a non-opposition to both motions on July 13, 2018. ECF No. 1632. The Court finds these motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1).

## BACKGROUND

**A. Receiver**

In the Twenty-Third Interim Fee Application, the Receiver asserts that he incurred $76,423.50 in fees and $923.94 in costs for the application period covering January 1, 2018, through March 31, 2018 ("Twenty-Third Application Period"). ECF No. 1619 at 1. The breakdown of the fees amassed is as follows:

| Category | Total |
| --- | --- |
| General Receivership | $4,900.50 |
| Asset Investigation & Recovery | $0.00 |
| Reporting | $1,548.00 |
| Operations & Asset Sales | $65,646.00 |
| Claims & Distributions | $4,329.00 |
| Legal Matters & Pending Litigation | $0.00 |
| **Total** | $76,423.50 |

*Id.* at 2–4. Receiver now seeks payment of 80% of fees incurred, amounting to $61,138.80, and 100% of the costs, which account for postage, mileage, FedEx shipping, email updates, website maintenance, and copies. *Id.* at 1 & Exhibit C.

**B. Allen Matkins**

In the Twenty-Third Interim Fee Application, Allen Matkins, counsel for the Receiver, asserts that it incurred $64,172.45 in fees and $1,078.93 in costs for the application period covering January 1, 2018, through March 31, 2018. ECF No. 1620 at 1. The breakdown of the fees amassed is as follows:

| Category | Total |
| --- | --- |
| General Receivership | $29,193.50 |

| Reporting | $1,759.50 |
|---|---|
| Operations & Asset Sales | $21,420.45 |
| Claims & Distributions | $9,936.00 |
| Third Party Recoveries | $1,449.00 |
| Employment/Fees | $414.00 |
| **Total** | $64,172.45 |

*Id.* at 1–5. Allen Matkins now seeks payment of 80% of the fees incurred, amounting to $51,337.96, and 100% of the costs, accounting for PACER fees, document searches, duplication, filing fees, service processing fees, shipping, and recordation. *Id.* at 1 & Exhibit A.

## **LEGAL STANDARD**

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to fair compensation for his efforts." *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). A receiver's fees must be reasonable. *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, *see, e.g.*, ECF No. 1167, the Court will assess the reasonableness of the requested fees using the factors enumerated in *Sec. & Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006). Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the

receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence. *See Fifth Avenue Coach Lines*, 364 F. Supp. at 1222; *Alpha Telecom*, 2006 WL 3085616, at *2–3.

## DISCUSSION

## Interim Fee Applications

### A. Complexity of Tasks

#### 1. Receiver

The Court finds that the tasks performed by the Receiver during the Twenty-Third Application Period was moderately complex. The Receiver undertook the following tasks during the relevant period:

- handling general administrative issues, including reviewing mail, email, and other correspondence directed at the Receivership Entities;
- administering the bank accounts of the Receivership Entities;
- reviewing and approving expenditures;
- maintaining and updating the Receiver's website with case information, documents, and filing inquiries;
- preparing Receiver's Twenty-Second interim report;
- preparing the motion to make interim distributions, filed on March 9, 2018;
- managing and overseeing the GPs' operations and real properties;
- managing and overseeing Western's operations;
- performing the accounting functions of the Receivership Entities;
- managing and overseeing tax reporting for Receivership Entities;
- managing and overseeing GP operational bills, loan payments, and cash management;
- obtaining listing agreements and marketing properties for sale with brokers;
- analyzing, negotiating, and accepting purchase offers;
- conducting investor votes;
- closing property sales;
- sending monthly case update reports to investors listing major legal filings, property sales activity, court rulings, tax, and other information;
- listing and responding to sales activity on the various properties;
- amending the K-1 and GP tax returns;
- assisting in preparing FAQs to the investors to assist in their tax preparation;
- completing the claims review process and filing the motion to resolve all disputed claims, approve allowed claim amounts, and authorize the dissolution of the GPs and related entities; and

4

- addressing a claim against Western for unpaid pre-receivership taxes, penalties, and late charges asserted by the Franchise Tax Board.

ECF No. 1619 at 2–4.

### 2. Allen Matkins

The Court finds that the tasks performed by Allen Matkins, counsel for Receiver, during the Twenty-Third Application Period were somewhat complex. Counsel undertook the following tasks during this period:

- Assisting the Receiver with the transfer of the GP properties for tax purposes;
- assisting the Receiver in preparing a motion for an amended order authorizing and ratifying the transfers of the GP properties to the QSF Trust;
- assisting the receiver in addressing a claim against Western for unpaid pre-receivership taxes, penalties, and late charges asserted by the Franchise Tax Board;
- researching and advising the Receiver on issues relating to the final GP tax returns and K-1s issued to investors;
- communicating with counsel for the SEC regarding issues relating to enforcement of the Final Judgment;
- preparing the Receiver's Twenty-Second Interim Report;
- assisting the Receiver with respect to operations of Western and the General Partnerships, including easement and condemnation issues, issues relating to property taxes and assessments, and sale issues as to the LV Kade, Dayton II, and International properties;
- assisting and advising the Receiver on issues relating to removing liens on GP properties, preparing letters of intent and purchase and sale agreements, and preparing notices to investors regarding offers for certain GP properties;
- addressing disputed investor claims and preparing the Receiver's reply to letters and other statements filed by investors with disputed claims;
- attending the final hearing on disputed investor claims;
- assisting the Receiver in moving for authority to make interim distributions;
- assisting in the preparation of the monthly case updates to investors;
- advising the Receiver on a request by an investor to assign his allowed claim against the receivership estate to a creditor;
- collecting the outstanding judgment against LinMar III, which included reviewing and advising the Receiver on a notice of default recorded by the senior lender/deed of trust holder on that property; and
- assisting the Receiver in preparing his Twenty-Second Interim Fee Application.

ECF No. 1620 at 2–6.

### B. Fair Value of Time, Labor, and Skill

The Receiver billed his time at $247.50 per hour and the time of those working for him at $180.00 per hour during both application periods. ECF No. 1619 at 2–5. Allen Matkins billed its time at $256.50 – $702.00 per hour, with the majority of work being billed at $517.50 per hour. ECF No. 1620, Exhibit A. These rates reflect a ten percent discount from the Receiver's, Allen Matkins' ordinary rates. ECF No. 1619 at 1; ECF No. 1620 at 1.

The Court continues to find, as it has in previous fee orders, that the rates charged by the Receiver and Allen Matkins are comparable to rates charged in this geographic area and therefore represent a fair value of the time, labor, and skill provided.

### C. Quality of Work Performed

The Court finds that the quality of work performed by the Receiver and Allen Matkins to be above average. The Receiver has, and continues to, competently operate the Receivership as evidenced by Receiver's Twenty-Third Status Report (ECF No. 1611), while at the same time marshalling assets—through capital calls, post-judgment collection, and sales—to support its continued financial integrity. These actions benefit all investors. The Receiver and his counsel have, moreover, complied with the Court's orders and have made every effort to protect investors' interests in the GP properties during the pendency of this litigation.

### D. Receivership Estate's Ability to Bear Burden of Fees

On August 30, 2016, the Court approved the Receiver's Modified Orderly Sale Process, ECF No. 1359, and the use of the One Pot approach to distribute receivership assets, ECF No. 1304 at 31. These actions were taken for the dual purpose of increasing the value of the receivership estate by selling GP properties and lowering administrative costs. ECF No. 1304 at 30.

The Receiver indicates that the receivership currently holds approximately $16.4 million in cash. ECF No. 1619 at 7. The Court finds that the Receivership estate has

sufficient ability to bear the instant fee requests.

**E. Commission's Opposition or Acquiescence**

On July 13, 2018, the Securities and Exchange Commission filed a notice that it supported approval of these interim fee applications because they "appear reasonable in light of the work performed." ECF No. 1632.

# CONCLUSION

Considering the above five factors taken together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006 WL 3085616, at *2–3, the Court awards fees and costs as set forth in the following table:

| Applicant | Fees Allowed | % of Fees Incurred[1] | Costs Allowed | % of Costs Requested |
|---|---|---|---|---|
| Receiver | $76,423.50 | 80 | $923.94 | 100 |
| Allen Matkins | $64,172.45 | 80 | $1,078.93 | 100 |

# ORDER

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Receiver's Twenty-Third Interim Fee Application, ECF No. 1619, is **GRANTED**; and
2. Allen Matkins' Twenty-Third Interim Fee Application, ECF No. 1620, is **GRANTED**.

**IT IS SO ORDERED**.

Dated: August 7, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court includes the percentage of fees *incurred* rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees.