UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION d/b/a Western Financial Planning Corporation,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:12-cv-2164-GPC-JMA<br><br>**ORDER GRANTING RECEIVER'S MOTION TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF RECEIVER'S MOTION FOR (A) APPROVAL OF SALE OF WASHOE IV PROPERTY AND (B) AUTHORITY TO PAY BROKER'S COMMISSION UNDER SEAL**<br><br>**[EFC NO. 1648]** |

Before the Court is the Receiver's Motion to File Supplemental Brief in Support of Receiver's Motion for (A) Approval of Sale of Washoe IV Property and (B) Authority to Pay Broker's Commission under Seal. On July 24, 2018, the Receiver filed a Motion for (A) Approval of Sale of Washoe IV Property and (B) Authority to Pay Broker's Commission. ECF No. 1634. The Court subsequently ordered the Receiver to file, under seal, a more detailed discussion of CBRE's analysis and the recommended list price. ECF No. 1647. The Receiver now thus requests permission to file a supplemental brief under seal in response to the Court's order.

Generally, "compelling reasons" must exist to seal documents. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A court may properly deny public access to a court filing that contains "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). The Court finds that the information that the Receiver seeks to file under seal, if publicly disclosed, could disadvantage the receivership in sales negotiations and/or negatively impact the receivership's ability to recover the proposed purchase price. Accordingly, the Court **GRANTS** the Receiver's motion to file supplemental brief under seal.

**IT IS SO ORDERED**.

Dated: August 27, 2018

Hon. Gonzalo P. Curiel
United States District Judge