UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                   Plaintiff,<br>v.<br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION, dba Western Financial Planning Corporation,<br>                                   Defendants. | Case No.: 3:12-cv-2164-GPC-JMA<br><br>**ORDER GRANTING ACCOUNTANTS' NINTH INTERIM APPLICATION FOR APPROVAL AND PAYMENT OF FEES AND COSTS GRANTING RECEIVER'S TWENTIETH INTERIM FEE APPLICATION**<br><br>**[ECF No. 1655]** |

      Before the Court is the interim fee application by Duffy, Kruspodin, LLP ("Duffy"), who are the tax accountants for the court-appointed receiver Thomas C. Hebrank (the "Receiver"). Plaintiff Securities and Exchange Commission (the "SEC") filed a non-opposition to this application on September 14, 2018. ECF No. 1661. The Court finds these motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## **BACKGROUND**

      In the Ninth Interim Application, Duffy initially asserted that it incurred $219,567.06 in fees for work in preparing the 2017 federal and state tax returns for the

General Partnerships ("GPs") listed in Schedule 1 to the Preliminary Injunction Order entered on March 13, 2013. ECF No. 1655 at 1. This work included general engagement services, IT consulting, and preparation of Form 1096 and 1099 returns and income tax returns. *Id.* at 2-6. Duffy billed 1,155.6 hours of work at an average hourly rate of $190.00. Duffy also asserted that it spent $14,080.33 in costs, which were expended on electronic filing fees, specialized tax software, and mailing expenses. *Id.* at 7.

After an initial review of Duffy's application, the Court issued an Order to Show Cause on September 19, 2018. ECF No. 1665. The Court noted that the billable hours for general engagement services and preparation of returns were substantially higher than in previous applications. The Court also expressed its concerns with Duffy's substantial increases in hourly rates without explanation.

On September 26, 2018, Duffy filed its Response to the Order to Show Cause. ECF No. 1666. Duffy addressed the Court's concerns regarding the increased billable hours in the ninth interim application. Duffy explained that the Receiver has requested additional services for accounting of each partnership. Additionally, preparing the 2017 returns were materially different than preparation of previous returns because of the close of the partnerships, the transfer of all assets to the Qualified Settlement Fund, and the filing of final tax returns for each partnership. The 2017 tax year also had a higher than usual amount of investors transferred from IRA accounts into the investors' personal accounts. With regard to its hourly rate increases, Duffy asserted that accounting firms routinely adjust their hourly rates annually based on a number of factors, including technological skills of the staff as well as other rising expenses. Duffy acknowledged that it did not notify the Court of the rate increase in advance. Accordingly, Duffy states that it will continue to use its 2017 hourly rates.

In light of using the 2017 rates, Duffy requests $189,069.66 in fees for the 1,155.6 hours of work completed during the ninth interim period. This results in an overall blended billing rate of $163.61 per hour. Additionally, Duffy has provided a detailed

2

chart of every employee's work for the ninth interim period, including a description of the work completed and the date and time spent on such work.

## LEGAL STANDARD

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to fair compensation for his efforts." *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). A receiver's fees must be reasonable. *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, *see, e.g.*, ECF No. 1167, the Court will assess the reasonableness of the requested fees using the factors enumerated in *Sec. & Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006). Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence. *See* 364 F. Supp. at 1222; 2006 WL 3085616, at *2–3.

## DISCUSSION

**A.  Complexity of Tasks**

The Court finds that the tasks performed by Duffy Kruspodin during the ninth application period were moderately complex. Tax accountants to Receiver undertook the following tasks during this period:

- engaging in communication and meetings with the Receiver with respect to the receivership;

3

3:12-cv-2164-GPC-JMA

- working with the Receiver on final year reporting, including a FAQ guide for partner level questions arising during the engagement;
- IT consulting;
- verifying accounting fees;
- filing 1099s for the Receivership entites;
- adjusting the balance sheet to reflect all assets moving to the QSF;
- reporting and analyzing partnership sales;
- adjusting the final year return reporting for capital accounts;
- filing 2017 partnership returns; and
- recording capital transactions.

ECF No. 1655.

## B. Fair Value of Time, Labor, and Skill

Duffy Kruspodin billed its time from $63 – $405 per hour, with a blended billing rate of $163.61. ECF No. 1666, Ex. A. These rates reflect a ten percent discount from Duffy Kruspodin's ordinary 2017 rates. The Court finds that the rates charged by Duffy Kruspodin represent a fair value of the time, labor, and skill provided.

## C. Quality of Work Performed

The Court finds that the quality of work performed by Duffy Kruspodin to be above average. Duffy Kruspodin prepared all 98 of the GP tax returns for 2017 in a timely manner, fulfilling the Receivership's responsibility to the federal and state governments and to investors.

## D. Receivership Estate's Ability to Bear Burden of Fees

On August 30, 2016, the Court approved the Receiver's Modified Orderly Sale Process, ECF No. 1359, and the use of the One Pot approach to distribute receivership assets, ECF No. 1304 at 31. These actions were taken for the dual purpose of increasing the value of the receivership estate by selling GP properties and lowering administrative costs. *Id.* at 30.

Allen Matkins indicates that the receivership currently holds approximately $8.7 million in cash. ECF No. 1654 at 7. The Court finds that the Receivership estate has sufficient ability to bear the instant fee requests.

4

3:12-cv-2164-GPC-JMA

**E.  Commission's Opposition or Acquiescence**

On September 14, 2018, the SEC filed a notice that it supported approval of these interim fee applications because they "appear reasonable in light of the work performed during this interim period." ECF No. 1661.

**CONCLUSION**

Considering the above five factors taken together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006 WL 3085616, at *2–3, the Court awards $189,096.66 in fees and $14,080.33 in costs.

**ORDER**

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that Duffy Kruspodin's Ninth Interim Fee Application, as modified by its Response to the Order to Show Cause is **GRANTED**;

**IT IS SO ORDERED**.

Dated:  September 27, 2018

Hon. Gonzalo P. Curiel
United States District Judge