UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION dba Western Financial Planning Corporation,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:12-cv-2164-GPC-JMA<br><br>**ORDER GRANTING**<br>**(1) RECEIVER'S TWENTY-FIFTH INTERIM FEE APPLICATION;**<br>**[ECF No. 1690]**<br><br>**(2) ALLEN MATKINS' TWENTY-FIFTH INTERIM FEE APPLICATION;**<br>**[ECF No. 1691]**<br><br>**(3) DUFFY, KRUSPODIN, LLP'S TENTH INTERIM FEE APPLICATION; AND**<br>**[ECF No. 1692]**<br><br>**(4) HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON SECOND INTERIM FEE APPLICATION;**<br>**[ECF No. 1693]** |

Before the Court are fee applications filed by the court-appointed receiver Thomas C. Hebrank (the "Receiver"), counsel to the Receiver, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), tax accountants to the Receiver, Duffy, Kruspodin LLP ("Duffy"), and local counsel in Nevada to the Receiver, Holley, Driggs, Walch, Fine, Wray, Puzey & Thompson ("Holley") . ECF Nos. 1690, 1691, 1692, 1693. No oppositions have been filed. The Court finds these motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1).

## I. BACKGROUND

### A. Receiver

In the Twenty-Fifth Interim Fee Application, the Receiver asserts that he incurred $59,782.50 in fees and $283.30 in costs for the application period covering July 1, 2018, through September 30, 2018 ("Twenty-Fifth Application Period"). ECF No. 1690 at 2. The breakdown of the fees amassed is as follows:

| Category | Total |
| --- | --- |
| General Receivership | $3,514.50 |
| Asset Investigation & Recovery | $0.00 |
| Reporting | $1,089.00 |
| Operations & Asset Sales | $23,715.00 |
| Claims & Distributions | $31,464.00 |
| Legal Matters & Pending Litigation | $0.00 |
| Total | $59,782.50 |

*Id.* at 3–5. Receiver now seeks payment of 80% of fees incurred, amounting to $47,826.00, and 100% of the costs, which account for postage and copies. ECF No. 1690, Ex. C.

## B. Allen Matkins

In the Twenty-Fifth Interim Fee Application, Allen Matkins asserts that it incurred $36,017.55 in fees and $305.64 in costs during the Twenty-Fifth Application Period. ECF No. 1691 at 2. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| General Receivership | $1,604.25 |
| Reporting | $1,863.00 |
| Operations & Asset Sales | $18,153.00 |
| Claims & Distributions | $1,763.10 |
| Third Party Recoveries | $7,976.70 |
| Employment/Fees | $4,657.50 |
| Total | $36,017.55 |

*Id.* Allen Matkins now seeks payment of 80% of the fees incurred, amounting to $28,814.04 and 100% of the costs, which were incurred for shipping, messenger service fees, and document searches. ECF No. 1691, Ex. A at 13-15.

## C. Duffy, Kruspodin LLP

In the Tenth Interim Fee Application, Duffy asserts that it incurred $37,490.22 in fees and costs during the Tenth Application Period. ECF No. 1692 at 2. The breakdown of the fees amassed is as follows:

///
///
///
///

///

| Category | Total |
|---|---|
| General Engagement Services; Preparation of 2017 Form 1096 and 1099 Informational Returns; Preparation of 2017 Income Tax Returns for Western, Real Asset, and Related Entities | $13,832.10 |
| Preparation of 2017 Income Tax Return for WFP Receivership | $23,658.12 |
| Total | $37,490.22 |

ECF No. 1692, at 3–6.

Duffy seeks the entirety of the $37,490.22 in fees that it incurred. *Id*. at 1. Duffy's Tenth Fee Application covers the period March 1, 2017 through October 23, 2017. ECF No. 1692, Ex. A at 11-18.

### D.  Holley, Driggs, Welch, Fine, Wray, Puzey & Thompson

In the Second Interim Fee Application, Holley asserts that it incurred $31,100.00 in fees and $202.40 in costs for the application period covering August 20, 2013, through August 6, 2018 ("Second Application Period"). ECF No. 1693 at 2. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| Legal Matters – Minden Property | $12,384.00 |
| Legal Matters – Gold Ridge Partners | $854.00 |
| Legal Matters – Washoe 3 Property | $11,022.00 |
| Legal Matters – Reno Vista Partners | $6,840.00 |
| Total | $31,100.00 |

4

(ECF No. 1692, at 2–3.)

Holley seeks the entirety of the $31,000.00 in fees and $202.40 in costs that it incurred. *Id*. at 2.

## II. LEGAL STANDARD

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to fair compensation for his efforts." *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). A receiver's fees must be reasonable. *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, *see, e.g.*, ECF No. 1609, the Court will assess the reasonableness of the requested fees using the factors enumerated in *Sec. & Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006). Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence. *See Fifth Avenue Coach Lines*, 364 F. Supp. at 1222; *Alpha Telecom*, 2006 WL 3085616, at *2–3.

## III. DISCUSSION

### A. Complexity of Tasks

#### 1. Receiver

The Court finds that the tasks performed by the Receiver during the Twenty-

Fifth Application Period were moderately complex. The Receiver undertook the following tasks during the relevant period:

- handling general administrative issues, including reviewing mail, email, and other correspondence directed at the Receivership Entities;
- administering the bank accounts of the Receivership Entities;
- reviewing and approving expenditures;
- maintaining and updating the Receiver's website with case information, documents, and filing inquiries;
- preparing Receiver's Twenty-Fourth interim report;
- managing and overseeing the GPs' operations and real properties;
- managing and overseeing Western's operations;
- performing the accounting functions of the Receivership Entities;
- managing and overseeing tax reporting for Receivership Entities;
- managing and overseeing GP operational bills, loan payments, and cash management;
- obtaining listing agreements and marketing properties for sale with brokers;
- analyzing, negotiating, and accepting purchase offers;
- conducting investor votes;
- closing property sales;
- sending monthly case update reports to investors listing major legal filings, property sales activity, court rulings, tax, and other information;
- listing and responding to sales activity on the various properties;
- filing motions to sell properties;
- responding to investor inquiries about their distributions; and
- sending updated distributions to investors.

ECF No. 1690 at 3–4.

### 2. Allen Matkins

The Court finds that the tasks performed by Allen Matkins during the Twenty-Fifth Application Period were somewhat complex. Counsel undertook the following tasks during this period:

- Assisting the Receiver to communicate with the SEC regarding issues related to the pending appeal of the final judgment against Louis

6

3:12-cv-2164-GPC-JMA

Schooler;
- assisting the Receiver with legal issues regarding an investor in a separate lawsuit against an accountant;
- preparing the Receiver's Twenty-Fourth Interim Report;
- assisting the Receiver with legal issues relating to the ongoing operations of Western and the GPs, including sales of receivership properties, easement and condemnation issues, and issues relating to property taxes and assessments;
- advised the Receiver regarding legal issues pertaining to GP properties, including assisting with addressing and removing liens, working on letters of intent and purchase and sale agreements, and preparing notices to investors regarding offers received for properties;
- assisting the Receiver in implementing the interim distributions;
- assisting in preparing monthly case updates to investors and issuing distribution checks;
- addressing issues with investor distributions, including issues relating to deceased investors and their heirs/decedents;
- reviewing the post-judgment Receiver's reports regarding his efforts to finalize office leases and market the LinMar III property for sale;
- assisting with communications with the senior lender/deed of trust holder on the LinMar III property and advising the Receiver on legal issues relating to the senior loan; and
- assisting the Receiver in preparing his Twenty-Fourth Interim Fee Application.

ECF No. 1691 at 3–6.

### 3. Duffey

The Court finds that the tasks performed by Duffey during the Tenth Application Period were somewhat complex. Accountants undertook the following tasks during this period:

- engaging in communication and meetings with the Receiver with respect to the receivership;
- updating accounting documents necessary to prepare tax return, completion of final year filings, and additional miscellaneous requests

for reports or statements;
- reporting the transfer of all assets to the Qualified Settlement Fund for each general partnership;
- preparing 2017 Form 1096 and 1099s for the Receivership entites;
- preparing 2017 income tax returns for Western, Real Asset, and related entities;
- preparing and filing 2017 income tax return for WFP Receivership;
- working with the Receiver on final year reporting;
- verifying accounting fees; and
- filing of final 2017 tax returns for each partnership.

ECF No. 1692 at 3–6.

### 4. Holley

The Court finds that the tasks performed by Holley during the Second Application Period were somewhat complex. Counsel undertook the following tasks during this period:

- Assisting with legal issues involving Receivership;
- acquiring water permits and addressing water dedication agreements and water rights issues with County and State water officials
- advising Receiver on issues relating to proposed wells and diversion rates;
- researching and preparing deeds for dedication from partnerships;
- preparing and drafting an Order to Dismiss Prejudice in a case known as Sierra Power Co. v. Gold Ridge Partners, et al.
- negotiating interests and penalty waivers related to Special Assessment Bond payments by communicating with the District Attorney's office and various county officials; and
- assisting Receiver in terminating and clearing a stale Deed of Trust for real property located in Washoe County, Nevada.

ECF No. 1693 at 2–3.

## B. Fair Value of Time, Labor, and Skill

The Receiver billed his time at $247.50 per hour and the time of those working for him at $180.00 per hour, resulting in a blended rate of $188.47 per

hour during the Twenty Fifth Application Period. ECF No. 1690 at 2–5. Allen Matkins billed its time at $409.50 – $702.00 per hour, with the majority of work being billed at $517.50 per hour. ECF No. 1691, Ex. A. Duffy Kruspodin billed its time at an hourly rate of $80 to $450 per hour resulting in a blended rate of $218.44 per hour. ECF No. 1692 at 1, 8, Ex. B. Furthermore, Duffy applied a 10% discount to the blended rate resulting in a blended rate of $196.59 per hour. *Id.* Holley Driggs billed its time at an hourly rate of $170 to $420. ECF No. 1693, Ex. A. Holley Driggs did not provide a blended billing rate.

The Court continues to find, as it has in previous fee orders, that the rates charged by the Receiver, Allen Matkins, Duffy Kruspodin, and Holley Diggs are comparable to rates charged in this geographic area and therefore represent a fair value of the time, labor, and skill provided.

**C. Quality of Work Performed**

The Court finds that the quality of work performed by the Receiver, Allen Matkins, Duffy Kruspodin, and Holley Diggs to be above average. The Receiver has, and continues to, competently operate the Receivership as evidenced by Receiver's Twenty-Fifth Status report, ECF No. 1690, while at the same time marshalling assets to support its continued financial integrity. These actions benefit all investors. The Receiver and his counsel have complied with the Court's orders and have made every effort to protect investors' interests in the GP properties during the pendency of this litigation.

The Court finds the quality of work performed by Duffy and Holley Driggs to be satisfactory. The Court has received no complaint that Duffy's tax preparation activities or Holley's legal counsel have been deficient.

**D. Receivership Estate's Ability to Bear Burden of Fees**

On August 30, 2016, the Court approved the Receiver's Modified Orderly Sale Process, ECF No. 1359, and the use of the One Pot approach to distribute receivership assets, ECF No. 1304 at 31. These actions were taken for the dual

9

purpose of increasing the value of the receivership estate by selling GP properties and lowering administrative costs. *Id.* at 30.

Allen Matkins indicates that the receivership currently holds approximately $8.7 million in cash. ECF No. 1691 at 9. The Court finds that the Receivership estate has sufficient ability to bear the instant fee requests.

### E. Commission's Opposition or Acquiescence

While the Commission does not expressly approve of the fee applications as reasonable, the Receiver represents that the Commission has expressed its non-opposition to the fee applications. ECF No. 1690 at 7. The Court will accept this representation. Considering the above five factors together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006WL 3085616, at *2-3, the Court awards fees and expenses as follows:

### IV. CONCLUSION

Considering the above five factors taken together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006 WL 3085616, at *2–3, the Court awards fees and costs as set forth in the following table:

| Applicant | Fees Allowed | % of Fees Incurred[1] | Costs Allowed | % of Costs Requested |
|---|---|---|---|---|
| Receiver | $47,826.00 | 80% | $283.30 | 100% |
| Allen Matkins | $28,814.04 | 80% | $305.64 | 100% |
| Duffey | $37,490.22 | 100% | - | - |
| Holley | $31,000.00 | 100% | $202.40 | 100% |

---

[1] The Court includes the percentage of fees *incurred* rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees.

10

3:12-cv-2164-GPC-JMA

## V. ORDER

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Receiver's Twenty-Fifth Interim Fee Application, ECF No. 1690, is **GRANTED**;
2. Allen Matkins' Twenty-Fifth Interim Fee Application, ECF No. 1691, is **GRANTED**.
3. Duffy's Tenth Interim Fee Application, ECF No. 1692, is **GRANTED**.
4. Holley Drigg's Second Interim Fee Application, ECF No. 1693, is **GRANTED**.

**IT IS SO ORDERED**.

Dated: April 2, 2019

Hon. Gonzalo P. Curiel
United States District Judge