UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION d/b/a WESTERN FINANCIAL PLANNING CORPORATION,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:12-cv-2164-GPC-JMA<br><br>**REVISED FINAL JUDGMENT AGAINST DEFENDANT LOUIS V. SCHOOLER**<br><br>**[EFC No. 1704]** |

　　Before the Court is Plaintiff Securities and Exchange Commission's ("SEC") motion for revised final judgment against Defendant Louis V. Schooler ("Schooler"). EFC. No. 1704.  No opposition was filed.  The Court previously entered final judgment against Schooler on January 21, 2016.  Upon consideration of the moving papers, the Court hereby finds good cause to **GRANT** the SEC's request for revised final judgment against Defendant Schooler in light of Schooler's death and the Supreme Court's intervening decision in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), which altered the analysis for determining the limitations period applicable to disgorgement.

The Ninth Circuit affirmed this Court's grant of summary judgment in favor of the SEC but vacated the civil penalty in light of Schooler's death and remanded the disgorgement award for recalculation to reflect the Supreme Court's decision in *Kokesh*. *SEC v. Schooler*, 905 F.3d 1107, 1116 (9th Cir. 2018). The Ninth Circuit upheld the Court's judgment in all other respects, which includes issuance of a permanent injunction that was uncontested by Defendant. Accordingly, the permanent injunction is issued herein.

The recalculation was necessary because while Schooler's appeal was pending, the Supreme Court decided in *Kokesh* that disgorgement "is a 'penalty' within the meaning of [28 U.S.C.] § 2462" and therefore subject to that provision's five-year statute of limitations. *Kokesh*, 137 S. Ct. at 1639. As such, the Court-appointed Receiver has recalculated the disgorgement to reflect initial investments made by investors in General Partnerships that closed between September 4, 2007 to September 4, 2012, resulting in a disgorgement amount of $21,479,070. Prejudgment interest on $21,479,070 from September 4, 2012 (the date this case was filed) to March 1, 2019 is $5,587,430.24.

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a) to employ any device, scheme, or artifice to defraud;
  (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND** DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the

Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND** DECREED that Defendant is liable for disgorgement of $21,479,070, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon

in the amount of $5,587,430.24, for a total disgorgement of $27,066,500.24.  Defendant shall satisfy this obligation by paying $27,066,500.24 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Louis V. Schooler as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final

1  Judgment.  Defendant shall pay post judgment interest on any delinquent amounts
2  pursuant to 28 U.S.C. § 1961.

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Dated:  June 3, 2019

_____
Hon. Gonzalo P. Curiel
United States District Judge