UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION dba Western Financial Planning Corporation,<br><br>                                    Defendant. | Case No.:  3:12-cv-2164-GPC-JMA<br><br>**ORDER GRANTING<br>(1) RECEIVER'S THIRTIETH INTERIM FEE APPLICATION;**<br>**[ECF No. 1758]**<br><br>**(2) ALLEN MATKINS' THIRTIETH INTERIM FEE APPLICATION; AND**<br>**[ECF No. 1759]**<br><br>**(3) DUFFY, KRUSPODIN, LLP'S ELEVENTH INTERIM FEE APPLICATION**<br>**[ECF No. 1760]** |

Before the Court are fee applications filed by the court-appointed receiver Thomas C. Hebrank (the "Receiver"), counsel to the Receiver, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), and tax accountants to the Receiver, Duffy, Kruspodin LLP ("Duffy").  ECF Nos. 1758, 1759, 1760.  No oppositions have been filed.  The Court finds these motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1).

1

## I. BACKGROUND

### A. Receiver

In the Thirtieth Fee Application, the Receiver asserts that he incurred $18,056.25 in fees and $263.12 in costs for the application period covering October 1, 2019 through December 31, 2019 ("Application Period"). ECF No. 1758 at 2. The breakdown of the fees amassed is as follows:

| Category | Total |
| --- | --- |
| General Receivership | $173.25 |
| Asset Investigation & Recovery | $0.00 |
| Reporting | $1,433.25 |
| Operations & Asset Sales | $13,047.75 |
| Claims & Distributions | $3,402.00 |
| Legal Matters & Pending Litigation | $0.00 |
| Total | $18,056.25 |

*Id.* at 3–5. Receiver now seeks payment of 80% of fees incurred, amounting to $14,445.00, and 100% of the costs, which account for postage and copies. ECF No. 1758, Ex. C.

### B. Allen Matkins

In the Thirtieth Interim Fee Application, Allen Matkins asserts that it incurred $4,083.75 in fees and $171.38 in costs during the Application Period. ECF No. 1759 at 2. The breakdown of the fees amassed is as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

| Category | Total |
|---|---|
| General Receivership | $823.50 |
| Reporting | $1,242.00 |
| Operations & Asset Sales | $517.50 |
| Claims & Distributions | $879.75 |
| Third Party Recoveries | $207.00 |
| Employment/Fees | $414.00 |
| Total | $4,083.75 |

*Id.* Allen Matkins now seeks payment of 80% of the fees incurred, amounting to $3,267.00 and 100% of the costs, which were incurred for copy charges, shipping, messenger service fees, and document searches. ECF No. 1759-1, Ex. A.

### C.   Duffy, Kruspodin LLP

In the Eleventh Interim Fee Application, Duffy asserts that it incurred $10,515.24 in fees and costs during the Tenth Application Period. ECF No. 1760 at 1. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| General Engagement Services; Preparation of 2018 Form 1096 and 1099 Informational Returns; Preparation of 2018 Income Tax Returns for Western, Real Asset, and Related Entities | $1,402.20 |
| Preparation of 2018 Income Tax Return for WFP Receivership | $9,113.04 |
| Total | $10,515.24 |

ECF No. 1760, at 3-5. Duffy seeks the entirety of the $10,515.24 in fees that it incurred, which it discounted by ten percent from its regular hourly billing rates as

3

they were in 2017.  *Id*. at 1-2.  Duffy's Tenth Fee Application covers the period November 26, 2018 through November 27, 2019.  ECF No. 1760-1 at 3-4, Ex. A.

## II.  **LEGAL STANDARD**

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to fair compensation for his efforts."  *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992).  "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys."  *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934).  A receiver's fees must be reasonable.  *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, *see, e.g.*, ECF No. 1756, the Court will assess the reasonableness of the requested fees using the factors enumerated in *Sec. & Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006).  Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence.  *See Fifth Avenue Coach Lines*, 364 F. Supp. at 1222; *Alpha Telecom*, 2006 WL 3085616, at *2–3.

## III.  **DISCUSSION**

### A. Complexity of Tasks

#### 1. Receiver

The Court finds that the tasks performed by the Receiver during the Application Period were moderately complex.  The Receiver undertook the following tasks during the relevant period:

- handling general administrative issues, including reviewing mail, email,

4

- and other correspondence directed at the Receivership Entities;
- administering the bank accounts of the Receivership Entities;
- reviewing and approving expenditures;
- maintaining and updating the Receiver's website with case information, documents, and filing inquiries;
- preparing Receiver's Twenty-Ninth interim report (ECF No. 1748);
- managing and overseeing the GPs' operations and real properties;
- managing and overseeing Western's operations;
- performing the accounting functions of the Receivership Entities;
- managing and overseeing tax reporting for Receivership Entities;
- managing and overseeing GP operational bills, loan payments, and cash management;
- obtaining listing agreements and marketing properties for sale with brokers;
- analyzing, negotiating, and accepting purchase offers;
- conducting investor votes;
- closing property sales;
- sending monthly case update reports to investors listing major legal filings, property sales activity, court rulings, tax, and other information;
- listing and responding to sales activity on the various properties;
- filing motions to sell properties;
- responding to investor inquiries about their distributions; and
- sending updated distributions to investors.

ECF No. 1758 at 3–4.

### 2. Allen Matkins

The Court finds that the tasks performed by Allen Matkins during the Twenty-Fifth Application Period were somewhat complex. Counsel undertook the following tasks during this period:

- addressing a notice from the San Diego County Probation Department that WFP Receivership had potentially been the victim of an identity theft-related crime;
- preparing the Receiver's Twenty-Ninth interim report (ECF No. 1748);
- sales of receivership properties including the Yuma properties and Washoe III via the Modified Orderly Sale Process;

5

3:12-cv-2164-GPC-JMA

- addressing unique issues with investor distributions, preparing monthly case updates to investors, and responding to several direct inquiries from investors or their counsel regarding distributions;
- advising the Receiver regarding the order granting the motion to close the post-judgment receivership and communicated with the post-judgment receiver regarding disbursement of the remaining funds to the Receiver
- assisting the Receiver in preparing his Twenty-Eighth Interim Fee (ECF No. 1743).

ECF No. 1759 at 3-4.

### 3. Duffy

The Court finds that the tasks performed by Duffy during the Application Period were somewhat complex. Accountants undertook the following tasks during this period:

- engaging in communication and meetings with the Receiver with respect to the receivership, including time spent in response to a Franchise Tax Board Notice that was received for Western;
- preparing 2018 Form 1096 and 1099s for the Receivership entities by verifying accounting fees, inputting of the 2018 Form 1099 amounts and verifying all other informational data included on the form, such as names, addresses, and ID numbers for the receivership entities, reviewing 1099 recipient's names, addresses, and ID numbers; and electronic filing of the 1099s for the receivership entities
- preparing 2018 income tax returns for Western, WFP Receivership by processing the initial receipt of the Western books and records, formatting and organizing the files with the current year data, verifying cash receipts and disbursements for the year and scanning detail for reporting accuracy and consistency, checking balance sheet account balances variances compared to prior year, and reviewing input sheets of information entered into Lacerte;
- manager level review and verification of reporting accuracy, formatting, and adherence to current federal and state corporate tax laws;

- staff and manager communication as needed to answer return discrepancies or additional information needed to complete the tax return;
- partner level review and verification of reporting accuracy, formatting, and adherence to current federal and state corporate tax laws;
- finalizing of tax return and accompanying letters and schedules;
- printing tax return copies for each of the receivership entities and for government filing;
- electronic filing of the 2018 corporate returns;
- printing acceptance letters for the tax files to verify successful submittal and receipt by government agencies.

ECF No. 1760 at 3-5.

### B. Fair Value of Time, Labor, and Skill

The Receiver billed his time at $247.50 per hour and the time of those working for him at $180.00 per hour, resulting in a blended rate of $188.47 per hour during the Twenty Fifth Application Period. ECF No. 1758 at 5-6. Allen Matkins billed its time at $256.50 – $517.50 per hour. ECF No. 1759-1, Ex. A. Duffy Kruspodin billed its time at an hourly rate of $70 to $400 per hour resulting in a blended rate of $264.33 per hour. ECF No. 1760-2 at 2, Ex. B. Furthermore, Duffy applied a 10% discount to the blended rate resulting in a blended rate of $237.90 per hour. *Id.*

The Court continues to find, as it has in previous fee orders, that the rates charged by the Receiver, Allen Matkins, and Duffy Kruspodin are comparable to rates charged in this geographic area and therefore represent a fair value of the time, labor, and skill provided.

### C. Quality of Work Performed

The Court finds that the quality of work performed by the Receiver, Allen Matkins, Duffy Kruspodin, and Holley Diggs to be above average. The Receiver has, and continues to, competently operate the Receivership as evidenced by

Receiver's Twenty-Ninth Interim Report, ECF No. 1748, while at the same time marshalling assets to support its continued financial integrity. These actions benefit all investors. The Receiver and his counsel have complied with the Court's orders and have made every effort to protect investors' interests in the GP properties during the pendency of this litigation.

The Court finds the quality of work performed by Duffy to be satisfactory. The Court has received no complaint that Duffy's tax preparation activities have been deficient.

### D. Receivership Estate's Ability to Bear Burden of Fees

On August 30, 2016, the Court approved the Receiver's Modified Orderly Sale Process, ECF No. 1359, and the use of the One Pot approach to distribute receivership assets, ECF No. 1304 at 31. These actions were taken for the dual purpose of increasing the value of the receivership estate by selling GP properties and lowering administrative costs. *Id.* at 30.

Allen Matkins indicates that the receivership, as of December 31, 2019, held approximately $3.48 million in cash. ECF No. 1759 at 7. The Court finds that the Receivership estate has sufficient ability to bear the instant fee requests.

### E. Commission's Opposition or Acquiescence

While the Commission does not expressly approve of the fee applications as reasonable, the Receiver represents that the Commission has expressed its non-opposition to the fee applications. ECF No. 1759 at 7. The Court will accept this representation. Considering the above five factors together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006WL 3085616, at *2-3, the Court awards fees and expenses as follows:

### IV. CONCLUSION

Considering the above five factors taken together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006 WL 3085616, at *2–3, the Court awards fees and costs as set forth in the

following table:

| Applicant | Fees Allowed | % of Fees Incurred[1] | Costs Allowed | % of Costs Requested |
|---|---|---|---|---|
| Receiver | $14,445.00 | 80% | $263.12 | 100% |
| Allen Matkins | $3,257.00 | 80% | $171.38 | 100% |
| Duffey | $10,515.24 | 100% | - | - |

## V.   ORDER

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Receiver's Thirtieth Interim Fee Application, ECF No. 1758, is **GRANTED**;
2. Allen Matkins' Thirtieth Interim Fee Application, ECF No. 1759, is **GRANTED**.
3. Duffy's Eleventh Interim Fee Application, ECF No. 1760, is **GRANTED**.

**IT IS SO ORDERED**.

Dated:  June 2, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court includes the percentage of fees *incurred* rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees.