UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION dba Western Financial Planning Corporation,<br><br>Defendant. | Case No.: 3:12-cv-2164-GPC-JMA<br><br>**ORDER GRANTING**<br>**(1) RECEIVER'S THIRTY-SECOND INTERIM FEE APPLICATION; AND**<br>**[ECF No. 1786]**<br><br>**(2) ALLEN MATKINS' THIRTY-SECOND INTERIM FEE APPLICATION**<br>**[ECF No. 1787]** |

Before the Court are fee applications filed by the court-appointed receiver Thomas C. Hebrank (the "Receiver") and counsel to the Receiver, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"). ECF Nos. 1786, 1787. No oppositions have been filed. The Court finds these motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1).

I.  **BACKGROUND**

A.  **Receiver**

In the Thirty-Second Fee Application, the Receiver asserts that he incurred $17,244.00 in fees and $87.30 in costs for the application period covering April 1, 2020

through June 30, 2020 ("Application Period"). ECF No. 1786 at 2. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| General Receivership | $272.25 |
| Asset Investigation & Recovery | $0.00 |
| Reporting | $1,383.75 |
| Operations & Asset Sales | $15,588.00 |
| Claims & Distributions | $0.00 |
| Legal Matters & Pending Litigation | $0.00 |
| Total | $17,244.00 |

*Id.* at 3–4. Receiver now seeks payment of 80% of fees incurred, amounting to $13,795.20, and 100% of the costs, which account for postage and copies. ECF No. 1786-3, Ex. C.

### B. Allen Matkins

In the Thirty-Second Interim Fee Application, Allen Matkins asserts that it incurred $18,934.20 in fees during the Application Period. ECF No. 1787 at 2. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| General Receivership | $0.00 |
| Reporting | $1,035.00 |
| Operations & Asset Sales | $16,243.20 |
| Claims & Distributions | $517.50 |
| Employment/Fees | $1,138.50 |
| Total | $18,934.20 |

*Id.* Allen Matkins now seeks payment of 80% of the fees incurred, amounting to

$15,147.36.  ECF No. 1773-1, Ex. A.

## C. LEGAL STANDARD

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation." *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934).  A receiver's fees must be reasonable.  *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992).

As set forth in the Court's prior fee orders, *see, e.g.*, ECF No. 1782, the Court will assess the reasonableness of the requested fees using the factors enumerated in *Sec. & Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006).  Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence.  *See Fifth Avenue Coach Lines*, 364 F. Supp. at 1222; *Alpha Telecom*, 2006 WL 3085616, at *2–3.

## II. DISCUSSION

### A. Complexity of Tasks

#### 1. Receiver

The Court finds that the tasks performed by the Receiver during the Application Period were moderately complex.  The Receiver undertook the following tasks during the relevant period:

- handling general administrative issues, including reviewing mail, email, and other correspondence directed at the Receivership Entities;
- administering the bank accounts of the Receivership Entities;

- reviewing and approving expenditures;
- maintaining and updating the Receiver's website with case information, documents, and filing inquiries;
- preparing Receiver's Thirty-First Interim Report (ECF No. 1762);
- managing and overseeing the GPs' operations and real properties;
- managing and overseeing Western's operations;
- performing the accounting functions of the Receivership Entities;
- managing and overseeing tax reporting for Receivership Entities;
- managing and overseeing GP operational bills, loan payments, and cash management;
- obtaining listing agreements and marketing properties for sale with brokers;
- analyzing, negotiating, and accepting purchase offers;
- conducting investor votes;
- closing property sales;
- sending monthly case update reports to investors listing major legal filings, property sales activity, court rulings, tax, and other information;
- listing and responding to sales activity on the various properties; and
- producing pending sales and finalizing the closing of various properties.

ECF No. 1786 at 3–4.

### 2. Allen Matkins

The Court finds that the tasks performed by Allen Matkins during the Application Period were somewhat complex. Counsel undertook the following tasks during this period:

- preparing the Receiver's Thirty-First Interim Report (ECF No. 1762);
- sales of receivership properties including the Santa Fe, Dayton III, and Washoe III properties, as well as the two-acre portion of the Minden property, via the Modified Orderly Sale Process;
- addressing unique issues with investor distributions, preparing monthly case updates to investors, and responding to several direct inquiries from investors or their counsel regarding distributions;
- assisting the Receiver in preparing his Thirtieth Interim Fee Application (ECF No. 1758) and assisting Duffy in preparing its Eleventh Fee Application (ECF No. 1760).

ECF No. 1787 at 3.

### B. Fair Value of Time, Labor, and Skill

The Receiver billed his time at $247.50 per hour and the time of those working for him at $180.00 per hour, resulting in a blended rate of $191.39 per hour during the Application Period. ECF No. 1786 at 3–4, 6. Allen Matkins billed its time at $360.00 – $517.50 per hour. ECF No. 1773-1, Ex. A.

The Court continues to find, as it has in previous fee orders, that the rates charged by the Receiver and Allen Matkins are comparable to rates charged in this geographic area and therefore represent a fair value of the time, labor, and skill provided.

### C. Quality of Work Performed

The Court finds that the quality of work performed by the Receiver and Allen Matkins to be above average. The Receiver has, and continues to, competently operate the Receivership as evidenced by Receiver's Thirty-Second Interim Report, ECF No. 1785, while at the same time marshalling assets to support its continued financial integrity. These actions benefit all investors. The Receiver and his counsel have complied with the Court's orders and have made every effort to protect investors' interests in the GP properties during the pendency of this litigation.

### D. Receivership Estate's Ability to Bear Burden of Fees

On August 30, 2016, the Court approved the Receiver's Modified Orderly Sale Process, ECF No. 1359, and the use of the One Pot approach to distribute receivership assets, ECF No. 1304 at 31. These actions were taken for the dual purpose of increasing the value of the receivership estate by selling GP properties and lowering administrative costs. *Id.* at 30.

The Receiver indicates that the receivership, as of the second quarter, held approximately $3.5 million in cash. ECF No. 1786 at 6. The Court finds that the Receivership estate has sufficient ability to bear the instant fee requests.

### E. Commission's Opposition or Acquiescence

While the Commission does not expressly approve of the fee applications as reasonable, the Receiver represents that the Commission has expressed its non-

opposition to the fee applications. ECF No. 1786 at 6–7. The Court will accept this representation.

### III. CONCLUSION

Considering the above five factors taken together, and considering that "[i]nterim fees are generally allowed at less than the full amount," *Alpha Telcom*, 2006 WL 3085616, at *2–3, the Court awards fees and costs as set forth in the following table:

| Applicant | Fees Allowed | % of Fees Incurred[1] | Costs Allowed | % of Costs Requested |
|---|---|---|---|---|
| Receiver | $13,795.20 | 80% | $87.30 | 100% |
| Allen Matkins | $15,147.36 | 80% | $0.00 | 100% |

### IV. ORDER

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Receiver's Thirty-Second Interim Fee Application, ECF No. 1786, is **GRANTED**;
2. Allen Matkins' Thirty-Second Interim Fee Application, ECF No. 1787, is **GRANTED**.

**IT IS SO ORDERED**.

Dated: December 14, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court includes the percentage of fees *incurred* rather than a percentage of the fees requested, given that the Receiver and Allen Matkins request only a percentage of their actual fees.