ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO (BAR NO. 124334)
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
EDWARD G. FATES (BAR NO. 227809)
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: tfates@allenmatkins.com

Attorneys for Receiver
THOMAS C. HEBRANK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION d/b/a WESTERN FINANCIAL PLANNING CORPORATION,<br><br>    Defendants. | Case No. 3:12-cv-02164-GPC-JMA<br><br>**FINAL APPLICATION FOR APPROVAL OF PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP, COUNSEL TO RECEIVER**<br><br>Date:    October 1, 2021<br>Time:    1:30 p.m.<br>Ctrm.:   2D<br>Judge:   Hon. Gonzalo P. Curiel |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 5

II. FINAL APPLICATION PERIOD .................................................................... 6

III. SUMMARY OF TASKS PERFORMED AND COSTS INCURRED ......................................................................................................... 7

    A. Categories and Descriptions of Work ................................................. 7

        1. General Receivership ................................................................ 7

        2. Reporting .................................................................................... 7

        3. Operations and Asset Sales ....................................................... 8

        4. Claims and Distributions ........................................................... 8

        5. Employment/Fees ...................................................................... 8

    B. Summary of Expenses Requested for Reimbursement ...................... 8

IV. APPROVAL OF PRIOR INTERIM FEE APPLICATIONS AND PAYMENT OF HOLDBACKS ............................................................ 9

V. ESTIMATED FEES FOR REMAINING LEGAL WORK ........................ 10

VI. THE FEES AND COSTS ARE REASONABLE AND SHOULD BE ALLOWED .................................................................................. 11

VII. CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gaskill v. Gordon*,
  27 F.3d 248 (7th Cir. 1994) .................................................................................... 11

*SEC v. Elliot*,
  953 F.2d 1560 (11th Cir. 1992) ................................................................................ 11

Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), counsel for Thomas C. Hebrank ("Receiver"), Court-appointed receiver for First Financial Planning Corporation d/b/a Western Financial Planning Corporation ("Western"), and its subsidiaries and the General Partnerships listed in Schedule 1 to the Preliminary Injunction Order entered on March 13, 2013 (collectively, "Receivership Entities"), hereby submits this final application for approval of payment of fees and reimbursement of expenses ("Application"). This Application is filed concurrently with the Receiver's Motion to Conclude the Receivership ("Motion to Conclude") as well as the Receiver's fee application.

Allen Matkins seeks approval of the total fees and costs incurred by the firm for the receivership in the amount of $1,940,546.66, which includes the following:

- Approval and payment of fees and costs incurred during the five-month period from January 1, 2021, through May 31, 2021 ("Final Application Period") of $21,297.00 and $954.46;

- Final approval of the firm's thirty-four interim fee applications[1] and of the $1,502,667.50 ($1,471,904.21 of fees and $30,763.29 of expenses) previously paid in connection with those applications;

- Approval and payment of fees held back from Allen Matkins' thirty-four interim fee applications in the total amount of $385,627.70 ("Holdback Amount"); and

- Approval of estimated fees and costs of up to $30,000 for remaining legal work to conclude the receivership.

---

[1] Allen Matkins' thirty-four interim fee applications, along with bills reflecting the work perfo212rmed during each period can be found at Dkt. Nos. 64, 176, 198, 478, 526, 567, 601, 819, 962, 1092, 1097, 1127, 1154, 1328, 1330, 1386, 1434, 1465, 1490, 1522, 1559, 1597, 1620, 1654, 1691, 1710, 1732, 1744, 1751, 1759, 1773, 1787, 1793, and 1806 and are incorporated herein by this reference.

# I. INTRODUCTION

Allen Matkins has diligently assisted the Receiver in carrying out his Court-ordered duties. If the Motion to Conclude filed herewith and the fee applications are granted, the final distribution amount will be $4,287,535; as such, the Receiver will distribute a total of about $23.3 million to investors under the Distribution Plan approved by the Court, meaning investors with approved claims will recover about 17 cents for each dollar of their investment losses.

The Receiver, with Allen Matkins' assistance, has completed his Court-ordered duties, including securing, preserving and protecting the Receivership Entities' assets, completing a detailed forensic accounting of the sources and uses of funds of the Receivership Entities, completing sales of receivership real and personal property, pursuing claims against third parties to recover sums for the benefit of the receivership estate, completing a claims process, and making interim distributions to those with allowed claims.

The Receiver and Allen Matkins have filed detailed reports on activities on a quarterly basis throughout the case and have sought Court authority and approval of all sales of assets, pursuits of litigation, settlements of litigation, as well as all aspects of the investor claims process and distribution of receivership estate funds. The Receiver and Allen Matkins have also filed interim fee applications on a quarterly basis throughout the case, including a hold back of 20% of fees incurred from all but three applications;[2] all of the interim fee applications have been granted.

With respect to projected fees and costs for remaining work (including work performed since June 1, 2021 and to be performed through the close of the receivership), as reflected in the Motion to Conclude and as further laid out below,

---

[2] In connection with Allen Matkins' second, third, and fourth interim fee applications, the Court approved a payment of 70% of fees incurred, with a holdback of 30% for each of those applications.

the legal work necessary to conclude the receivership includes:  (1) assisting in preparing the Motion to Conclude (including responding to any opposition and attending the hearing, as necessary); (2) advising the Receiver regarding entry of a consent judgment with the Securities and Exchange Commission resolving the remaining claims against Western; (3) advising the Receiver on making administrative payments and final distributions to approved claimants and establishing a reserve for remaining administrative payments; (4) assisting the Receiver with his final accounting of reserve funds and declaration (to be filed after the completion of remaining tasks); (5) advising the Receiver on remaining tax issues and the final turnover of funds to United States Treasury; and (6) otherwise assisting the Receiver in the discharge of his remaining duties.

Accordingly, Allen Matkins requests approval of its total fees and costs for the receivership in the amount of $1,940,546.66, including final approval of the $1,502,667.50 ($1,471,904.21 of fees and $30,763.29 of expenses) previously paid to the firm on an interim basis, payment of fees and costs incurred during the Final Application Period of $21,297.00 and $954.46, payment of fees held back from its thirty-four interim fee applications of $385,627.70, and authorization for the Receiver to pay projected fees and costs to complete the legal tasks remaining to conclude the receivership of $30,000.

The Securities and Exchange Commission ("Commission") has reviewed this Application, along with the Receiver's fee application filed concurrently herewith. The Commission does not oppose the applications.

## II.   FINAL APPLICATION PERIOD

The fees incurred by Allen Matkins during the Final Application Period (a five-month period) total $21,297.00 in fees for a total of 43.40 hours worked.  The firm has provided its services in the following categories, as discussed in further detail below and as set forth task-by-task in Exhibit A:

| Category | Hours | Total |
|---|---|---|
| General Receivership | 1.80 | $931.50 |
| Reporting | 2.10 | $1,086.75 |
| Operations and Asset Sales | 30.70 | $14,724.75 |
| Claims and Distributions | 8.10 | $4,191.75 |
| Employment/Fees | 0.70 | $362.25 |
| Total Fees | 43.40 | $21,297.00 |

### III.  SUMMARY OF TASKS PERFORMED AND COSTS INCURRED

Allen Matkins has worked diligently and efficiently to assist the Receiver with important legal issues necessary to preserve and protect the substantial value of receivership estate assets and in carrying out her Court-ordered duties and therefore should be compensated for its work.  As reflected in the bills attached as Exhibit A, legal work performed by Allen Matkins' attorneys and staff during the Final Application Period did not overlap with or duplicate the Receiver's work. Exhibit A provides a detailed list of each and every charge, sorted by category of work, person executing the work, and task performed.

**A.  Categories and Descriptions of Work**

1.  General Receivership

This category includes time spent addressing issues relating to Defendant Louis Schooler's personal assets, as well as advising the Receiver regarding the steps/process for wrapping up the receivership.  The reasonable and necessary fees for work in this category total $931.50.

2.  Reporting

This category includes time spent preparing the Receiver's Thirty-Fourth Interim Report filed on February 23, 2021.  Dkt. No. 1799.  The report includes detailed updates regarding closed and pending sales of properties, and receipts and disbursements for the receivership estate.  The reasonable and necessary fees for work in this category total $1,086.75.

### 3. Operations and Asset Sales

Allen Matkins' time in this category focused on sales of receivership properties via the Modified Orderly Sale Process. During the Thirty-Third Application Period, this work focused on the Washoe III property, Western-Owned Dayton property, and 79-acre Minden property. The reasonable and necessary fees for Allen Matkins' work in this category total $14,724.75.

### 4. Claims and Distributions

Allen Matkins assisted with the initial work on the Receiver's motion to make a final distribution and conclude the receivership (which is filed concurrently herewith), as well as in preparing a monthly case update to investors. The reasonable and necessary fees for this work total $4,191.75.

### 5. Employment/Fees

Although fee applications are a necessary component of federal equity receiverships, neither the Receiver nor his professionals bill time for preparing their own detailed applications. Allen Matkins assisted the Receiver in preparing his Thirty-Third and Thirty-Fourth Interim Fee Applications, and in conferring with counsel for the Securities and Exchange Commission regarding the fee applications. The reasonable and necessary fees for this work total $362.25.

## B. Summary of Expenses Requested for Reimbursement

Allen Matkins requests the Court approve reimbursement of $954.46 in out-of-pocket costs. The costs are specifically broken down by category as follows:

| Category | Total |
|---|---|
| Messenger/FedEx Fees | $948.71 |
| Document Searches (incl. PACER, Lexis, Secretary of State) | $5.50 |
| Duplication/Postage/Facsimile | $0.25 |
| TOTAL | $ 954.46 |

## IV. APPROVAL OF PRIOR INTERIM FEE APPLICATIONS AND PAYMENT OF HOLDBACKS

Allen Matkins respectfully requests that the Court grant final approval of the firm's thirty-four interim fee applications and that the Receiver be authorized to pay the amounts held back from those thirty-four interim fee applications as follows:

| FEE APPLICATION | FEES INCURRED | INTERIM 80% PAYMENT[3] | 20% HOLDBACK |
|---|---|---|---|
| First | $31,969.35 | $25,575.48 | $6,393.87 |
| Second | $45,817.65 | $32,072.36 | $13,745.30 |
| Third | $50,899.50 | $35,629.65 | $15,269.85 |
| Fourth | $44,496.00 | $31,147.20 | $13,348.80 |
| Fifth | $73,707.75 | $58,966.20 | $14,741.55 |
| Sixth | $59,170.95 | $47,336.76 | $11,834.19 |
| Seventh | $51,765.30 | $41,412.24 | $10,353.06 |
| Eighth | $47,171.70 | $37,737.36 | $9,434.34 |
| Ninth | $86,642.55 | $69,314.04 | $17,328.51 |
| Tenth | $108,140.85 | $86,512.68 | $21,628.17 |
| Eleventh | $98,756.10 | $79,004.88 | $19,751.22 |
| Twelfth | $54,722.25 | $43,777.80 | $10,944.45 |
| Thirteenth | $35,397.00 | $28,317.60 | $7,079.40 |
| Fourteenth | $19,852.20 | $15,881.76 | $3,970.44 |
| Fifteenth | $100,615.05 | $80,492.04 | $20,123.01 |
| Sixteenth | $169,132.95 | $135,306.36 | $33,826.59 |
| Seventeenth | $99,325.35 | $79,460.28 | $19,865.07 |
| Eighteenth | $85,655.70 | $68,524.56 | $17,131.14 |
| Nineteenth | $81,124.20 | $64,899.36 | $16,224.84 |
| Twentieth | $82,392.30 | $65,913.84 | $16,478.46 |
| Twenty-First | $65,349.90 | $52,279.92 | $13,069.98 |
| Twenty-Second | $76,565.00 | $61,252.00 | $15,313.00 |
| Twenty-Third | $64,172.45 | $51,337.96 | $12,834.49 |

---

[3]  For Allen Matkins' second, third, and fourth interim fee applications, the interim payment amount approved by the Court was 70% of fees incurred and the holdback amount was 30% of fees incurred.

| FEE APPLICATION | FEES INCURRED | INTERIM 80% PAYMENT[3] | 20% HOLDBACK |
|---|---|---|---|
| Twenty-Fourth | $32,690.25 | $26,152.20 | $6,538.05 |
| Twenty-Fifth | $36,017.55 | $28,814.04 | $7,203.51 |
| Twenty-Sixth | $23,123.05 | $18,498.44 | $4,624.61 |
| Twenty-Seventh | $19,599.80 | $15,679.84 | $3,919.96 |
| Twenty-Eighth | $35,789.05 | $28,631.24 | $7,157.81 |
| Twenty-Ninth | $16,348.50 | $13,078.80 | $3,269.70 |
| Thirtieth | $4,083.75 | $3,267.00 | $816.75 |
| Thirty-First | $7,110.00 | $5,688.00 | $1,422.00 |
| Thirty-Second | $18,934.20 | $15,147.36 | $3,786.84 |
| Thirty-Third | $20,864.65 | $16,691.72 | $4,172.93 |
| Thirty-Fourth | $10,129.05 | $8,103.24 | $2,025.81 |
| TOTAL | $1,857,531.90 | $1,471,904.21 | $385,627.70 |

V.   **ESTIMATED FEES FOR REMAINING LEGAL WORK**

The projected fees for remaining legal work from June 1, 2021 forward that is necessary to close the receivership is as follows:

| Legal Work | Estimated Fees & Costs |
|---|---|
| Assist in preparing final report, motion to conclude the receivership, proposed final discharge order and related documents/exhibits, meet and confer with counsel for SEC, address any opposition to motion, attend hearing (if necessary) | $13,500 |
| Assist with issues relating to Receiver's consent to entry of judgment against Western, meet and confer with counsel for SEC | $3,000 |

| Legal Work | Estimated Fees & Costs |
|---|---|
| Assist with legal issues relating to investor distribution checks, inquiries from investors, uncashed checks and related issues | $3,500 |
| Assist with legal issues relating to closing of remaining receivership entities, destruction of records, and preparation of final tax returns | $5,500 |
| Assist with preparing final declaration of Receiver regarding completion of closing tasks and request for entry of final discharge order | $4,500 |
| Total | $30,000 |

Accordingly, Allen Matkins requests that the Receiver be authorized to pay the actual fees and costs for legal work from June 1, 2021 forward to close the receivership up to a total of $30,000.

## VI.   THE FEES AND COSTS ARE REASONABLE AND SHOULD BE ALLOWED

"As a general rule, the expenses and fees of a receivership are a charge upon the property administered." *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994). These expenses include the fees and expenses of the Receiver and her professionals, including Allen Matkins. Decisions regarding the timing and amount of an award of fees and costs are committed to the sound discretion of the Court. *See SEC v. Elliot*, 953 F.2d 1560, 1577 (11th Cir. 1992) (rev'd in part on other grounds, 998 F.2d 922 (11th Cir. 1993)).

In its Order Granting in Part First Interim Fee Applications ("First Fee Order"), the Court analyzed the case law regarding approval of interim fee applications in regulatory receiverships and determined the following factors should be considered: (1) the complexity of the receiver's tasks; (2) the fair value of

the time, labor, and skill measured by conservative business standards; (3) the quality of work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence. Dkt. No. 169, p. 7.

Throughout the receivership, the Court has consistently held that these factors have been satisfied in approving all interim fee applications. The Receiver, with Allen Matkins' assistance, has efficiently managed the assets of the receivership estate through challenging circumstances, preserved the value of those assets, and, when authorized by the Court to do so, conducted an orderly and efficient sale process, including giving appropriate notices and opportunities for investors to weigh in or even participate in sales of properties. These efforts have resulted in a total of approximately $23.3 million being distributed to investors with allowed claims, a sum that is considerably more than what was projected when the Court authorized the Receiver to begin selling properties.

Throughout the receivership, Allen Matkins has endeavored to staff matters as efficiently as possible while remaining cognizant of the complexity of issues presented. All of Allen Matkins' requests for fees have been based on the firm's customary billing rates charged for comparable services provided in other matters, less a 10% discount. Allen Matkins further agreed during the case to freeze its hourly rates, providing a substantial savings to the estate. In addition, over the course of the receivership, Allen Matkins has written off $65,263.35 in fees and $8,395.29 in costs in recognition of the need to conserve receivership assets.

The work performed by Allen Matkins throughout the receivership was essential to carrying out the Receiver's Court-ordered duties. The Receiver and Allen Matkins have worked diligently since the Receiver's appointment to preserve and protect the assets of the receivership estate, to investigate and pursue claims where appropriate, to efficiently market and sell properties through licensed brokers, and to maximize the funds available for ultimate distribution to investors.

## VII.  CONCLUSION

Allen Matkins therefore respectfully requests this Court enter an Order:

1. Approving the firm's total fees and costs for the receivership in the amount of $1,940,546.66, including:

   a. Approval and authority to pay fees of $21,297.00 and costs of $954.46 for the Final Application Period;

   b. Approval, on a final basis, of the $1,502,667.50 ($1,471,904.21 of fees and $30,763.29 of expenses) paid to Allen Matkins pursuant to its thirteen interim fee applications;

   c. Approval and authority to pay fees held back from Allen Matkins' thirteen interim fee applications in the amount of $385,627.70;

   d. Approval and authority to pay projected fees and costs from the reserve in the amount of up to $30,000 to complete the legal tasks remaining to conclude the receivership; and

2. Granting such other and further relief as the Court deems appropriate.

Dated:  July 19, 2021

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:   */s/ Edward Fates*
EDWARD G. FATES
Attorneys for Receiver
THOMAS C. HEBRANK