UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LOUIS V. SCHOOLER and FIRST FINANCIAL PLANNING CORPORATION dba Western Financial Planning Corporation,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:12-cv-2164-GPC-JMA<br><br>**ORDER GRANTING:**<br><br>**(1) RECEIVER'S FINAL FEE APPLICATION;**<br>**[ECF No. 1811]**<br><br>**(2) ALLEN MATKINS' FINAL FEE APPLICATION; AND**<br>**[ECF No. 1812]**<br><br>**(3) DUFFY KRUSPODIN, LLP'S FINAL FEE APPLICATION**<br>**[ECF No. 1813]** |

    Before the Court are fee applications filed by the court-appointed receiver Thomas C. Hebrank (the "Receiver"), counsel to the Receiver, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), and tax accountant to Receiver, Duffy, Kruspodin, LLP.  ECF Nos. 1811, 1812, 1813.  No oppositions have been filed.  The Court finds these motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1) and VACATES the hearing on this matter.

I. **BACKGROUND**

A. **Receiver**

In the Final Fee Application, the Receiver asserts that he incurred $30,659.85 in fees and $100.29 in costs for the application period covering January 1, 2021 through May 31, 2021 ("Application Period"). ECF No. 1811 at 3. The breakdown of the fees amassed is as follows:

| Category | Total |
|---|---|
| General Receivership | $1,046.25 |
| Asset Investigation & Recovery | $0.00 |
| Reporting | $2,540.70 |
| Operations & Asset Sales | $27,029.90 |
| Claims & Distributions | $0.00 |
| Legal Matters & Pending Litigation | $0.00 |
| Total | $30,659.85 |

*Id.* at 4-6. Receiver now seeks payment of 100% of fees incurred, amounting to $30,659, and 100% of the costs, amounting to $100.23, which account for postage and copies. ECF No. 1811-3, Ex. C.

In addition to the fees and costs incurred by Receiver in the Application Period, Receiver also seeks final approval of the fees and costs incurred in the thirty-four interim fee applications for work performed throughout the duration of this case. ECF No. 1811 at 3.[1] The total amount across all thirty-four interim fee applications amounts to $1,997,247.88 ($1,966,257.99 of fees and $30,989.39 of costs), which was previously paid to the Receiver. *Id.* Finally, Receiver seeks approval of and payment of the fees held back from the thirty-four interim fee applications and payments, in the total amount

---

[1] *See* ECF No. 1811 at 3, n.1 for the list of ECF references for all thirty-four fee applications submitted by Receiver.

of $487,976.31, along with estimated fees and costs up to $128,273.00 for the final work to conclude the Receivership. *Id.*

### B.  Allen Matkins (Counsel for Receiver)

In the Final Fee Application, Allen Matkins asserts that it incurred $21,297.00 in fees and $954.46 in costs during the Application Period. ECF No. 1812 at 4. The breakdown of the fees amassed is as follows:

| Category | Total |
| --- | --- |
| General Receivership | $931.50 |
| Reporting | $1,086.75 |
| Operations & Asset Sales | $14,274.75 |
| Claims & Distributions | $4,191.75 |
| Employment/Fees | $362.25 |
| Total | $21,297.00 |

*Id.* at 7.  Allen Matkins now seeks payment of 100% of the fees incurred, amounting to $21,297.00, and 100% of the firm's $954.64 in costs, which account for copies and messenger services. ECF No. 1812 at 8.

Allen Matkins also seeks final approval of the thirty-four interim fee applications submitted for work performed through the duration of this case, as well as payment of the total funds held back[2] over the course of those thirty-four interim applications. *Id.* at 9. The total amount of fees incurred is $1,857,531.90, of which $385,627.70 was held back. *Id.* at 10. Finally, Allen Matkins seeks approval for the projected fees for remaining legal work from June 1, 2021 forward to the close of the Receivership. *Id.* The estimated amount is up to $30,000. *Id.* at 10-11.

---

[2] For Allen Matkins' second, third, and fourth interim fee applications, the interim payment approved by the Court was 70% of fees incurred and the holdback amount was 30% of fees incurred. ECF No. 1812 at 9 & n.3.

     **C.**     **Duffy, Kuspodin, LLP (Tax Accountant for Receiver)**

In the Final Fee Application, Duffy, Kuspodin asserts that it incurred $8,666.30 in fees during the Application Period. ECF No. 1813 at 2-3. During the Application Period, Duffy prepared 2019 and 2020 Income Tax Returns for Western and prepared 2019 and 2020 Income Tax Returns for the WFP Receivership. *Id.* at 3.[3]

Duffy also seeks final approval of its eleven prior interim fee applications. *Id.* at 2. The total amount incurred by Duffy during the Receivership across the interim fee applications and the final fee application is $910,926.87 in fees and $71,693.30 in expenses. *Id.* Finally, Duffy seeks approval of the estimated fees and costs it will incur for the remaining tax work as the Receiver concludes the Receivership, which they project is up to $19,250. *Id.*

     **D.**     **LEGAL STANDARD**

"[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation." *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992). "The court appointing [a] receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Exploration Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). A receiver's fees must be reasonable. *See In re San Vicente Med. Partners Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992). And the court which appoints a receiver has a duty to "protect his right to be paid for his services, to be reimbursed for his proper costs and expenses." *Elliot*, F.2d at 1576. The court, sitting in equity may draw those fees and expenses from the sale of properties related to the Receivership. *Id.* In other words, it is proper to pay the Receiver appropriate compensation, and those funds may be deducted from the total value of the Receivership.

As set forth in the Court's prior fee orders, *see, e.g.*, ECF No. 1810, the Court will

---

[3] For a more detailed accounting of the tasks involved in preparing these tax returns, *see* ECF No. 1813 at 3-6.

assess the reasonableness of the requested fees using the factors enumerated in *Sec. & Exch. Comm'n v. Fifth Avenue Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) and *In re Alpha Telcom, Inc.*, 2006 WL 3085616, at *2–3 (D. Or. Oct. 27, 2006). Those factors include: (1) the complexity of the receiver's tasks; (2) the fair value of the receiver's time, labor, and skill measured by conservative business standards; (3) the quality of the work performed, including the results obtained and the benefit to the receivership estate; (4) the burden the receivership estate may safely be able to bear; and (5) the Commission's opposition or acquiescence. *See Fifth Avenue Coach Lines*, 364 F. Supp. at 1222; *Alpha Telecom*, 2006 WL 3085616, at *2–3.

## II.  DISCUSSION

### A. Complexity of Tasks

#### 1. Receiver

The Court finds that the tasks performed by the Receiver during the Application Period were moderately complex. The Receiver undertook the following tasks during the relevant period:

- handling general administrative matters, including reviewing mail, email, and other correspondence directed at the Receivership Entities;
- administering the bank accounts of the Receivership Entities;
- reviewing and approving expenditures;
- maintaining and updating the Receiver's website with case information, documents, and filing inquiries;
- preparing Receiver's Thirty-Fourth Interim Report (ECF No. 1805);
- managing and overseeing the GPs' operations and real properties;
- managing and overseeing Western's operations;
- performing the accounting functions of the Receivership Entities;
- managing and overseeing tax reporting for Receivership Entities;
- managing and overseeing GP operational bills, loan payments, and cash management;
- obtaining listing agreements and marketing properties for sale with brokers;
- analyzing, negotiating, and accepting purchase offers;
- conducting investor votes;

- closing property sales;
- sending monthly case update reports to investors listing major legal filings, property sales activity, court rulings, tax, and other information;
- listing and responding to sales activity on the various properties; and
- producing pending sales and finalizing the closing of various properties.

ECF No. 1811 at 3–4.

### 2. Allen Matkins

The Court finds that the tasks performed by Allen Matkins during the Application Period were moderately complex. Counsel undertook the following tasks during this period:

- preparing the Receiver's Thirty-Fourth Interim Report (ECF No. 1799);
- sales of receivership properties including the Washoe III property, Western-Owned Dayton property, and 79-acre Minden property.
- addressing unique issues with investor distributions, preparing monthly case updates to investors, and responding to several direct inquiries from investors or their counsel regarding distributions;
- assisting with the initial work on the Receiver's motion to make a final distribution and conclude the receivership (ECF No. 1815).
- assisting the Receiver in preparing his Thirty-Fourth Interim Fee Application and Final Fee Application (ECF Nos. 1805, 1811).

ECF No. 1812 at 7-8.

### 3. Duffy Kuspodin

The Court finds that the tasks performed by Duffy Kuspodin during the Application Period were moderately complex. Duffy undertook the following tasks during this period:

- preparing the 2019 and 2020 income tax returns for Western
- preparing the 2019 and 2020 income tax returns for WFP Receivership

ECF No. 1813 at 3-6.

## B. Fair Value of Time, Labor, and Skill

The Receiver billed his time at $337.50 per hour and the time of those working for him at $297.00 per hour and $265.50 per hour. ECF No. 1811 at 4-5. Allen Matkins billed its time at $409.50 – $517.50 per hour. ECF No. 1812-1. Duffy Kuspodin billed

its time at a rate of between $70 and $400 per hour, with an average hourly rate of $187.98, and a blended hourly rate of $218.85. ECF No. 1813 at 5, 7, 8.

The Court continues to find, as it has in previous fee orders, that the rates charged by the Receiver, Allen Matkins, and Duffy Kuspodin are comparable to rates charged in this geographic area and therefore represent a fair value of the time, labor, and skill provided.

### C. Quality of Work Performed

The Court finds that the quality of work performed by the Receiver, Allen Matkins, and Duffy Kuspodin to be above average. The Receiver has, and continues to, competently operate the Receivership as evidenced by Receiver's Final Fee Application, ECF No. 1811, while at the same time marshalling assets to support its continued financial integrity. These actions benefit all investors. The Receiver and his counsel have complied with the Court's orders and have made every effort to protect investors' interests in the GP properties during the pendency of this litigation. The work completed by Allen Matkins and Duffy Kuspodin supported the Receiver's conducting of all tasks during the Application Period, and throughout the Receivership, as evidenced by the work described in their final fee applications, ECF Nos. 1812, 1813.

### D. Receivership Estate's Ability to Bear Burden of Fees

On August 30, 2016, the Court approved the Receiver's Modified Orderly Sale Process, ECF No. 1359, and the use of the One Pot approach to distribute Receivership assets, ECF No. 1304 at 31. These actions were taken for the dual purpose of increasing the value of the Receivership Estate by selling GP properties and lowering administrative costs. *Id.* at 30.

The Receiver indicates that the Receivership held approximately $5.5 million in cash. ECF No. 1815-1 at 10. The Court therefore finds that the Receivership Estate has sufficient ability to bear the instant fee requests.

### E. Commission's Opposition or Acquiescence

While the Commission does not expressly approve of the fee applications as

reasonable, the Receiver represents that counsel for the Commission has expressed its non-opposition to the fees and costs described in the fee applications. ECF No. 1811 at 8. The Court will accept this representation.

### III. CONCLUSION

Considering the above five factors taken together, the Court awards fees and costs as set forth in the following table:

| Applicant | Fees Allowed | % of Fees Incurred | Costs Allowed | % of Costs Requested |
|---|---|---|---|---|
| Receiver | $30,659.85 | 100% | $100.23 | 100% |
| Allen Matkins | $21,297.00 | 100% | $954.46 | 100% |
| Duffy Kuspodin | $8,666.30 | 100% | n/a | n/a |

### IV. ORDER

After a review of the parties' submissions, the record in this matter, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Receiver's Thirty-Fourth Interim Fee Application, ECF No. 1811, is **GRANTED**;
2. Allen Matkins' Thirty-Fourth Interim Fee Application, ECF No. 1812, is **GRANTED;**
3. Duffy Kuspodin's Final Fee Application, ECF No. 1813, is **GRANTED**;
4. The Court further **VACATES** the hearing on this matter.

**IT IS SO ORDERED**.

Dated: September 30, 2021

Hon. Gonzalo P. Curiel
United States District Judge